David M. Birka-White (State Bar No. 85721)
dbw@birka-white.com
BIRKA-WHITE LAW OFFICES
Steven T. Knuppel (State Bar No. 164710)
LAW OFFICES OF STEVEN T. KNUPPEL
178 E. Prospect Avenue
Danville, CA 94526
Telephone: (925) 362-9999
Facsimile:  (925) 362-9970

John D. Green (State Bar No. 121498)
jgreen@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, Suite 1700
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Individual and Representative
Plaintiffs STEVE R. ROJAS and ANDREA N. ROJAS,
on behalf of themselves and all others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE R. ROJAS and ANDREA N. ROJAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BOSCH SOLAR ENERGY CORPORATION; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.  3:18-cv-5841<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION** |

/ / /

/ / /

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 1 -

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

Plaintiffs STEVE R. ROJAS and ANDREA N. ROJAS ("Plaintiff" or "Rojas"), on behalf of themselves and all others similarly situated, allege as follows:

## I.    **INTRODUCTION**

1.    This case arises out of the manufacture and sale of photovoltaic modules ("Bosch Solar Panels") manufactured and marketed by Defendant BOSCH SOLAR ENERGY CORPORATION ("Defendant" or "Bosch"). This lawsuit applies to all solar photovoltaic panel models within the Bosch Solar Module c-Si M 60 NA30119 and additional similar models within other series.

2.    The specific dates during which the relevant panels were manufactured and marketed include, but are not limited to October 2011 through May 2018.

3.    The Bosch Solar Panels manufactured during time frame are defective and are the subject of a Product Safety Recall Notice (hereafter "Recall Notice") and pose a fire risk and safety hazard. A copy of the Recall Notice is attached hereto and marked as Exhibit "A".

4.    Plaintiffs also have insufficient information at this time to specify all series or models of panels falling within the class, because Plaintiffs lack full knowledge of the basis on which Bosch ascribed model numbers to particular panels. Once this information is ascertained, Plaintiffs will amend the complaint to assert the exact class period and the specific models and/or series of panels that constitute the class. Fundamentally, the Bosch Solar Panels that are the subject of this class action include all panels manufactured similarly to the panels that are the subject to the recall.

5.    A defect in a component of the Bosch Solar Panels causes the Bosch Solar Panels to progressively lose actual power output and to fail, resulting in power output degradation. This defect and power output degradation causes serious safety risks, including the risk of fire. The Bosch Solar Panels cannot be repaired. The Bosch Solar Panels must be removed and replaced.

6.    Bosch has long been aware of the defects alleged herein and has failed to adequately disclose said defect to purchasers before and after awareness of the defect.

7.    Plaintiffs seek recovery on behalf of themselves and all owners and users who purchased the Bosch Solar Panels or own or purchased properties on which the Bosch Solar

///

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 2 -

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1  Panels are installed (the "Class") for breach of express warranties, third party beneficiary breach

2  of express warranty and consumer protection and unfair business practice statutes.

3      **II.**     **PARTIES AND VENUE**

4      8.     Defendant Bosch is a corporation organized and existing under the laws of

5  Michigan and maintains its principal executive offices at 38000 Hills Tech Drive, Farmington,

6  Michigan.  Bosch's principal place of business in California is located at 4009 Miranda Avenue,

7  Palo Alto, California 94304.

8      9.     Plaintiff Steve R. Rojas resides at 29294 Juniper Avenue, Moreno Valley,

9  California.  On or about October 28, 2012, Plaintiff and his wife Andrea N. Rojas entered into a

10  Prepaid Solar Power Agreement with Kilowatt Systems, LLC ("KILOWATT") to acquire and use

11  forty-two (42) Bosch Solar Panels c-Si M 60 NA30119 at a cost of Twenty-Five Thousand Three

12  Hundred Thirty-Nine and 22/Dollars ($25,339.22).

13      10.     Plaintiffs are unaware of the true names and capacities of the Defendants sued

14  herein as DOES 1 through 20, and therefore sue these Defendants by such fictitious names.

15  Plaintiffs will amend this complaint to allege their true names and capacities when they are

16  ascertained.  Plaintiffs are informed and believe that each of the fictitiously named Defendants is

17  responsible in some manner for the occurrences herein alleged and that the damages suffered by

18  Plaintiffs and the Class, were proximately caused by their conduct.

19      11.     Plaintiffs are informed and believe that all Defendants, including the fictitious Doe

20  Defendants 1 through 20, were at all relevant times acting as actual or ostensible agents,

21  conspirators, partners, joint venturers or employees of all other Defendants and that all acts

22  alleged herein occurred within the course and scope of that agency, employment, partnership, or

23  enterprise, and with the express or implied permission, knowledge, consent, authorization and

24  ratification of their co-Defendants.

25      12.     This Court has jurisdiction over this action pursuant to the Class Action Fairness

26  Act, 28 U.S.C. § 1332(d), because this is a class action in which (1) there are at least 100 class

27  members in the proposed class; (2) the combined claims of the proposed class members exceed

28  Five Million and 00/100 Dollars ($5,000,000.00) exclusive of interest and costs; and (3) there is

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 3 -

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1   minimal diversity as Plaintiffs and certain members of the proposed class are citizens of the State

2   of California and Defendant is a citizen of Michigan.

3        13.    This Court has personal jurisdiction over Bosch pursuant to 28 U.S.C. §

4   1391(a)(1) because its principal place of business in California is located in Palo Alto.  Bosch has

5   purposefully availed itself of the privilege of conducting business activities in the State of

6   California by selling and warranting solar panels and has maintained systematic and continuous

7   business contacts within the State of California, thus rendering the exercise of jurisdiction by this

8   Court permissible under traditional notions of fair play and substantial justice.

9        14.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), (c)(2) & (d)

10  because Defendant's principal place of business is located in Palo Alto, California

11  **III.    FACTUAL ALLEGATIONS**

12        **A.    The Latent Defect in the Bosch Solar Panels and Its Effects**

13        15.    Bosch Solar Panels are installed on racks which are mounted on roofs or on racks

14  installed on the ground.

15        16.    The Bosch Solar Panels are connected together by electric cables to achieve a

16  desired output voltage.  The failure of a single Bosch Solar Panel will cause the panels connected

17  to it to reduce output or stop functioning, resulting in a substantial reduction of the capacity of the

18  Bosch Solar Panels to produce electricity.  The Bosch Solar Panels are defective and pose a

19  known safety hazard due to risk of fire.

20        17.    Because of the defect, all Bosch Solar Panels relevant to this litigation have failed

21  or will fail before the end of their expected useful life.

22        18.    There is no way to repair the defect in the Bosch Solar Panels and restore their

23  promised and warranted functionality.  The only means for addressing the failure of the Bosch

24  Solar Panels is to remove them and replace them with other solar panels.

25        19.    The defect in the Bosch Solar Panels is latent and not discoverable until the final

26  customer or end user becomes aware of the reduction in power.   Even when there is a

27  degradation in power output, substantial time can pass between the failure or loss of power and

28  discovery thereof.  When customers have made inquiries or warranty claims to Bosch, Bosch

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 4 -

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1    intentionally withheld information about the cause of the panel failure and loss of power from

2    Plaintiffs and class members.

3        20.    Bosch has ceased manufacturing the solar panels that are the subject of this

4    lawsuit.  Bosch maintains no inventory of comparable Bosch Solar Panels.

5        **B.    The Bosch Recall and Product Safety Recall Notice**

6        21.    On April 3, 2017, in conjunction with the United States Consumer Product Safety

7    Commission, Bosch Solar Services recalled approximately 28,000 solar panels "due to fire

8    hazard."

9        22.    The Bosch Product Safety Recall Notice reads as follows:

10        **"Why is Bosch Solar Services replacing the modules?**

11        Bosch observed that a small number of c-Si M 60 NA30119 modules

12        exhibited what appeared to be heat marks near some solder joints.  Bosch

13        then conducted a detailed technical review to determine the cause of the

14        marks.  Through this analysis, Bosch determined that where electrical

15        contacts to the solder had degraded, the resulting contact resistance could

16        result in heat.  If the heat were great enough, and if the mounting structure

17        or embedding material were flammable, Bosch determined that it was

18        theoretically possible for a fire to result.  Although no such fires have been

19        reported, Bosch commenced this recall to ensure the quality of its products

20        and the safety of its customers."

21        23.    The objectives of a recall are:

22            a.    to locate all defective products as quickly as possible;

23            b.    to remove defective products from the distribution chain and from

24                the possession of consumers; and

25            c.    to communicate accurate and understandable information in a

26                timely manner to the public about the product defect, the hazard,

27                and the corrective action. Companies should design all

28                informational material to motivate retailers and media to get the

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 5 -

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

word out and consumers to act on the recall." Recall Handbook
published by the Consumer Product Safety Commission (March
2012).

"A company that undertakes a recall should develop a comprehensive plan that reaches
throughout the entire distribution chain to consumers who have the product. The company must
design each communication to reach affected consumers, motivate people to respond to the recall
and take the action requested by the company." Recall Handbook published by the Consumer
Product Safety Commission (March 2012).

24.     The Bosch Solar Panel Safety Recall Notice failed in its essential purpose because
the so-called notice has failed to adequately reach the final customers and end users on whose
homes or property the defective panels are installed.

25.     As a result, a substantial portion of proposed class members, the owners and end
users of the Bosch Solar Panels have not received notice of the Product Safety Recall Notice.

26.     Bosch is aware that a substantial portion of the 28,000 recalled Bosch Solar Panels
have not been located or replaced.

27.     Bosch has failed to exercise reasonable care and diligence to ensure that the
Product Safety Recall Notice adequately reached its intended end user audience.

28.     Furthermore, Bosch has failed to design or implement an adequate replacement
protocol in that even after the recalled Bosch Solar Panels have been located and identified,
Bosch fails to replace the recalled panels. This occurs because Bosch failed to hire or secure an
adequate number of solar contractors to actually remove and replace the Bosch Solar Panels.

29.     In addition, Bosch refuses to pay end users for the inspection related costs to
determine if a person has the recalled Bosch Solar Panels. This imposes an unreasonable duty
upon the end user as a condition for securing the benefits of the recall and forces the end user to
incur substantial expense that should be paid by Bosch.

30.     Furthermore, Bosch has refused to pay owners or end users damages for loss of
power occasioned by the defective Bosch Solar Panels, namely the difference between the
promised power output and the actual deficient and degraded power output.

Burka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

C.    **The Bosch Warranty**

31.    The Bosch Express Warranty, in part, provides as follows:

"Bosch Solar Energy AG provides a product warranty (A) and a performance warranty (B). The product warranty covers the material and workmanship of the modules, whereas loss of performance (degradation) and minimum output of the modules are exclusively the object of the performance warranty. In Section C: Warranty Conditions the conditions are laid down for both warranties.

A:    **Product warranty**

Bosch Solar Energy AG (in the following "warranty provider") provides a warranty to the final customer (consumer) under the conditions stated herein for a period of ten years from the delivery date (ex works or warehouse) that the modules are free of defects in material and workmanship.

B:    **Performance warranty**

Bosch Solar Energy AG, Erfurt, provides an independent, voluntary warranty to the final customer for the solar modules distributed by it under the following conditions:

Bosch Solar Energy AG guarantees that the modules will

a)    Within a period of ten years from the date of delivery (ex works or warehouse) deliver at least 90% and

b)    Within a period of 25 years from the date of delivery (ex works or warehouse) deliver at least 80%

of the minimum performance declared in the data sheet (lower sorting limit of the respective power class less power measurement tolerance).

B:    **Warranty conditions**

1.    **General**

1.1    Warranties are granted only to the final customer. Warranties do not apply to distributors, and installation companies or second-hand purchasers of the modules. Final customers are all parties who have purchased modules for their own needs (not for the purpose of resale) or who have purchased a building on which the modules were first installed. The module must be a part of a solar system in which it was first operated. Warranties of Bosch Solar Energy AG shall not apply to modules which have been dismantled or re-installed, except for the purposes of repair, or have been used for another purpose.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

1.2    This warranty shall exist independent of legal warranty claims against the vendor of the modules and irrespective of non-contractual claims. Such claims shall be neither limited nor established by this warranty as far as there is no direct purchase contract with Bosch Solar Energy AG. This warranty is an independent, voluntary and complementary service provided by Bosch Solar Energy AG to the final customer. It does not affect the quality agreements between vendor and purchaser.

32.    Bosch issued a written warranty (the "Warranty") for the Bosch Solar Panels which states that: (1) the Bosch Solar Panels will be "free from defects in materials and workmanship" for ten (10) years (the "Product Warranty"); and (2) the Bosch Solar Panels will produce at least ninety percent (90%) of their minimum peak power output for a period of ten years and at least eighty percent (80%) for 25 years from the date of installation (the "Performance Warranty"). A copy of the Warranty is attached hereto and marked as Exhibit "B".

33.    The Warranty is enforceable by the final customer… or any subsequent owner of the location, or subsequent title holder of the product. While Plaintiffs entered into a Prepaid Solar Power Agreement with KILOWATT, the ostensible title holder of the Bosch Solar Panels, Plaintiffs are the original end user and final customer of the Bosch Solar Panels.

34.    In addition, the purpose of the recall is to locate and remove the product from the possession of consumers. Plaintiffs are in possession of the defective Bosch Solar Panels that are the subject of the recall, which remain installed on Plaintiffs' property.

35.    Plaintiffs are at risk that the "solar panels can overheat, posing a risk of fire." The recall is intended to benefit the Plaintiffs and is designed to eliminate the fire risk to Plaintiffs, and others similarly situated, and to re-install new properly operating panels.

36.    Furthermore, the Bosch Solar Panels have rapidly degraded and the power output is substantially below the 90% output which Bosch guarantees in the Warranty. The resulting degradation of the Performance Warranty has and continues to cause damage to Plaintiffs in that Plaintiffs are required to buy electricity equal to the difference between the actual power output and the 90% guaranteed power output.

37.    The Warranty provides that: (1) in the event of a breach of either Warranty, Bosch may repair or replace the defective modules or (2) repair or replace the Bosch Solar Panels or

Birka-White Law Offices
178 E  Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 8 -

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1   provide additional new or refurbished product to restore deficient output; or (3) refund the current

2   market value of the module.

3        38.    The Warranty purports to limit the rights and remedies of purchasers or end users of

4   the Bosch Solar Panels in the following particulars:

5            1.3    "Expenses for dismantling, testing, disposal, transportation,

6                   installation and re-installation of the modules or individual

7                   components of these modules within the scope of this voluntary

8                   warranty are to be borne by the final customer."

9            2.3    "The total scope of liability of Bosch Solar Energy AG shall be

10                  limited to the purchase price of the defective product.  The liability

11                  of Bosch Solar Energy AG does not cover indirect damage, loss of

12                  profits, consequential or indirect damage, any loss of electrical

13                  capacity and/or remuneration by an energy supply company."

14           3.1    "In the case of a warranty claim, Bosch Solar Energy AG shall, at

15                  its own discretion, replace the module with a new module of the

16                  same type, remedy the defects or refund the current market value

17                  of the module.  The current market value shall be derived from the

18                  purchase price less an annual linear depreciation based on an

19                  anticipated useful life of 25 years.  Should the type of module no

20                  longer be produced at the time of the warranty claim, Bosch Solar

21                  Energy AG shall be permitted to supply another type of solar

22                  module (difference size, shape, colour and/or capacity).  In this

23                  case, Bosch Solar Energy AG shall be entitled to demand the

24                  difference between the gross value of the replacement module and

25                  the current market value of the module to be replaced.  Modules

26                  thus replaced shall become the property of Bosch Solar Energy

27                  AG."

28   ///

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 9 -

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

4.3    "The final customer must also submit written proof that the module performance has fallen below the minimum guaranteed by Bost Solar Energy AG.  This evidence must be provided in the form of the certified test results of an accredited expert or institution (e.g. Fraunhofer Institute).  Module performance shall be measured by Bosch Solar Energy AG under standard test conditions (25 °C cell temperature, irradiation 1,000 W/m$^2$ and spectrum AM 1.5).

Output will be measured in each case at the ends of the pre-assembled connector on the rear of the module.  The final customer must maintain the standard test conditions while producing evidence that the performance has fallen below the guaranteed minimum performance.

Bosch Solar Energy AG reserves the right to verify the shortfall in performance.  If the test body commissioned by Bosch Solar Energy AG comes to the conclusion that the divergence is permissible or that no divergence exists, Bosch Solar Energy AG shall be entitled to claim a refund of the performance test costs."

4.4    "Claims arising from or in connection with this warranty must be filed in writing within the applicable warranty period as well as within three months of the occurrence of the event giving rise to the claim.  No consideration will be given to late complaints.  The determining factor for adherence to the deadline shall be timely receipt."

39.    Each of these purported limitations and exclusions and "warranty conditions" are unenforceable against Plaintiffs and the Class.  The Warranty conditions were not bargained for by Bosch and its customers but were imposed unilaterally by Bosch.  The Warranty conditions are

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1  unfair in that they are outside the reasonable expectations of the parties thereto, deny consumers an

2  effective remedy and purport to limit the rights of consumers in ways that are unenforceable under

3  relevant state and federal law including, without limitation, the Song-Beverly Consumer Warranty

4  Act and Magnuson-Moss Warranty Act.

5      40.     Similarly, the increased cost of electricity arising from the failure of the Bosch Solar

6  Panels could easily exceed the cost of the Bosch Solar Panels themselves.  The provision

7  purportedly eliminating the right to recover the cost of replacement electricity is especially unfair

8  in light of Bosch's prominent claim that installation of the Bosch Solar Panels will reduce or

9  eliminate electricity bills.

10     41.     Furthermore, contrary to the clear language of the "Performance Warranty,"

11 wherein Bosch promises and "guarantees" 90% power output for ten years and 80% for 15 years,

12 Bosch has and continues to refuse to pay for the costs to "conduct measurements" related to the

13 power output."

14     42.     The failure and refusal of Bosch to pay for the power output measurement, a

15 condition imposed by Bosch to qualify under its warranty, places a substantial and costly burden

16 on Plaintiffs and all potential class members and constitutes a breach of the express and implied

17 warranties.

18     43.     In addition, not only does Bosch refuse to pay the cost of measuring the power

19 output degradation of the product, Bosch also refuses to pay for the loss of power output as

20 guaranteed by the Performance Warranty.

21     44.     The provisions described above both individually and in combination, deprive

22 Plaintiffs and the Class of any effective remedy for breach of Bosch obligations to them.

23 **IV.     PLAINTIFF'S INDIVIDUAL ALLEGATIONS**

24     **A.     Rojas Facts**

25     45.     For many years, Plaintiffs Steve R. Rojas and Andrea N. Rojas had been interested

26 in solar power as a way to reduce their electric bills and to save money.  The Rojas contacted

27 Sullivan Solar Power ("SULLIVAN") to inquire about buying a solar system.  Hans Berg, a

28 representative of SULLIVAN, advised them the Bosch Solar Panels were of the highest quality.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 11 -

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1    Plaintiffs paid extra for what they were advised was a "premium" product and believed the Bosch

2    Solar Panels were made in Germany.  The Bosch Solar Panels were actually manufactured in

3    Korea, a fact not disclosed to Plaintiff.

4         46.    Plaintiffs were told by Hans Berg that the Bosch Solar Panels would last for at

5    least twenty (20) years.  Indeed, the advertised savings calculations for the Bosch Solar Panels

6    assumed 30 years and represented that the Bosch Solar Panels would all but eliminate their

7    electricity bill.

8         47.    As a result of statements made by Hans Berg, the Rojas formed the impressions

9    that: (1) the Bosch Solar Panels were safe and reliable; (2) the Bosch Solar Panels would last for

10    at least twenty (20) years; (3) the Bosch Solar Panels would produce between 80 and 90 percent

11    of their rated power for the years specified; (4) installation of the Bosch Solar Panels would

12    essentially eliminate their electric bills and increase the value of her home; and (5) the Bosch

13    Solar Panels had a good "track record" of performance.

14         48.    The Rojas relied on the representations and warranties alleged above.  If it were

15    not for these representations and warranties, the Rojas would not have purchased the Bosch Solar

16    Panels.  If SULLIVAN, Hans Berg, KILOWATT, Bosch or any other person had informed the

17    Rojas of the defect and safety risk, they would not have installed the Bosch Solar Panels at their

18    home as other panels were readily available.

19         49.    In October, 2012, the Rojas entered into a Prepaid Solar Power Agreement with

20    KILOWATT.  The total cost of the system was Twenty-Five Thousand Three Hundred Thirty-

21    Nine and 22/100 Dollars ($25,339.22).  The solar system consisted of forty-two (42) c-Si-M60

22    NA 30119 series Bosch Solar Panels and was installed by SULLIVAN.

23         50.    The Bosch Product Warranty applicable to the Rojas guaranteed that the Bosch

24    Solar Panels would be "free from defects in material and workmanship" for a period of ten (10)

25    years.  The Performance Warranty was a 10-year guarantee of ninety percent (90%) of the

26    original power output and a further 15-year warranty of eighty percent (80%) of the original

27    power output.

28    / / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

51.     In 2017, the Rojas learned that the panels installed in their solar system had been recalled by Bosch and were a fire risk.  As a result of the defect, for an unknown period of time, the power production of the panels on the Rojas's property was below the levels stated in the Power Warranty.

52.     All of the Bosch Solar Panels at Rojas's residence contain the same systemic and universal defect.  The defect creates a fire risk, which Bosch admits in the Recall Notice, as well as significant power output degradation.

53.     The fire risk resulted from a defect which constitutes a breach of the ten (10) years Defect Warranty.  The solar system installed on the Rojas's property was only five years old at the time of the recall.  Further, the inability of the Rojas's Bosch Solar Panels to produce the represented power levels also resulted in a breach of the Performance Warranty.  In 2017, the Rojas requested that Bosch replace the solar system pursuant to the Bosch Recall Notice.  Bosch has failed to do so despite numerous requests.

54.     The Rojas have also notified KILOWATT and SULLIVAN about the recall and have repeatedly requested their assistance to replace the recalled panels, to no avail.

55.     Notwithstanding the product recall, Bosch refuses to pay for the cost of inspection to confirm that the Bosch Solar Panels on the end user's home are, in fact, the Bosch Solar Panels that have been installed.

56.     In addition, Bosch has not explained in the Recall Notice why the recalled panels are limited to those manufactured between October 2011 and May 2013.  Plaintiffs suspect that the defective panels were manufactured over a longer period of time and involve more panels.

57.     Furthermore, the warranty limitations purport to require that the end user pay for sophisticated solar "testing" to prove power loss degradation even though the Bosch Solar Panels have been recalled.  This warranty limitation is unconscionable and unenforceable.  As a result, class members have or will be forced to pay the substantial cost of such testing and thereby have been further damaged in an amount to be proven at trial.  This limitation acts as an unreasonably duty upon the consumer as a condition of securing the remedy provided by the Warranty.

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 13 -

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1    V.    **CLASS ALLEGATIONS**

2        58.    The Class which Plaintiffs seek to represent in this action is composed of six (6)

3    Subclasses defined as follows.

4        a.    **Original Purchaser Consumer Subclass:**  All persons or entities in the United

5            States who purchased and installed Bosch Solar Panels, including end users on

6            whose property Bosch Solar Panels have been installed.

7        b.    **Original Purchaser Subclass:**  All persons or entities who purchased and

8            installed Bosch Solar Panels in California, including end users on whose property

9            Bosch Solar Panels have been installed.

10       c.    **Subsequent Title Holder Subclass:**  All persons who purchased private

11           residences, buildings, or ground mounted Bosch solar systems in the United States

12           on which the Bosch Solar Panels were originally installed.

13       d.    **Subsequent Title Holder Subclass:**  All persons who purchased private

14           residences, buildings, or ground mounted Bosch solar systems in California on

15           which the Bosch Solar Panels were originally installed.

16       59.    Excluded from the Class are Defendants, any entity in which any Defendant has a

17   controlling interest, and Defendants' legal representatives, heirs and successors, and any judge to

18   whom any aspect of this case is assigned, and any member of such a judge's immediate family.

19   Claims for personal injury are excluded from the claims of the Class.

20       60.    Plaintiffs reserve the right to modify or amend the Class definition, as appropriate.

21       61.    Among other things, individual and representative Plaintiffs bring this lawsuit as a

22   class action, on behalf of themselves and all others similarly situated, in part, pursuant to CCP §

23   382.

24       62.    Under CCP § 382 a class action is proper where the Class is ascertainable, there is

25   a well-defined community of interest among class members, the question is one of a common or

26   general interest or the parties are numerous and it is impracticable to bring them all before the

27   court.

28   / / /

Buka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

63.    Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis and because this case meets the requirements of and CCP § 382.

64.    **Numerosity.**  The members of the Class are so numerous that individual joinder of all the members is impracticable.  Plaintiffs are informed and believe, and thereon allege, that there are at least thousands of purchasers who have been damaged by the conduct alleged herein.

65.    **Commonality and Predominance.**  This action involves common questions of law and fact which predominate over any questions affecting individual class members including, without limitation, the following:

a.    Whether Defendant Bosch breached its express warranties to Plaintiffs and the Class;

b.    Whether Defendant Bosch breached its implied warranties to Plaintiffs and the Class;

c.    Whether Plaintiffs and the Class are entitled to compensatory damages, and the amount of such damages; and

d.    Whether Defendants should be declared financially responsible for the costs and expenses of removal and replacement of all Bosch Solar Panels as well as compensation for the lost energy generation capacity of the Bosch Solar Panels.

66.    **Typicality.**  Plaintiffs' claims are typical of the claims of the Class because Plaintiffs, like all members of the Class, have been damaged by Defendants' unlawful conduct, in that Plaintiffs will incur the cost of removing and replacing the defective Bosch Solar Panels, and have and will incur the increased costs of electricity resulting from the loss of electricity generation during the period between the failures and replacement.  The factual basis and causes of action for Plaintiffs' claims are common to all members of the Class and represent a common course of misconduct resulting in injury to all Class members.

67.    **Adequacy of Representation.**  Plaintiffs are an adequate representative of the Class because their interests do not conflict with the interests of the Class and they have retained counsel competent and experienced in complex class action litigation and who specializes in class

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1    actions involving defective construction products.   Plaintiffs intend to prosecute this action

2    vigorously and the interests of the Class will be fairly and adequately protected by Plaintiffs and

3    their counsel.

4        68.    **Superiority.**  A class action is superior to all other available means for the fair and

5    efficient adjudication of this controversy in that:

6        a.    The prosecution of separate actions by individual members of the Class would

7              create a foreseeable risk of inconsistent or varying adjudications which would

8              establish incompatible results and standards for Defendants;

9        b.    Adjudications with respect to individual members of the Class would, as a

10             practical matter, be dispositive of the interests of the other members not parties to

11             the individual adjudications or would substantially impair or impede their ability to

12             protect their own separate interests;

13       c.    Class action treatment avoids the waste and duplication inherent in potentially

14             thousands of individual actions, and conserves the resources of the courts; and

15       d.    The claims of individual class members are not large when compared to the cost

16             required to litigate such claims.  The individual Class members' claims are on

17             average approximately Twenty Thousand Dollars ($20,000.00) to Twenty-Five

18             Thousand Dollars ($25,000.00).  Given the high cost of litigation, it would be

19             impracticable for the members of the Class to seek individual redress for

20             Defendants' wrongful conduct.  The class action device provides the benefits of

21             single adjudication, economies of scale, and comprehensive supervision by a

22             single court.  The case presents no significant management difficulties which

23             outweigh these benefits.

24       e.    Furthermore, the Bosch Recall Notice plan is entirely inadequate and underfunded.

25             It therefore failed of its essential purpose to locate the defective panels.  Then,

26             after the Bosch Recall Notice was sent out, Bosch failed to put in place a

27             replacement program that would reasonably implement the recall.  As a result, the

28             recall was a sham and neither located, inspected or replaced the defective and

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1              dangerous panels which were the subject and purpose of the recall

2      f.     The Bosch Recall Notice, at the minimum defines a class of owners and end users

3            of at least 28,000 defective Bosch Solar Panels.

4   **VI.**   **DAMAGE**

5      69.    As a result of the facts alleged herein, Plaintiffs and the Class have been damaged

6 in an amount equal to the cost to remove and replace their solar systems and the difference in

7 value between the solar panels had they been as represented by Bosch and the value of the Bosch

8 Solar Panels as actually delivered by Bosch. In addition, Plaintiffs and the Class have been or

9 will be compelled to incur cost and expense to, *inter alia*, investigate the reasons for the failure of

10 their Bosch Sikar Panels, remove and replace the Bosch Solar Panels, and pay increased

11 electricity costs resulting from the loss of electricity generated by the Bosch Sikar Panels. These

12 amounts include sums necessary to repair damage to the roof which occurs because the mounts

13 for the Bosch Solar Panels must be removed, as well as the cost of building permits and the cost

14 to replace the inverters for the solar system.

15   **VII.**   **STATUTE OF LIMITATIONS ISSUES**

16      70.    The defect does not become apparent until a sufficient number of Bosch Solar

17 Panels have had a degradation of power or failed, resulting in a loss of power and significant

18 increase in utility bills. Even when such failures occur, it is difficult for members of the Class to

19 determine the actual cause of the failure. Accordingly, Plaintiffs did not and members of the

20 Class do not become aware of the misrepresentations and breaches of warranty alleged herein

21 until the defects in the Bosch Solar Panels become manifest and the property owner does

22 sufficient investigation to identify the source of the problem. Accordingly, the statute of

23 limitations for the claims asserted herein does not commence to run until some period of time

24 after the Bosch Solar Panels have failed.

25      71.    For the reasons addressed above, Bosch was under a continuous duty to disclose to

26 distributors, sellers, installers and end users, including Plaintiffs and the Class, the defect, the

27 safety issues related thereto, and the existence of numerous returns of product related to the

28 defect.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 17 -

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

72.    Despite this duty and the Notice of Product Recall, Bosch has not implemented an adequate notice program to inform end users of the defect.  The Bosch Recall Notice is misleading and inaccurate and fails in substantial part to notify end users of the defect.

73.    As a result, members of the Class are unable to assert claims against Bosch until they became aware of the failure of the Bosch Solar Panels and its cause.  Accordingly, Bosch is estopped to rely on any statutes of limitation in defense of this action.

## FIRST CLAIM FOR RELIEF
### (For Breach of Express Warranty)

74.    Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

75.    Plaintiffs plead in the alternative that they are a party to the Bosch Express Warranty or they are an intended third party beneficiary of the Warranty.

76.    As relevant, Plaintiffs refer to the specific factual allegations supporting each element of the claim alleged herein.

77.    Bosch made the written express warranties described herein.

78.    Bosch is not entitled to enforce the Warranty Exclusions described herein because they are unconscionable and violate the provisions of applicable law including, without limitation, the Song-Beverly Consumer Warranty Act and the Magnuson – Moss Warranty Act.

79.    Because the Bosch Solar Panels either have failed or are certain to fail within their expected useful life, Bosch is in breach of both the Product Warranty and the Performance Warranties contained in the Warranty.  Warranties to Plaintiffs and the Class have also been breached because the Bosch Solar Panels have failed or will fail within their useful life.

80.    Bosch has failed to remedy the breach of the Warranty for either Plaintiffs or the Classes.

81.    Although Plaintiffs do not believe that notice to Bosch of its breaches of warranty are required under applicable law, Plaintiffs have notified Bosch of its breaches of the Warranty. Plaintiffs provided Bosch with timely notice on behalf of the Class of the breach of the Warranty and the invalidity of the Warranty Exclusions alleged herein.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

82.    Further notice to Bosch of its breach of the Warranty would be futile because Bosch is aware of and has acknowledged the defects in the Bosch Solar Panels and has recalled the Bosch Solar Panels.  The only remedy to Plaintiffs and the Class is the replacement of all Bosch Solar Panels with other suitable panels and to compensate Plaintiffs and the Class for the difference between the power output guaranteed by the Performance Warranty and the power output actually received.

83.    As a result of Bosch's breach of the Warranty and the warranties detailed herein, Plaintiffs and the Class have suffered damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Breach of Express Warranty - Magnuson-Moss Warranty Act)

84.    Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

85.    The allegations of this Claim for Relief are based on the breaches of warranty addressed fully in the First Claim for Relief.  The specific allegations of the Complaint relevant to that claim are detailed therein.

86.    The Bosch Solar Panels are a consumer product as defined in 15 U.S.C. § 2301(1).

87.    Plaintiffs and the members of the Consumer Subclasses are consumers as defined in 15 U.S.C. § 2301(3).

88.    Bosch is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

89.    The Warranty contains "written warranties" within the meaning of 15 U.S.C. § 2301(6).

90.    As alleged previously, Bosch has breached the Warranty.

91.    Additionally, pursuant to 15 U.S.C. § 2304(d)(1), Bosch may not assess Plaintiffs or the Consumer Subclasses any costs the warrantor or his representatives incur in connection with the required remedy of a warranted product…[I]f any incidental expenses are incurred because the remedy is not made within a reasonable time or because the warrantor imposed an unreasonable duty upon the consumer as a condition of securing remedy, then the consumer shall be entitled to recover reasonable incidental expenses which are so incurred in any action against

Biela-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

the warrantor." Bosch has refused to pay all costs associated with the inspection, diagnosis of power output defect, removal and replacement of the Bosch Solar Panels.

92.     Plaintiffs have provided Bosch with notice of breach of the Warranty and a reasonable opportunity to cure the breach. In addition, the Notice afforded Bosch notice on behalf of the Consumer Subclasses of its breach of the Warranty and a reasonable opportunity to remedy the breach. Bosch has failed to remedy the breach of its obligations to the Class or Subclasses under the Warranty.

93.     Further notice to Bosch of its breach of the Warranty would be futile because Bosch is aware of and has acknowledged the defects in the Bosch Solar Panels and has recalled the Bosch Solar Panels. Bosch cannot provide to Plaintiffs and the Consumer Subclasses any remedy other than replacement of the Bosch Solar Panels with other panels and to compensate Plaintiffs and the Class for the difference between the power output guaranteed by the Performance Warranty and the power output actually received.

94.     As a result of Bosch's breach of the Warranty, Plaintiffs and the Consumer Subclasses have been damaged in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Breach of Express Warranty under Song-Beverly Consumer Warranty Act)

95.     Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

96.     The allegations of this Claim for Relief are based on the breaches of warranty addressed herein above. The specific allegations of the Complaint relevant to that claim are detailed therein.

97.     The Bosch Solar Panels are consumer goods within the meaning of California's Song-Beverly Consumer Warranty Act.

98.     Bosch is a "manufacturer" within the meaning of the statute.

99.     Plaintiffs and members of the Consumer Subclasses purchased Bosch Solar Panels within the State of California.

100.     As alleged previously, Bosch breached the Warranty.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 91526
(925) 362-9999

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

101.    Plaintiffs have provided Bosch with notice of breach of the Warranty and a reasonable opportunity to cure the breach. Bosch has been given notice on behalf of the Class of its breach of the Warranty and a reasonable opportunity to remedy the breach. Bosch has failed to remedy the breach of its obligations to the Class or Subclasses under the Warranty.

102.    As a result of Bosch's breach of the Warranty, Plaintiffs and the Classes have been damaged in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Third Party Beneficiary - Breach of Express Warranty)

103.    Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

104.    KILOWATT, on information and belief, is, and at all times mentioned in this complaint was, a limited liability company organized and existing under the laws of California, with its principal place of business located in the City and County of San Francisco, California.

105.    SULLIVAN, on information and belief, is, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of California, with its principal place of business located in San Diego, California. SULLIVAN installed the Bosch Solar Panels on Plaintiff's property and, on information and belief, was the owner of the Bosch Solar Panels at the time of the installation.

106.    Plaintiff and KILOWATT entered into a written contract, which Plaintiff signed on October 28, 2012. The essential terms of the Contract known as a "Prepaid Solar Power Agreement," were that a Bosch solar system would be installed on Plaintiffs' property and that Plaintiff would agree to buy and KILOWATT would agree to sell electrical power produced by Bosch Solar Panels installed on Plaintiffs' property.

107.    As provided in the Prepaid Solar Power Agreement, Plaintiff agreed to pay and did pay to KILOWATT the sum of Twenty-Five Thousand Five Hundred Eighty-Eight and 96/100 Dollars ($25,588.96) representing payment in full of Plaintiff's financial obligation under the terms of the Prepaid Solar Power Agreement.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 91526
(925) 362-9999

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

108.    The Bosch Solar Panels installed on Plaintiff's property are defective, no longer generate the promised electrical output and cannot be repaired.  Furthermore, the Bosch Solar Panels have been the subject of a recall through the Consumer Product Safety Commission wherein it was admitted and expressly acknowledged by Bosch that the Bosch Solar Panels represent an active and ongoing safety hazard and risk of fire.

109.    Plaintiff has reported to KILOWATT that the Bosch Solar Panels are defective and dangerous thereby placing KILOWATT on notice of its contractual obligation to replace the defective Bosch Solar Panels.

110.    Plaintiff has reported to SULLIVAN that the Bosch Solar Panels are defective and dangerous thereby placing SULLIVAN on notice of its contractual obligation to replace the defective Bosch Solar Panels.

111.    Both KILOWATT and SULLIVAN have failed and refused to replace the defective Bosch Solar Panels notwithstanding their obligations to do so.

112.    KILOWATT is a party to the Express Warranty with Bosch as alleged herein.

113.    Under the terms of the Express Warranty, Bosch provided both a Product and Performance Warranty to KILOWATT.

114.    On April 13, 2017 Bosch recalled the panels installed on Plaintiffs' property due to a fire hazard.

115.    Bosch breached its Express Product Warranty to KILOWATT in that the panels were not free of defects in material and workmanship.

116.    Bosch also breached its Express Performance Warranty to KILOWATT in that the electrical output of the panels has degraded and fallen below 90% of the original guaranteed production.

117.    Plaintiffs are the intended third-party beneficiaries of the express warranty between Bosch and KILOWATT.

118.    The Bosch Express Warranty provides that the "Warranties are granted only to the final customer." Plaintiff and the Class consist of individual or entities who are either the final customer or the owner of the defective panels.

Birks-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

119.    The replacement remedy of the Bosch recall is intended to inure to the benefit of the parties to the Express Warranty – namely the parties on whose property the Bosch Solar Panels were installed.

120.    Plaintiffs' solar system is installed on Plaintiffs' residential property located at 29294 Juniper Avenue, Moreno Valley, California.

121.    Plaintiffs are presently exposed to an admitted safety risk in that the Bosch Solar Panels have defective solder joints which overheat and are an ongoing fire hazard.

122.    Bosch provides a product warranty to the final customer for ten (10) years that their Bosch Solar Panels will be "free from defect in material and workmanship."

123.    Plaintiffs are the "final customer" and are an intended beneficiary of the Product Warranty in that the Bosch Solar Panels are installed on their property and create an imminent danger to Plaintiffs' property.  Both the Warranty and the recall are designed to protect Plaintiffs from the defect and the safety hazard.

124.    Plaintiffs own the property on which the Bosch Solar Panels were first installed.

125.    Plaintiffs are not distributors or installers of the product.  The "warranties do not apply to distributors, and installation companies…"

126.    The Warranty expressly extends to persons who "purchased modules for their "own needs" and "not for the purpose of resale."

127.    Plaintiffs paid Twenty-Five Thousand Three Hundred Thirty-Nine and 22/Dollars ($25,339.22) for the Bosch Solar Panels to generate power for their "own needs" and "not for the purpose of resale."

128.    Plaintiffs purchased the property on which the modules were "first installed." "Final customers" include those who have purchased a building or property on which the modules were first installed.

129.    The Bosch Warranty "is an independent, voluntary and complimentary service provided by Bosch Solar Energy AG to its final customer."  Plaintiffs and the Class are the "final customer" and intended to be the beneficiary of the Express Warranty.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 23 -

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

130.    The intent of the Warranty is to benefit the end user, including successor owners of the property on which the Bosch Solar Panels were installed.  The Warranty is not intended to benefit the middleman, installer or second-hand purchasers.

131.    Plaintiffs' system is mounted on a rack assembly installed on Plaintiffs' property.  The Bosch Solar Panels are installed just above the surface of the ground.  As a result, cellulose debris, leaves, stems and dry grass are adjacent to Plaintiffs' solar system.

132.    Plaintiffs are the intended beneficiary of the Warranty because recognition of the right to performance in the beneficiary is appropriate to effectuate the intention of the parties.  Plaintiffs and the proposed class, fall within the Class intended to be benefited by the Warranty.

133.    Plaintiffs duly maintain and clean the area adjacent to their solar system.  Nonetheless Plaintiffs are aware of recent California fires started in dry grass and undergrowth such as in Santa Rosa, California and Napa, California in 2017 and the Carr fire in Redding, California.

134.    Plaintiffs reside in Riverside County, California which is a dry region and vulnerable to fires.

135.    Overheating and defective Bosch Solar Panels adjacent to cellulose debris present an imminent fire risk.

136.    The fire risk is a defect which is covered by the Warranty.  Plaintiffs are the intended beneficiary of that Product Warranty against defects.

137.    Plaintiffs have notified Bosh and KILOWATT and SULLIVAN of the damages and the risk it has suffered.

## **FIFTH CLAIM FOR RELIEF**
### **(For Violation of Unfair Competition Law and for Injunctive Relief)**

138.    Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

/ / /

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

139.    Pursuant to Bus. & Prof. Code § 17200, "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

140.    Bosch's actions, as alleged herein, constitute deceptive, unfair, fraudulent, and unlawful practices committed in violation of the Bus. & Prof. Code § 17200, *et seq*.

141.    All of the conduct and representations alleged herein occurred in the course of Bosch's business and were part of a pattern or generalized course of conduct.

142.    Bosch's conduct was unlawful because it violated the Consumer Legal Remedies Act, Magnuson-Moss Warranty Act and Song-Beverly Consumer Warranty Act as previously alleged as well as the laws governing the recall of the Bosch Solar Panels through the United States Consumer Product Safety Commission.

143.    As a result of Bosch's unfair methods of competition and unfair or deceptive acts or practices, Plaintiffs and members of the Original Purchaser Subclass have suffered injury-in-fact, lost money, and lost property, in that they have incurred out-of-pocket labor costs and energy loss associated with the faulty solar system.

144.    Plaintiffs seek injunctive relief to compel Bosch to adequately notify the Plaintiff class of the defect and to reasonably implement the replacement of the defective Bosch Solar Panels as promised in the recall.

145.    Additionally, by threatening to enforce and actually enforcing the Warranty Exclusions and by understating and failing to disclose the risk of fire resulting from the failure of the Bosch Solar Panels, Bosch acted unfairly and unlawfully against all members of the Class. Members of the Class have been injured and will continue to be injured by the enforcement of the Warranty Exclusions, and the understatement of the risk of fire posed by the Solar Panels.

146.    The enforcement and threatened enforcement of the Warranty Exclusions  and the understatement and nondisclosure of the risk of fire resulting from the failure of the Bosch Solar Panels are unfair in that they: (1) violate public policy as expressed in the Consumer Legal Remedies Act, the Magnuson-Moss Warranty Act and the Song-Beverly Consumer Warranty action; (2) are immoral, unethical, oppressive, unscrupulous and substantially injurious to

Birks-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1    consumers and these factors are not offset by the utility of Bosch's conduct since the conduct is

2    intended to and does only provide impediments to the assertion of valid claims for recovery and

3    limit the damages which Bosch is legally obligated to compensate; and (3) inflict substantial

4    injury on consumers which is not outweighed by any countervailing benefits to consumers or

5    competition and the injury to consumers is one consumers could reasonably have avoided.

6         147.    Unless enjoined, Bosch's continued insistence upon the unenforceable Warranty

7    Exclusions and failure to reasonably implement a notice and replacement plan to the end user of

8    the recalled Bosch Solar Panels and threaten to harm the public and the class alleged herein, now

9    and in the future.

10                               **PRAYER FOR RELIEF**

11        WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray

12   the Court to certify the Class as defined hereinabove, to enter judgment against Defendants and in

13   favor of the Class, and to award the following relief:

14        1.    For certification of the proposed Class and each Subclass thereof;

15        2.    For removal and replacement of the Bosch Solar Panels or the cost thereof;

16        3.    For compensatory damages as alleged herein, according to proof;

17        4.    For an injunction enjoining Bosch from enforcing, threatening to enforce or

18   claiming the right to enforce any of the Warranty exclusions, conditions or limitations and to

19   compel Bosch to properly implement its solar panel recall, including a requirement that: (1)

20   Bosch advise consumers affirmatively of their rights to all damages to which they are lawfully

21   entitled; (2) Bosch make full disclosure to all members of the Class concerning the risk of fire

22   resulting from the failure of the Bosch Solar Panels; 3) and implement a reasonable notice plan

23   and repair plan as promised as part of the recall made in conjunction with the United States

24   Consumer Product Safety Commission; and 4) establish a protocol, at no charge to Plaintiffs and

25   the Class to determine if they are the end users or owners of the Bosch Solar Panels and the

26   amount of power loss degradation the Bosch Solar Panels experienced;

27   ///

28   ///

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No. 3:18-cv-5841

1      5.      For costs and attorneys' fees, as allowed by law; and

2      6.      For such other further legal or equitable relief as this Court may deem appropriate

3  under the circumstances.

4  DATED:  September 24, 2018          BIRKA-WHITE LAW OFFICES

5                                     By:_____

6                                     DAVID M. BIRKA-WHITE

7                                     John D. Green (State Bar No. 121498)

8                                     jgreen@fbm.com
                                      FARELLA BRAUN & MARTEL LLP

9                                     235 Montgomery Street, Suite 1700
                                      San Francisco, CA 94104

10                                    Telephone: (415) 954-4400
                                      Facsimile:  (415) 954-4480

11

12                                    Steven T. Knuppel (State Bar No. 164710)
                                      LAW OFFICES OF STEVEN T. KNUPPEL

13                                    178 E. Prospect Avenue
                                      Danville, CA  94526

14                                    Telephone: (925) 362-9999
                                      Facsimile:  (925) 362-9970

15

16                                    Attorneys for Individual and Representative
                                      Plaintiffs STEVE R. ROJAS and ANDREA N.

17                                    ROJAS, on behalf of themselves and all others
                                      similarly situated

18

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## **PLAINTIFFS' DEMAND FOR JURY TRIAL**

Plaintiffs STEVE R. ROJAS and ANDREA N. ROJAS, on behalf of themselves and all others similarly situated, by and through their counsel, hereby demand a jury trial of all issues in the above-captioned matter.

DATED:  September 24, 2018                    BIRKA-WHITE LAW OFFICES

By: _____
DAVID M. BIRKA-WHITE

Attorneys for Individual and Representative
Plaintiffs STEVE R. ROJAS and ANDREA N.
ROJAS, on behalf of themselves and all others
similarly situated

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 28 -

Case No. 3:18-cv-5841

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

EXHIBIT A

north america

# Bosch Solar Services



## Product Safety Recall Notice



**Product Safety Recall Notice**

Bosch Solar Module c-Si M 60 NA30119

### Product Safety Notice for Bosch Solar Module c-Si M 60 NA30119

Bosch Solar Services is replacing all roof-mounted Bosch c-Si 60 NA30119 solar modules currently installed in the United States and Canada as part of a voluntary recall undertaken in conjunction with the U.S. Consumer Product Safety Commission.

#### Why is Bosch Solar Services replacing the modules?

Bosch observed that a small number of c-Si M 60 NA30119 modules exhibited what appeared to be heat marks near some solder joints. Bosch then conducted a detailed technical review to determine the cause of the marks. Through this analysis, Bosch determined that where electrical contacts to the solder had degraded, the resulting contact resistance could result in heat. If the heat were great enough, and if the mounting structure or embedding material were flammable, Bosch determined that it was theoretically possible for a fire to result. Although no such fires have been reported, Bosch commenced this recall to ensure the quality of its products and the safety of its customers.

#### Arrange for Replacement

If Bosch c-Si M 60 NA30119 solar modules are mounted on the roof of your building or home, please call our Customer Service Hotline toll free at 1-855-866-8470 (Monday to Friday, 7 a.m. to 7 p.m. Central Time) or email us at boschsolar.services@us.bosch.com

Some answers to frequently asked questions about the replacement program may be found here .

#### Product Identification

Please check with the company that installed your solar panels to determine whether c-Si M 60 NA30119 panels have been installed on your roof. Each c-Si M 60 NA30119 panel contains 60 cells, arranged in 10 rows of 6 cells. Each cell is marked with the Bosch brand. The frame surface of the panel is smooth, with no grooves.





**United States**
CONSUMER PRODUCT SAFETY COMMISSION

# Bosch Solar Services Recalls Solar Panels Due To Fire Hazard



## Recall Summary

### Name of product:

Roof-mounted Bosch solar panels

### Hazard:

The solar panels can overheat, posing a risk of fire.

### Remedy:

Replace

### Recall date:

April 13, 2017

### Units:

About 28,000

Consumer Contact:

**Bosch toll-free at 855-866-8470 from 7 a.m. to 7 p.m. CT Monday through Friday, or email boschsolar@us.bosch or online at www.bosch-solarenergy.com and click on "Recall Notice" at the bottom of the page for more information and to register for free replacement.**

# Recall Details

## Description:

This recall involves Roof-Mounted Bosch Photovoltaic Solar Modules with model number c-Si M 60 NA30119. Bosch solar modules are photovoltaic solar panels used to generate electricity. Each module measures approximately 65 inches by 39 inches by 1.65 inches, and weighs just less than 42 pounds. The solar cells are housed in a glass-foil laminate framed by an anodized aluminum profile. The output power of the panel is 245 watt peak.

## Remedy:

Consumers should contact their installer to determine if their solar panels are the model being recalled. If it is, customers should contact Bosch to arrange for free replacement.

## Incidents/Injuries:

None reported

## Sold At:

Commercial installers nationwide from October 2011 through May 2013 for about $300 per panel.

## Distributor(s):

Bosch Solar Energy Corporation, San Mateo, Calif.

## Manufactured In:

Korea

## Recall number:

17-131

---



This recall was conducted, voluntarily by the company, under CPSC's Fast Track Recall process. Fast Track recalls are initiated by firms, who commit to work with CPSC to quickly announce the recall and remedy to protect consumers.

EXHIBIT B

Solar Energy

 **BOSCH**

**Warranty conditions for photovoltaic modules of Bosch Solar Energy AG**

Bosch Solar Energy AG provides a product warranty (A) and a performance warranty (B). The product warranty covers the material and workmanship of the modules, whereas loss of performance (degradation) and minimum output of the modules are exclusively the object of the performance warranty. In Section C: Warranty Conditions the conditions are laid down for both warranties.

**A: Product warranty**

Bosch Solar Energy AG (in the following "warranty provider") provides a warranty to the final customer (consumer) under the conditions stated herein for a period of ten years from the delivery date (ex works or warehouse) that the modules are free of defects in material and workmanship.

The product warranty applies exclusively to series c-Si solar modules with manufacturer's codes 01 and 11–17,

**B: Performance warranty**

Bosch Solar Energy AG, Erfurt, provides an independent, voluntary warranty to the final customer for the solar modules distributed by it under the following conditions:

Bosch Solar Energy AG guarantees that the modules will

a) within a period of ten years from the date of delivery (ex works or warehouse) deliver at least 90% and

b) within a period of 25 years from the date of delivery (ex works or warehouse) deliver at least 80%

of the minimum performance declared in the data sheet (lower sorting limit of the respective power class less power measurement tolerance).

**C: Warranty conditions**

**1. General**

1.1 Warranties are granted only to the final customer. Warranties do not apply to distributors, and installation companies or second-hand purchasers of the modules. Final customers are all parties who have purchased modules for their own needs (not for the purpose of resale) or who have purchased a building on which the modules were first installed. The module must be a part of a solar system in which it was first operated. Warranties of Bosch Solar Energy AG shall not apply to modules which have been dismantled and re-installed, except for the purposes of repair, or have been used for another purpose.

1.2 This warranty shall exist independently of legal warranty claims against the vendor of the modules and irrespective of non-contractual claims. Such claims shall be neither limited nor established by this warranty as far as there is no direct purchase contract with Bosch Solar Energy AG. This warranty is an independent, voluntary and complementary service provided by Bosch Solar Energy AG to the final customer. It does not affect the quality agreements between vendor and purchaser.

1.3 Expenses for dismantling, testing, disposal, transportation, installation and re-installation of the modules or individual components of these modules within the scope of this voluntary warranty are to be borne by the final customer.

1.4 In the event that these warranty conditions deviate from the specifications set forth in the data sheet, these warranty conditions shall prevail.

1.5 This product warranty shall apply within the European Union or within a third country in which the module was first placed on the

Solar Energy



market by Bosch Solar Energy AG. Claims arising from or in connection with this warranty must be filed in writing within the applicable warranty period. No extension of the warranty period, regardless of legal basis, will be permitted.

**2. Disclaimers / Liability limitations**

2.1 This warranty is valid for normal and correct use and installation, and only under normal operating conditions. The warranty assumes that the performance of the modules has not been reduced (in the assessment of Bosch Solar Energy AG) by actions or events outside the sphere of influence of Bosch Solar Energy AG, in particular:

- Modifications/damage as a consequence of force majeure (storms, hail, fire, power outage, lightning, flooding, snow damage, avalanches, frost, earthquakes, tornadoes, volcanic eruptions, landslides, plagues of insects and other detrimental effects by animals, acts of war, etc.) or damage caused by third parties due to vandalism and theft,
- unprofessional installation, commissioning and operation not in conformance with current installation manual [1],
- use on mobile units such as vehicles and ships,
- impairment through external influences (dirt, smoke, salt, chemicals and other impurities),
- interconnection with modules made by other manufacturers,
- defects of the system into which the module is integrated,
- insufficient ventilation. In particular the maximum temperatures according to the operating manual may under no circumstances be exceeded.

2.2 Furthermore, warranty claims will only be accepted if the modules have been used according to their intended purpose and do not exhibit any signs of excessive wear and tear or external damage not reconcilable with normal use. The serial number and/or type label must not be damaged. All installation and operating instructions must have been closely followed. Adherence to the

safety and warning notes contained therein and the permissible installation and operating conditions specified on the data sheet is a prerequisite for the acceptance of warranty claims.

2.3 The total scope of liability of Bosch Solar Energy AG shall be limited to the purchase price of the defective product. The liability of Bosch Solar Energy AG does not cover indirect damage, loss of profits, consequential or indirect damage, any loss of electrical capacity and/or remuneration by an energy supply company.

2.4 Claims under this warranty may not be transferred to a third party.

**3. Specific performance**

3.1 In case of a warranty claim, Bosch Solar Energy AG shall, at its own discretion, replace the module with a new module of the same type, remedy the defects or refund the current market value of the module. The current market value shall be derived from the purchase price less an annual linear depreciation based on an anticipated useful life of 25 years. Should the type of module no longer be produced at the time of the warranty claim, Bosch Solar Energy AG shall be permitted to supply another type of solar module (different size, shape, colour and/or capacity). In this case, Bosch Solar Energy AG shall be entitled to demand the difference between the gross value of the replacement module and the current market value of the module to be replaced. Modules thus replaced shall become the property of Bosch Solar Energy AG.

3.2 No other claims shall be derived from this warranty

3.3 For modules newly supplied or repaired, only the remaining time of the original warranty period shall apply.

**4. Implementation/Enforcement of the performance warranty**

4.1 All warranty claims must be submitted without delay in writing to

Bosch Solar Energy AG
Wilhelm-Wolff-Straße 23
99099 Erfurt

---

[1] Current installation manual available at www.bosch-solarenergy.com

Solar Energy  **BOSCH**

4.2 The prerequisite for the acceptance of warranty claims is submission of the warranty certificate along with the original bill of sale to Bosch Solar Energy AG.

4.3 The final customer must also submit written proof that the module performance has fallen below the minimum guaranteed by Bosch Solar Energy AG. This evidence must be provided in the form of the certified test results of an accredited expert or institution (e.g. Fraunhofer Institute). Module performance shall be measured by Bosch Solar Energy AG under standard test conditions (25°C cell temperature, irradiation 1,000 W/m² and spectrum AM 1.5).

Output will be measured in each case at the ends of the pre-assembled connector on the rear of the module. The final customer must maintain the standard test conditions while producing evidence that the performance has fallen below the guaranteed minimum performance.

Bosch Solar Energy AG reserves the right to verify the shortfall in performance. If the test body commissioned by Bosch Solar Energy AG comes to the conclusion that the divergence is permissible or that no divergence exists, Bosch Solar Energy AG shall be entitled to claim a refund of the performance test costs.

4.4 Claims arising from or in connection with this warranty must be filed in writing within the applicable warranty period as well as within three months of the occurrence of the event giving rise to the claim. No consideration will be given to late complaints. The determining factor for adherence to the deadline shall be timely receipt.

4.5 All legal disputes arising from this warranty shall be governed by the law of the Federal Republic of Germany. The UN Sales Convention (CISG) and conflict of law rules do not apply.

4.6 The customer shall only be entitled to return modules with the prior written consent of Bosch Solar Energy AG.

These warranties shall be applicable to modules delivered between January 1, 2010 and the day new warranties become effective. The previous provisions shall be applicable to modules delivered prior to January 1, 2010.

Erfurt, December 1, 2010

**Holger von Hebel**
**Chief Executive Officer**

**Peter Schneidewind**
**Chief Sales Officer**