**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STEVE R. ROJAS and ANDREA N. ROJAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOSCH SOLAR ENERGY CORPORATION,<br><br>Defendant. | Case No. 18-cv-05841-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND**<br><br>[Re: ECF 36] |

Defendant Bosch Solar Energy Corporation ("Defendant" or "Bosch") moves to dismiss the first amended complaint ("FAC") filed by Plaintiffs Steve and Andrea Rojas ("Plaintiffs") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court has considered the briefing, the oral arguments presented at the hearing on April 25, 2019, and the applicable legal authorities. The motion is GRANTED IN PART AND DENIED IN PART, WITH LEAVE TO AMEND for the reasons discussed below.

**I.  BACKGROUND**

Plaintiffs allege the following facts, which are accepted as true for purposes of evaluating the motion to dismiss. At some unspecified time, Plaintiffs contacted a company called "Sullivan" to inquire about buying solar panels for their home. FAC ¶ 133, ECF 32. A Sullivan representative named Hans Berg ("Berg") told them that panels manufactured by Defendant Bosch were of the highest quality, would last for at least twenty years, and would produce 80-90% of their rated power for the number of years specified. FAC ¶¶ 133-36. In October 2012, Plaintiffs

entered into a Prepaid Solar Power Agreement with non-party Kilowatt Systems, LLC ("Kilowatt"), under which Plaintiffs paid $25,339.22 for the installation and use of forty-two Bosch c-Si M 60 NA30119 Panels on their property. FAC ¶ 29. Sullivan installed the panels on Plaintiffs' property in a ground-mounted array in March 2013. FAC ¶¶ 139, 145.

Bosch solar panels are covered by a "Limited Warranty for photovoltaic modules" ("Limited Warranty") covering both material and workmanship ("Product Warranty") and loss of performance ("Performance Warranty"). Limited Warranty, Exh. A to FAC. The Product Warranty guarantees that the solar panels are free of defects in material and workmanship for a period of ten years from the date of delivery. Limited Warranty ¶ A. The Performance Warranty guarantees that the solar panels, also referred to as the "Module," will: "a) within a period of ten years from the date of delivery provide at least 90%; and b) within a period of 25 years from the date of delivery provide at least 80% of the minimum performance set forth in the data sheet. . . ." Limited Warranty ¶ B. "These Warranties are granted to the Consumer or shall transfer from the Consumer to subsequent buyers / end users for the remainder of the warranty period, provided the subsequent buyers / end users can show that the Modules have not been modified or relocated from their originally installed location." Limited Warranty ¶ C.1.1. The "Consumer" is defined as "the final customer or end-user that properly places the Modules into operation for the first time." Limited Warranty ¶ A.

The Limited Warranty sets forth requirements for "Warranty Claim Verification and Procedure," directing that claims be submitted "within three (3) months of the occurrence of an event placing the Consumer on notice that a claim under one of the warranties has or may have arisen." Limited Warranty ¶ C.3.4. "All warranty claims must be accompanied by (i) the original bill of sale for the Module, and (ii) proof that (a) there is a defect in the materials and/or workmanship of the Module, or (b) the performance of the Module no longer meets the minimum performance warranted by Bosch Solar Energy Corp." Limited Warranty ¶ C.3.2. "Module performance shall be measured by Bosch Solar Energy Corp. under standard test conditions (25°C cell temperature, irradiation 1,000 W/m$^2$ and spectrum AM 1.5)," and "[t]he Consumer is responsible for maintaining the standard test conditions while producing evidence that the

performance has fallen below the guaranteed minimum performance." Limited Warranty ¶ C.3.3. If these requirements are met, "[t]he sole obligation of Bosch Solar Energy Corp. under these warranties shall be, at its sole discretion, to (i) replace the Module with a functional module of the same type, (ii) remedy the defects, or (iii) refund the unamortized portion of the purchase price of the Module." Limited Warranty ¶ C.2.4. If testing determines that the Module meets the minimum performance warranted, or that the failure to do so is the result of a condition not covered by the Performance Warranty, Bosch "shall be entitled to reimbursement of the cost of conducting such tests from the party submitting the warranty claim." Limited Warranty ¶ C.3.3. Finally, the Limited Warranty provides that "[a]ll disputes arising from this warranty shall be governed by the laws of the State of Michigan and conflict of law rules shall not apply." Limited Warranty ¶ C.3.5.

In April 2017, Bosch issued a voluntary recall of 28,000 *roof*-mounted Bosch c-Si M 60 NA30119 Panels based on a defect in the panels' solder joints that generated excessive heat, posing a risk of igniting roofing materials. FAC ¶¶ 9-11. Plaintiffs claim that the defect in the solder joints also posed a risk of igniting debris or other materials near ground-mounted installations, although ground-mounted installations were not included in the recall. FAC ¶¶ 10-12. Plaintiffs also claim that, in addition to the defective solder joints, the Bosch c-Si M 60 NA30119 Panels have a defective backsheet. FAC ¶ 16. A backsheet is a plastic sheet that is necessary to protect the panel from moisture penetration. *Id*. "In 2017, the Rojas requested that Bosch replace the solar system pursuant to the Bosch Recall Notice. Bosch has failed to do so despite numerous requests even after their representative informed Plaintiffs that the panels would be replaced." FAC ¶ 143. "The Rojas also provided Bosch with written notification of the breach of warranty and have requested that Bosch replace the defective panels to no avail." FAC ¶ 144.

Plaintiffs filed this putative class action on September 24, 2018, asserting claims for breach of warranty and unfair competition on behalf of all persons or entities who purchased and installed Bosch solar panels in the United States or who purchased property on which Bosch solar panels previously were installed. Compl., ECF 1. Several weeks after filing suit, Plaintiffs purchased the solar panels on their property from Kilowatt. FAC ¶ 147, ECF 32. On January 4, 2019, Plaintiffs

3

filed the operative FAC, alleging claims for: (1) breach of express warranty under unspecified state common law; (2) breach of express warranty under the Magnuson-Moss Warranty Act; (3) breach of express warranty under California Commercial Code § 2313; (4) violation of California's unfair competition law; (5) unjust enrichment; and (6) violation of California's Consumer Legal Remedy Act. Defendant moves to dismiss all claims under Rule 12(b)(6).

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When evaluating a Rule 12(b)(6) motion, the district court must consider the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## III. DISCUSSION

Plaintiffs' claims may be divided into two categories. In the first category are Claims 1, 2, and 3, in which Plaintiffs assert that Defendant Bosch breached the express Limited Warranty under common law (Claim 1), the Magnuson-Moss Warranty Act (Claim 2), and California Commercial Code § 2313 (Claim 3). Specifically, Plaintiffs allege that "Bosch has breached the Product Warranty because the panels have solder joint and delamination defects," and that "Bosch has breached the Performance Warranty because Plaintiffs have experienced a degradation of power below the output promised by Bosch." FAC ¶¶ 195-96; *see also* FAC ¶¶ 204-10, 218-22. These claims appear to be limited to claims arising from the Bosch c-Si M 60 NA30119 Panels.

4

In the second category are Claims 4, 5, and 6, which are grounded in the requirements for Warranty Claim Verification and Procedure. Plaintiffs contend that meeting these requirements would be impossible, because the Limited Warranty does not disclose what testing procedures would satisfy the "standard test conditions," and any attempt to meet the requirements would be so costly as to equal or exceed the expense of replacing the solar panels. FAC ¶¶ 229-230, 240, 252. Plaintiffs assert that the requirements for Warranty Claim Verification and Procedure, and in particular the standard test conditions requirement, are unconscionable and violate California's Unfair Competition Law (Claim 4), results in unjust enrichment to Defendant (Claim 5), and violates California's Consumer Legal Remedies Act (Claim 6). These claims appear to encompass all models of Bosch solar panels, not just the model installed and ultimately purchased by Plaintiffs.

Before addressing these two categories of claims in turn, the Court observes that Plaintiffs' claims are asserted primarily under California law despite express language in the Limited Warranty stating that all disputes shall be governed by Michigan law. Limited Warranty ¶ C.3.5. Plaintiffs allege in the FAC that the choice of law provision is "unenforceable and unconscionable." FAC ¶ 128. Defendant does not challenge that allegation in this motion.

**A. Claims for Breach of the Limited Warranty (Claims 1, 2 and 3)**

Claims 1, 2, and 3 are based on Plaintiffs' allegations that Defendant breached the Limited Warranty. Claim 1 is for common law breach of express warranty under unspecified state law. Defendant's motion to dismiss assumes that Claim 1 is asserted under California law. For purposes of addressing the motion, the Court assumes the same. When they amend their pleading to address other defects discussed herein, Plaintiffs shall amend Claim 1 to make clear whether it is asserted under California law or the law of some other state(s). If Plaintiffs seek to proceed under the laws of more than one state, Plaintiffs must identify all such states and the laws in question with specificity.

Claim 2 is asserted under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310, which provides a federal claim for breach of a warranty existing under state law. *See Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1143 (N.D. Cal. 2010)720 F. Supp. 2d at 1143. The

5

MMWA claim is based on Claim 1 for breach of express warranty under common law. *See* FAC ¶ 205 ("The allegations of this Claim for Relief are based on the breaches of warranty addressed fully in the First Claim for Relief."). Claim 3 is for breach of express warranty under California Commercial Code § 2313.

### 1. State Law Warranty Claims (Claims 1 and 3)

Defendant argues that Claims 1 and 3, asserting breach of the Limited Warranty under California law, are subject to dismissal on several grounds. First, Defendant argues that Plaintiffs have failed to plead either privity of contract with Defendant or reasonable reliance on the terms of the express warranty. Second, Defendant asserts that Plaintiffs failed give notice of their warranty claims as required under California law and the terms of the Limited Warranty. Third, Defendant argues that the Limited Warranty precludes claims for consequential damages. Finally, Defendant asserts that Plaintiffs have not alleged fact sufficient to state a claim for breach of the Performance Warranty.

#### a. Privity or Reliance

This Court recently had occasion to consider the requirements for pleading breach of express warranty under California law in *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888 (N.D. Cal. 2018), cited by both sides here. Acknowledging that older California decisions had required either privity or reliance to assert a claim for breach of express warranty, this Court concluded that "California has shifted its view" such that it is possible to state a claim for breach of express warranty absent privity or actual reliance on the warranty. *Id*. at 914-15.

In reaching that conclusion, this Court relied on *Weinstat v. Dentsply Int'l., Inc.*, 180 Cal. App. 4th 1213 (2010), which recognized that there was a significant change in the law when California adopted the Uniform Commercial Code ("UCC"). The *Weinstat* court observed that although "Pre–Uniform Commercial Code law governing express warranties required the purchaser to prove reliance on specific promises made by the seller," the UCC "does not require such proof." *Id*. at 1227. Under Section 2313 of the California Commercial Code, an express warranty is created by "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain," or by "[a]ny description of the

goods which is made part of the basis of the bargain." Cal. Comm. Code § 2313(1)(a), (1)(b).

The *Weinstat* court acknowledged that "[t]he phrase 'part of the basis of the bargain' is obscure at best and its effect has generated significant comment and disagreement." *Weinstat*, 180 Cal. App. 4th at 1227. The court held that phrase is not limited to affirmations concerning goods which are "dickered," or affirmations which are received before the purchase is consummated. *Id*. at 1228. An express warranty contained in product manuals or other materials given to the buyer at the time of delivery may be part of the basis of the bargain, even if such materials technically were delivered *after* the buyer paid the purchase price. *Id*. at 1230-31. The *Weinstat* court summarized the changes in warranty law effected by California's adoption of the UCC as follows: "[t]he statute thus creates a *presumption* that the seller's affirmations go to the basis of the bargain," which may be rebutted only by "clear and affirmative proof" that the affirmations are not part of the agreement. *Id*. at 1227, 1229 (emphasis added).

Applying these principles in *Nexus*, this Court concluded that the plaintiffs' failure to plead reliance was not fatal to their claims against smartphone manufacturer Huawei Device USA, Inc. ("Huawei") for breach of express warranty under California law. *Nexus*, 293 F. Supp. 3d at 914-16. Plaintiffs' allegations that Huawei provided a written Limited Warranty that the Nexus 6P phones were "free from material defects" in normal operation was sufficient to give rise to a presumption that Huawei's affirmations were part of the basis of the bargain. *Id*. The Court emphasized that, "[a]lthough two out of three California Plaintiffs did not purchase directly from Huawei, there is no dispute that Huawei treated the Limited Warranty as extending to Plaintiffs upon their purchase." *Id.* at 916. The Court found that "[i]n these circumstances, a privity requirement would have little meaning and would serve only to allow Huawei to evade the promises it made in writing about the Nexus 6P phones." *Id.*

The cases cited by Defendant Bosch, most of which predate this Court's decision in *Nexus*, do not persuade the Court to revisit its view of California law. While Defendant cites cases holding that either privity or reliance must be pled to state a claim for breach of express warranty under California law, "multiple others have interpreted California law not to require a showing of reliance even if privity is lacking." *Nexus*, 293 F. Supp. 3d at 915 (collecting cases). Under the

7

rationales of *Nexus* and *Weinstat*, this Court concludes that Plaintiffs' allegations that Defendant made specific affirmations regarding its solar panels in the Limited Warranty, and that the Limited Warranty extends not only to persons in privity with Bosch but to any end user or subsequent purchaser, are sufficient to raise a presumption that those affirmations were part of the basis of the bargain. *See* FAC ¶¶ 42, 189-96, 209-10, 218-22.

Defendant argues that this presumption is rebutted by Plaintiffs' concession, on the face of the FAC, that they *never received* the Limited Warranty. *See* FAC ¶¶ 138-41. While *Weinstat* held that a defendant's warranty may be considered part of the basis of the bargain even where the warranty is delivered after purchase, this Court is not prepared to extend *Weinstat* so far as to find that a warranty may be considered part of the basis of the bargain when the plaintiff never receives it at all.

Plaintiffs argue that although they did not receive a written copy of the Limited Warranty, its essential terms were communicated to them by Berg. Under those circumstances, Plaintiffs contend, the Limited Warranty should be considered part of the basis of the bargain. Plaintiffs' allegations regarding Berg's statements are fairly sparse. *See* FAC ¶¶ 133-37. If Plaintiffs are asserting that the Limited Warranty was part of the basis of the bargain because the terms of the warranty were conveyed to them by Berg, Plaintiffs must allege the circumstances and content of Berg's statements with more specificity.

The motion to dismiss Claims 1 and 3 is GRANTED WITH LEAVE TO AMEND so that Plaintiffs may allege additional facts showing that the Limited Warranty was part of the basis of the bargain. The Court notes that it is unclear from the FAC whether the "bargain" at issue is the initial contract for the installation of Bosch solar panels or Plaintiffs' later purchase of the solar panels.

### b. Notice Requirements

Defendant contends that Plaintiffs' claims for breach of express warranty should be dismissed for failure to allege notice under state law or under the terms of the warranty.

#### i. Statutory Pre-Suit Notice Requirement

Under California law, pre-suit notice generally is required prior to filing a claim for breach

of express warranty. *See* Cal. Com. Code § 2607(3)(A) ("The buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy."). However, "[i]n California, where a plaintiff brings claims against a defendant for breach of express warranty in its capacity as a manufacturer, not as a seller, the plaintiff is not required to give pre-suit notice." *In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074, 1092 (C.D. Cal. 2017); *see also Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950, 972 (N.D. Cal. 2018) ("California . . . does not require notice to a defendant manufacturer if, as here, the consumer did not directly deal with the manufacturer and the manufacturer was not the seller."); *Nexus*, 293 F. Supp. 3d at 912 ("But notice is not required in an action by consumers 'against manufacturers with whom they have not dealt.'" (quoting *Greenman v. Yuba Power Prods., Inc.*, 59 Cal.2d 57, 61 (1963)).

Plaintiffs' claims against Defendant Bosch appear to fall within this exception, as Plaintiffs are suing Bosch purely in its role as manufacturer of the solar panels. *See* FAC ¶ 1 ("All of the solar panels that are the subject of this lawsuit were either manufactured by Bosch or were manufactured at the request of Bosch by third-party companies and sold under the Bosch name by Defendant Bosch Solar Energy Corporation ("Bosch")). Moreover, Plaintiffs allege facts demonstrating that they did not deal directly with Bosch, but rather with third parties Sullivan and Kilowatt. FAC ¶¶ 29, 139, 145. Defendant argues that the exception does not apply because Plaintiffs contacted Defendant directly; however, Defendant concedes that such contact was only pursuant to the recall. Reply at 6, ECF 41. Defendant has not cited any cases holding that the exception outlined above does not apply where the plaintiff contacts the Defendant regarding a recall. Defendant therefore has not demonstrated that California's statutory pre-suit notice requirement applies here.

The motion to dismiss Claims 1 and 3 for failure to give statutory pre-suit notice is DENIED.

###### ii. Notice Requirement under the Limited Warranty

The Limited Warranty requires that a claim for breach of the express warranty must be submitted "within three (3) months of the occurrence of an event placing the Consumer on notice

9

that a claim under one of the warranties has or may have arisen." Limited Warranty ¶ C.3.4. Plaintiffs allege that "[i]n 2017, the Rojas learned that the panels installed in their solar system had been recalled by Bosch and were a fire risk." FAC ¶ 142. They also allege that "[i]n the year 2017, their electric bill jumped to nearly $3,000.00." FAC ¶ 165. It thus appears on the face of the FAC that Plaintiffs' notice obligation under the terms of the Limited Warranty was triggered in 2017. Plaintiffs allege that "[i]n 2017, the Rojas requested that Bosch replace the solar system pursuant to the Bosch Recall Notice," and that "[t]The Rojas also provided Bosch with written notification of the breach of warranty and have requested that Bosch replace the defective panels to no avail." FAC ¶¶ 143-44. These allegations are insufficient to plead compliance with the Limited Warranty's notice requirement, as they do not provide any specifics as to the nature of the notice given to Bosch or the date of such notice.

Plaintiffs contend that they are excused from compliance with the Limited Warranty's notice requirement on the ground of unconscionability. "Unconscionability has both a procedural and a substantive element." *Tietsworth*, 720 F. Supp. 2d at 1138. "The procedural element of unconscionability focuses on two factors: oppression and surprise." *Id*. at 1139 (internal quotation marks and citation omitted). "The substantive element of unconscionability focuses on the actual terms of the agreement and evaluates whether they create overly harsh or one-sided results as to shock the conscience." *Id*. (internal quotation marks and citation omitted). Plaintiffs allege that the 90-day notice period set forth in the Limited Warranty "is outrageous and unconscionable." *See* FAC ¶ 127. However, Plaintiffs have not alleged facts supporting that conclusory allegation.

The motion to dismiss Claims 1 and 3 is GRANTED WITH LEAVE TO AMEND on the basis that Plaintiffs have alleged neither facts showing compliance with the Limited Warranty's 90-day notice provision nor facts excusing non-compliance.

### c. Consequential Damages

Defendant argues that the Limited Warranty precludes any recovery for consequential damages. The warranty provides that "THE LIABILITY OF BOSCH SOLAR ENERGY CORP. UNDER THESE WARRANTIES SHALL NOT EXCEED THE PURCHASE PRICE PAID BY THE CONSUMER FOR THE MODULE(S), AND UNDER NO CIRCUMSTANCES SHALL

BOSCH SOLAR ENERGY CORP. OR ANY OF ITS AFFIIATES, BE LIABLE TO THE CONSUMER OR ANY OTHER THIRD PARTY FOR ANY CONSEQUENTIAL, INCIDENTAL, INDIRECT, COMMERCIAL (LOSS OF USE, REVENUE, PROFITS, OR DOWNWTIME) OR PUNITIVE DAMAGES WHATSOEVER." Limited Warranty ¶ C.2.3.

Plaintiffs argue that this provision is unconscionable, but that the Court need not address the enforceability of the provision at this stage, because even assuming enforceability it would not result in the dismissal of any claim. The Court agrees. "That certain elements or forms of relief might be unavailable under a stated cause of action does not render that cause of action susceptible to a motion to dismiss." *Glob. Res. Mgmt. Consultancy, Inc. v. Geodigital Int'l Corp.*, No. 2:15-cv-08477-ODW(AFMx), 2016 WL 1065796, at *3 (C.D. Cal. Mar. 17, 2016) (internal quotation marks and citation omitted).

In its reply, Defendant asserts that the bar on consequential damages is dispositive of Claims 1 and 3 because Plaintiffs cannot seek any other types of damages permitted under the express warranty – for example, the cost of replacing their solar panels – in light of their knowledge of the alleged defects when they purchased the panels. The Court is not prepared to rule at this stage of the proceedings, and certainly not based on Defendant's one-paragraph reply argument, that Plaintiffs are precluded from recovering all types of relief ordinarily available for breach of express warranty.

The motion to dismiss Claims 1 and 3 based on Defendant's assertion that consequential damages are barred is DENIED. In making this ruling, the Court expresses no opinion whether consequential damages in fact are barred under the Limited Warranty. The Court concludes only that this issue is not appropriate for adjudication on a motion to dismiss.

### d. Performance Warranty

Defendant argues that Plaintiffs have failed to allege facts sufficient to state a claim for breach of the Performance Warranty, because they assert in only conclusory fashion that "Bosch has breached the Performance Warranty because Plaintiffs have experienced a degradation of power below the output promised by Bosch." *See* FAC ¶ 196. Plaintiffs point to other allegations in FAC, alleging what power levels were promised under the express warranty, FAC ¶ 42; that

11

"the inability of the Rojas's Bosch solar panels to produce the represented power levels also resulted in a breach of the Performance Warranty," FAC ¶ 143; and that although Plaintiffs had "virtually no electric bills" when the solar panels first were installed, "[i]n the year 2017, their electric bill jumped to nearly $3,000.00," FAC ¶ 165. These allegations are sufficient to inform Defendant which provision of the Limited Warranty Plaintiffs contend was breached, and the nature of the breach. Defendant has not cited any cases holding that more specificity is required.

The motion to dismiss Claims 1 and 3 on the basis that Plaintiffs have not adequately alleged a breach of the Performance Warranty is DENIED.

### 2. Magnuson-Moss Warranty Act (Claim 2)

As noted above, Claim 2 is asserted under the MMWA and is based on Claim 1 for breach of express warranty under common law. *See* FAC ¶ 205. Where a MMWA claim is based on a claim for breach of warranty under state law, the MMWA claim generally rises or falls with the state law claim. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) ("[T]his court's disposition of the state law warranty claims determines the disposition of the Magnuson-Moss Act claims."). Because Claim 1 is subject to dismissal under Rule 12(b)(6), Claim 2 is subject to dismissal as well.

The MMWA also is subject to dismissal for failure to comply with the statutory pre-suit notice requirement. "[A] class of consumers may not proceed in a class action" under the MMWA for failure to comply with the terms of a warranty "unless the person obligated under the warranty . . . is afforded a reasonable opportunity to cure such failure to comply." 15 U.S.C. § 2310(e). "[S]uch reasonable opportunity will be afforded by the named plaintiffs and they shall at that time notify the defendant that they are acting on behalf of the class." *Id*. Plaintiffs allege that "Plaintiffs have provided Bosch with notice of breach of the Warranty and a reasonable opportunity to cure the breach." FAC ¶ 212. However, this allegation does not indicate that Plaintiffs gave Defendant *pre-suit* notice and opportunity to cure as required by the statute.

Plaintiffs' opposition appears to concede that they did not give pre-suit notice, but they argue that pre-suit notice is not required for class actions under the MMWA. Plaintiffs' argument hinges on the asserted difference between statutory language directing that an individual claim

12

may not be "brought," while a class action may not "proceed," absent notice and opportunity to cure. *See* 15 U.S.C. § 2310(e). In Plaintiffs' view, a class action may be "brought" without pre-suit notice so long as the class action does not "proceed" before notice and opportunity to cure are provided. Plaintiff's position has been rejected by numerous district courts within the Ninth Circuit, which have construed § 2310(e) to require pre-suit notice and opportunity to cure before a class action may be brought under the MMWA. *See, e.g., Morrison v. Ross Stores, Inc.*, No. 18-CV-02671-YGR, 2018 WL 5982006, at *5 & n.4 (N.D. Cal. Nov. 14, 2018) ("[T]he argument that a class action plaintiff need not provide pre-suit notice is wholly without support."); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1143 (N.D. Cal. 2010) ("The MMWA provides that no private action may be brought unless the defendant first is afforded a reasonable opportunity to cure its failure to comply, and in the case of a purported class action, 'such reasonable opportunity will be afforded by the named plaintiffs and they shall at that time notify the defendant they are acting on behalf of the class.'" (quoting 15 U.S.C. § 2310(e)).

Plaintiffs argue that their MMWA claim is based not only on failure to comply with the terms of a warranty under § 2310(e), but also in part on an allegation that Defendant violated 15 U.S.C. § 2304(b)(1) by imposing a duty other than notification as a condition of securing a remedy. *See* FAC ¶ 211. Section 2304(b)(1) provides federal minimum standards for express warranties. A company may issue a written warranty which does not meet federal minimum standards so long as it is "conspicuously designated a 'limited warranty.'" 15 U.S.C. 2303(a)(2). The warranty at issue in this case is conspicuously designated as a "Limited Warranty." *See* Limited Warranty, Exh. A to FAC. Accordingly, Plaintiffs have failed to state a claim under § 2304(b)(1).

The motion to dismiss Claim 2 is GRANTED WITH LEAVE TO AMEND.

**B.  Claims based on Requirements for Warranty Claim Verification/Procedure**

Claims 4, 5, and 6 are based on Plaintiffs' assertion that the requirements for Warranty Claim Verification and Procedure are unconscionable. Claim 4 is for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Plaintiffs allege that Defendant's conduct was "unlawful" under § 17200 because Bosch's imposition of duties on consumers other

13

than a duty of notification violated § 2304(b)(1) of the MMWA. FAC ¶ 229. As discussed above, Plaintiffs have failed to state a claim under § 2304(b)(1) because the warranty at issue is conspicuously designated as a "Limited Warranty." *See* Limited Warranty, Exh. A to FAC. Plaintiffs also allege that the Warranty Claims Procedure requirements constitute "unfair" conduct under § 17200, and that Defendant's failure to disclose the "hidden expense" under the Limited Warranty is "fraudulent" under § 17200. FAC ¶ 230.

Claim 5, for unjust enrichment, alleges that "the purchase price paid by Plaintiffs and Class Members did not contemplate that consumers would bear the cost of testing in order to assert a warranty claim. Bosch has refused to perform such testing, and Plaintiffs and Class Members have borne this cost." FAC ¶ 240.

Claim 6 is asserted under the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et. seq.* "The CLRA makes unlawful . . . various 'unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.'" *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 639 (2009). These prohibited acts or practices include "representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law," and "inserting an unconscionable provision in the contract." *Id.* (internal quotation marks, citation, and alterations omitted). Plaintiffs allege that Defendant violated the CLRA by including unconscionable provisions in the Limited Warranty, including the provisions regarding proof of claim and standard test conditions. FAC ¶¶ 252-53.

Except for the portion of the § 17200 claim based on the MMWA, all of these claims are based on Defendant's insertion of allegedly unconscionable and fraudulent provisions in the claims procedures of its Limited Warranty. Defendant argues that the UCL and CLRA claims fail because they do not allege loss of money or property or concrete harm. Defendant contends that the unjust enrichment claim fails because the parties' rights are governed by an express binding agreement and because Plaintiffs do not allege Defendant's receipt and retention of a benefit. Additionally, Defendant contends that Plaintiffs have failed to allege procedural or substantive unconscionability.

14

### 1. Loss of Money or Property / Concrete Harm

In order to state a claim under the UCL, Plaintiffs must allege facts showing that the challenged conduct caused them to suffer an "injury in fact" and that they "lost money or property as a result of the unfair competition." *See* Cal. Bus. & Prof. Code § 17204; *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 852 (2008). In order to state a claim under the CLRA, Plaintiffs must allege facts showing that the challenged conduct caused them to suffer concrete harm. *See Meyer*, 45 Cal. 4th at 641 ("[I]n order to bring a CLRA action, not only must a consumer be exposed to an unlawful practice, but some kind of damage must result.").

Plaintiffs do not allege that the provisions of the Limited Warranty regarding proof of claim and standard test conditions were enforced against them by Defendant. Their UCL and CLRA claims are subject to dismissal on that basis, because "to establish injury in fact in this case, Plaintiffs must do more than allege that the provisions are unconscionable – they must show that insertion of these provisions has caused or will cause them concrete harm." *Lee v. Chase Manhattan Bank*, No. C07-04732 MJJ, 2008 WL 698482, at *2 (N.D. Cal. Mar. 14, 2008). Plaintiffs argue that they can assert claims based on the challenged provisions of the Limited Warranty, because nothing precludes Defendant from enforcing them. However, "Plaintiffs' alleged injury is a hypothetical injury based on conjecture about what might happen." *Id.* "[A] court may not presume damages based on the mere insertion of an unconscionable clause in a contract." *Id.* at *3. Accordingly, Plaintiffs' claims under the UCL and CLRA are subject to dismissal. *See id.* at *2-5 (dismissing claims under UCL and CLRA based on allegedly unconscionable provisions in a credit card agreement where plaintiffs did not allege injury in fact).

The motion to dismiss Claims 4 and 6 is GRANTED WITH LEAVE TO AMEND.

### 2. Unjust Enrichment

Under California law, "[t]he elements of a claim of quasi-contract or unjust enrichment are (1) a defendant's receipt of a benefit and (2) unjust retention of that benefit at the plaintiff's expense." *MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1094 (N.D. Cal. 2017). "The doctrine applies where plaintiffs, having no enforceable contract, nonetheless have conferred a benefit on defendant which defendant has knowingly accepted under circumstances that make it

inequitable for the defendant to retain the benefit without paying for its value." *Id.* (internal quotation marks and citation omitted).

Plaintiffs have not identified a benefit which Defendant retained at Plaintiffs' expense. Plaintiffs allege that "Plaintiffs paid Twenty-Five Thousand Three Hundred Thirty-Nine and 22/100 Dollars ($25,339.22) to purchase a solar power system which included the Bosch solar panels. The exact amount by which Bosch was enriched will be according to proof at trial." FAC ¶ 238. Plaintiffs also allege that "Bosch was enriched by this transaction because it made a profit on the sale of the solar panels." FAC ¶ 241. Plaintiffs allege that "Bosch's enrichment came at the expense of Plaintiffs because Plaintiffs paid the purchase price from which Bosch derived its profit." FAC ¶ 241. All of these allegations are entirely conclusory. Plaintiffs do not allege any facts suggesting that Bosch received any part of the purchase price Plaintiffs paid for their solar panels.

Plaintiffs assert that "Bosch has been further unjustly enriched in that the purchase price paid by Plaintiffs and Class Members did not contemplate that consumers would bear the cost of testing in order to assert a warranty claim. Bosch has refused to perform such testing, and Plaintiffs and Class Members have borne this cost." FAC ¶ 240. Plaintiffs do not allege any facts showing that they incurred testing costs which should have been borne by Bosch.

Plaintiffs' conclusory allegations are insufficient to state a claim for unjust enrichment. In their opposition brief, Plaintiffs argue that "[i]t is not hard to trace the money that Plaintiffs paid for Bosch's defective solar panels up the channel to Bosch." Opp. at 21, ECF 38. If that is so, Plaintiffs should have little difficulty amending their unjust enrichment claim to add facts showing that Bosch was enriched at the expense of Plaintiffs.

Defendant argues another basis for dismissal of the unjust enrichment claim, asserting that Plaintiffs cannot proceed on a quasi-contract theory, because "a quasi-contract cause of action does not lie where . . . express binding agreements exist and define the parties' rights." *MH Pillars*, 277 F. Supp. 3d at 1094. Plaintiff responds with citations to authorities holding that a claim for unjust enrichment need not be dismissed even if it is duplicative of other claims. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762-63 (9th Cir. 1915). It is not clear from the

16

authorities cited by Defendant that the existence of an express warranty absolutely bars a claim for unjust enrichment on facts such as those alleged here. However, Plaintiffs' unjust enrichment claim is subject to dismissal on the basis that they allege in only conclusory fashion that Defendant received a benefit and unjustly retained it at Plaintiffs' expense.

The motion to dismiss Claim 5 is GRANTED WITH LEAVE TO AMEND.

### 3. Procedural or Substantive Unconscionability

Defendant asserts that Plaintiffs' claims based on the allegedly unconscionable warranty provisions are subject to dismissal because Plaintiffs have not adequately alleged procedural or substantive unconscionability. The Court need not address this argument in light of its conclusion that all of Plaintiffs' claims are subject to dismissal on other grounds. However, as the Court observed at the hearing, Plaintiffs' allegations regarding procedural unconscionability are not particularly robust. For example, in order to establish oppression – a requisite element of a claim of procedural unconscionability – Plaintiffs must allege facts showing "an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice." *Tietsworth*, 720 F. Supp. 2d at 1139. "[A]ny claim of 'oppression' may be defeated if the complaining party had reasonably available alternative sources of supply from which to obtain the desired goods or services free of the terms claimed to be unconscionable." *Id.* Plaintiffs have not alleged facts showing that the market for solar panels was such that they had no reasonable available sources of supply. The Court urges Plaintiffs to take the opportunity afforded them by this order to amend their factual allegations supporting their claim of unconscionability.

### C. Standing to Sue on Models other than Bosch c-Si M 60 NA30119

Defendant contends that Plaintiffs lack standing to sue on models other than the Bosch c-Si M 60 NA30119 panels installed on their property. Defendants rely on *Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. C 10-01044 JSW, 2011 WL 159380, at *3 (N.D. Cal. Jan. 10, 2011), a food labeling case in which the district court dismissed claims based on food products not purchased by the plaintiff. *Carerra* is factually distinguishable from the present case, in which Plaintiffs allege that multiple solar panel models manufactured by Bosch were subject to the same unconscionable warranty terms. The Court therefore declines to dismiss Plaintiffs' claims based on other models

17

based on this argument.

### D. Suit on Behalf of Putative Nationwide Subclasses

Finally, Defendant contends that the Court may not exercise personal jurisdiction with respect to claims asserted by non-resident putative class members which arise from conduct unrelated to the state of California. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1782 (2017). At the hearing, the Court indicated that it would defer consideration of the *Bristol-Myers Squibb* issue because it would not raise a complete bar to litigation in California and the FAC is deficient in numerous other respects. Defendants may raise the issue in a future motion, if appropriate.

## IV. ORDER

(1) The motion to dismiss is GRANTED IN PART AND DENIED IN PART, WITH LEAVE TO AMEND;

(2) Any amended pleading shall be filed on or before June 19, 2019; and

(3) Leave to amend is limited to the defects addressed in this order. Plaintiffs may not add new claims or parties absent express leave of the Court.

Dated: May 29, 2019

BETH LABSON FREEMAN
United States District Judge