# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| STEVE R. ROJAS and ANDREA N. ROJAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOSCH SOLAR ENERGY CORPORATION,<br><br>Defendant. | Case No. 18-cv-05841-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF 79] |

In this putative class action, Plaintiffs Steve R. Rojas and Andrea N. Rojas ("Plaintiffs") sue Defendant Bosch Solar Energy Corporation ("Bosch") for breach of warranty and related claims arising out of alleged defects in solar panels manufactured by Bosch. Before the Court is Bosch's motion for relief from a Stipulated Protective Order issued by Magistrate Judge Nathanael M. Cousins on January 15, 2020.

The motion is DENIED for the reasons discussed below.

**I. BACKGROUND**

The Stipulated Protective Order at issue governs production of documents by non-party NB Baker Electric, Inc., dba Baker Electric Solar ("Baker"), in response to a subpoena duces tecum served by Plaintiffs in November 2019. Bosch had retained Baker to help facilitate Bosch's voluntary recall of certain solar panels in 2017. *See* Valenta Decl. ¶¶ 2-4 & Exh. A, ECF 79-1. For each recall claim it approved, Bosch provided the consumer's name and contact information to Baker, which then was to remove the faulty panels and install replacement panels. *See id.* This consumer contact information is contained in documents in Baker's possession that are responsive

to Plaintiffs' subpoena. *See* Wylie Decl. ¶¶ 1-3 & Exh. A. Baker initially objected to the subpoena based in part on third-party privacy interests. *Id*. However, Plaintiffs and Baker ultimately agreed to production under the Stipulated Protective Order issued by Judge Cousins on January 15, 2020. *See* Stipulated Protective Order, ECF 77.

Under the Stipulated Protective Order, Plaintiffs may utilize the documents produced by Baker to contact potential witnesses and potential class members. *See* Stipulated Protective Order ¶ 2, ECF 77. However, "Plaintiffs and/or Plaintiffs' counsel shall first explain the purpose of their communication and then inform each contacted individual or entity that he/she/it has the right not to speak with Plaintiffs and/or Plaintiffs' counsel and, upon a declination, Plaintiffs and/or Plaintiffs' counsel shall immediately terminate the conversation and will not contact such individual or entity again." *Id.* ¶ 3. The Stipulated Protective Order contains provisions to ensure that documents produced by Baker are kept confidential and are used solely for purposes of this lawsuit. *See id*. ¶¶ 3-6.

On January 29, 2020, Bosch filed a motion before Judge Cousins requesting leave to seek reconsideration of the Stipulated Protective Order ("Recon Motion"), and a motion before this Court requesting relief from Judge Cousins' Stipulated Protective Order ("Motion for Relief"). *See* Recon Motion, ECF 78; Motion for Relief, ECF 79. Judge Cousins immediately set a hearing on the Recon Motion. *See* Clerk's Notice, ECF 80. This Court issued an order extending its 14-day deadline to act on the Motion for Relief by an additional 14 days, through February 26, 2020, so that it would have the benefit of Judge Cousin's ruling on the Recon Motion when evaluating the Motion for Relief. *See* Order Extending Court's 14-day Period to Act, ECF 85.

On February 11, 2020, Judge Cousins issued an order denying Bosch's Recon Motion. *See* Order Denying Recon Motion, ECF 86. Judge Cousins found that Bosch had not shown reasonable diligence, because Bosch had notice of the subpoena to Baker on November 7, 2019 but Bosch did not object to document production until it filed its Recon Motion on January 29, 2020. *See id.* at 2. Judge Cousins also found that even if Bosch had been reasonably diligent, the discovery sought by the subpoena was relevant under Fed. R. Civ. P. 26(b)(1), as the requested documents are probative of liability issues. *See id.*

On February 14, 2020, Bosch filed a request for a ruling on its Motion for Relief in light of Judge Cousins' denial of Bosch's Recon Motion. *See* Request for Ruling, ECF 87.

## II. LEGAL STANDARD

A district court may refer nondispositive pretrial matters to a magistrate judge for disposition. *See* 28 U.S.C. § 636(b)(1)(A). "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). "A party may serve and file objections to the order within 14 days after being served with a copy." *Id*. In this district, such an objection must be made as a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge." Civ. L.R. 72-2.

"Unless otherwise ordered by the assigned District Judge, no response need be filed and no hearing will be held concerning the motion." Civ. L.R. 72-2. "The District Judge may deny the motion by written order at any time, but may not grant it without first giving the opposing party an opportunity to respond." *Id*. "If no order denying the motion or setting a briefing schedule is made within 14 days of filing the motion, the motion shall be deemed denied." *Id.*

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A)). "[T]he magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential – the district court "may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.

## III. DISCUSSION

Bosch asserts two bases for relief from Judge Cousins' Stipulated Protective Order. First, Bosch argues that the Stipulated Protective Order provides for discovery that is not relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1). Second, Bosch argues that the Stipulated Protective Order does not adequately protect the privacy interests of putative class members. The Court addresses those arguments in turn.

3

### A. Relevance

Rule 26 limits discovery to "matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Bosch contends that the sole purpose of the discovery sought from Baker is to locate potential class members, and that such discovery does not satisfy Rule 26 in light of *In re Williams-Sonoma, Inc.*, 947 F.3d 535 (9th Cir. 2020).

*Williams-Sonoma* addressed a putative class action brought by a Kentucky resident based on alleged misrepresentations regarding the thread count of Williams-Sonoma's linens. Before a class was certified, the district court determined that the plaintiff's claims were governed by Kentucky law, and that Kentucky consumer law prohibited class actions. *See Williams-Sonoma,* 947 F.3d at 538. The plaintiff thereafter sought discovery that admittedly was "for the sole purpose of aiding his counsel's attempt to find a California purchaser of bedding from Williams-Sonoma who might be willing to sue." *Id.* The district court ordered Williams-Sonoma to produce a list of all California customers who purchased bedding products of the type referred to in the complaint. *See id.* The Ninth Circuit determined that "using discovery to find a client to be the named plaintiff before a class action is certified is not within the scope of Rule 26(b)(1)," and on that basis it granted Williams-Sonoma's petition for a writ of mandamus directing the district court to vacate its discovery order. *Id.* at 540.

Judge Cousins expressly distinguished *Williams-Sonoma* in his order denying Bosch's Recon Motion, stating: "I find that the discovery sought from Baker is 'relevant to any party's claim or defense' under Fed. R. Civ. P. 26(b)(1) because the documents requested are probative of liability issues in the case and are not solely to find a new class representative. It therefore was not an abuse of process for plaintiffs to seek documents from Baker or for the Court to approve the stipulated protective order at ECF 77." Order Denying Recon Motion at 2, ECF 86.

"District courts review a magistrate judge's relevance determinations for abuse of discretion." *Estate of Najera-Aguirre v. Cty. of Riverside*, No. ED CV 18-762-DMG (SPx), 2019 WL 6898944, at *2 (C.D. Cal. Aug. 22, 2019). "A magistrate judge abuses her discretion 'only when [her] decision is based on an erroneous conclusion of law or where the record contains no evidence on which [she] rationally could have based that decision.'" *Id*. (quoting *Premium Serv.*

*Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)). Nothing in this record suggests that Judge Cousins' finding of relevance was based on an erroneous conclusion of law or insufficient evidence. Moreover, his finding is consistent with decisions of other district courts addressing requests for discovery of putative class members' contact information. "[D]istrict courts in this Circuit have often found that as a general rule, before class certification has taken place, all parties are entitled to equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties." *Arredondo v. Sw. & Pac. Specialty Fin., Inc.*, No. 1:18-cv-01737-DAD-SKO, 2019 WL 6128657, at *3 (E.D. Cal. Nov. 19, 2019) (internal quotation marks, citation, and alteration omitted). "For that reason, discovery of the putative class members' contact information is routinely allowed." *Id.*; *see also Martin*, 2017 WL 4517819, at *3 ("Disclosure of contact information for putative class members is a common practice in the class action context.").

Bosch asserts that "the likely purpose" of Plaintiffs' subpoena is "to find a new California plaintiff due to the atypicality of the named Plaintiffs' claims." Motion for Relief at 4, ECF 79. That assertion is purely speculative. In support, Bosch cites to this Court's comment at a hearing questioning whether Plaintiffs can satisfy the typicality requirement of Rule 23. This Court's comment does not constitute evidence of Plaintiffs' motivation in issuing the subpoena to Baker.

Bosch has failed to show that Judge Cousins' issuance of a Stipulated Protective Order, permitting routine discovery of documents that he expressly found to be relevant under Rule 26, was clearly erroneous or contrary to law.

**B.    Privacy Interests**

Bosch next argues that the Stipulated Protective Order does not adequately protect the privacy interests of putative class members. Specifically, Bosch contends that Judge Cousins should have balanced those privacy interests against Plaintiffs' need for discovery using the test articulated by the California Supreme Court in *Pioneer Elecs. (USA) v. Superior Court*, 40 Cal. 4th 360 (2007). Bosch also contends that if he was going to permit discovery, Judge Cousins should have required an opt-out notice pursuant to *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007).

5

In *Pioneer*, the plaintiff brought a putative consumer class action against the seller of allegedly defective DVD players. *See Pioneer*, 40 Cal. 4th at 363. The plaintiff moved to compel the defendant seller to produce unredacted copies of customer complaints, as well as contact information for each complainant. *See id.* The discovery dispute made its way to the California Supreme Court, which held that a court considering such a dispute must balance the privacy interests of putative class members against legitimate competing interests such as the discovery rights of civil litigants. *See id.* at 370-71. The California Supreme Court indicated that "[p]rotective measures, safeguards and other alternatives may minimize the privacy intrusion." *Id.* at 371. "[I]f intrusion is limited and confidential information is carefully shielded from disclosure except to those who have a legitimate need to know, privacy concerns are assuaged." *Id.* (internal quotation marks and citation omitted).

"In diversity jurisdiction cases, federal courts can recognize a third-party's privacy rights under state law." *Billal v. Alere Health, LLC*, No. SACV 14-00390 AN, 2014 WL 12844179, at *2 (C.D. Cal. Dec. 4, 2014). Thus, in diversity cases, district courts in this Circuit generally apply the *Pioneer* test when discovery requests implicate the privacy rights of putative class members. *See, e.g., McEwan v. OSP Grp.*, L.P., No. 14-CV-2823-BEN (WVG), 2016 WL 1241530, at *3-4 (S.D. Cal. Mar. 30, 2016) (applying *Pioneer* test to precertification discovery dispute in diversity action); *Cholakyan v. Mercedes-Benz USA*, LLC, No. CV 10-5944 MMM JC, 2011 WL 7575379, at *7 (C.D. Cal. Dec. 20, 2011) (same); *Bright v. Dennis Garberg & Assocs., Inc.*, No. CV 10-7933 AHM(JCX), 2011 WL 13150146, at *6 (C.D. Cal. Nov. 15, 2011) (same).

Bosch argues that the Stipulated Protective Order "does not comply with California law" because Judge Cousins did not apply the *Pioneer* balancing test. *See* Motion for Relief at 4-5, ECF 79. As an initial matter, federal question jurisdiction lies in this case, as Plaintiffs assert a claim under the Magnuson-Moss Warranty Act, MMWA"), 15 U.S.C. § 2310. *See* Second Am'd Compl., ECF 53. Consequently, it is not clear whether *Pioneer* applies. Even assuming it does, Bosch has not demonstrated that Judge Cousins' issuance of the Stipulated Protective Order is at odds with *Pioneer*. Numerous courts in this Circuit have concluded that a plaintiff's discovery needs outweigh putative class members' privacy interests in their contact information, particularly

where production of the contact information is safeguarded by a protective order or other appropriate measure. *See, e.g., Goro v. Flowers Foods, Inc.*, No. 17-CV-02580-JLS-JLB, 2018 WL 3956018, at *10 (S.D. Cal. Aug. 17, 2018) (compelling production of putative class members' contact information where information was subject to a protective order and the plaintiffs' counsel was required to inform each putative class member of the right not to talk to counsel); *McEwan*, 2016 WL 1241530, at *4 (finding that disclosure of contact information did not constitute a serious invasion of privacy interests, and any confidentiality concerns were addressed by protective order); *Cholakyan*, 2011 WL 7575379, at *7 (finding that the plaintiff's right to pursue the lawsuit outweighed privacy rights of putative class members and noting that production was governed by protective order). Bosch has not cited a single decision in which discovery of putative class members' contact information was denied on privacy grounds.

Bosch contends that any discovery of contact information should be subject to a *Belaire-West* notice. In *Belaire-West*, a California appellate court held that third-party privacy concerns were addressed by a notice informing putative class members that they could opt out if they did not want their contact information disclosed to the plaintiff's attorneys. *See Belaire-West*, 149 Cal. App. 4th at 561. While such a notice could be used in this case, Bosch has not demonstrated that Judge Cousins erred by failing to require a *Belaire-West* notice. To the contrary, "[t]he predominant practice among courts in the Northern District of California is to allow pre-certification discovery of putative class members' confidential contact information subject to a protective order, without requiring a *Belaire-West* notice. *Austin v. Foodliner, Inc.*, No. 16-cv-07185-HSG (DMR), 2018 WL 1168694, at *2 (N.D. Cal. Mar. 6, 2018) (internal quotation marks, citation, and alteration omitted). "Courts in this district generally have required *Belaire-West* notices only when there are special privacy concerns, such as the disclosure of medical or financial information, and/or when the parties have agreed to such notice." *Id*. Bosch has failed to show that special privacy concerns exist in the present case.

In conclusion, Judge Cousins' issuance of the Stipulated Protective Order was consistent with the predominant approach of district courts in this Circuit. Bosch has failed to establish that the Stipulated Protective Order was clearly erroneous or contrary to law.

## IV. ORDER

Bosch's Motion for Relief from Judge Cousins' Stipulated Protective Order is DENIED.

This order terminates ECF 79.

Dated: February 20, 2020

_____
BETH LABSON FREEMAN
United States District Judge