UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVE R. ROJAS and ANDREA N. ROJAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOSCH SOLAR ENERGY CORPORATION,<br><br>Defendant. | Case No. 18-cv-05841-BLF<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE COUSINS; AND REFERRING MATTER TO JUDGE COUSINS FOR FURTHER PROCEEDINGS**<br><br>[Re: ECF 128] |

Plaintiffs Steve R. Rojas and Andrea N. Rojas ("Plaintiffs") sue Defendant Bosch Solar Energy Corporation ("Bosch") for breach of warranty and related claims arising out of alleged defects in solar panels manufactured by Bosch. Before the Court is Plaintiffs' motion for relief from Magistrate Judge Nathanael M. Cousins' nondispositive pretrial order denying Plaintiffs' motion to compel and for sanctions. *See* Mot. for Relief, ECF 128. The motion for relief, which is opposed by Bosch, has been submitted for decision without oral argument. *See* Order, ECF 129; Opp., ECF 134.

For the reasons discussed below, Plaintiff's motion for relief from Judge Cousins' order is GRANTED IN PART, and the matter is REFERRED to Judge Cousins for further proceedings.

**I.   BACKGROUND**

On May 14, 2020, the parties filed a Discovery Letter Brief informing Judge Cousins of multiple discovery disputes. *See* Discovery Letter Brief, ECF 98. The following day, Judge Cousins granted Plaintiffs leave to file a motion to compel and for sanctions, set a briefing

schedule, and set a hearing for June 3, 2020. *See* Clerk's Notice, ECF 99. Plaintiffs timely filed their motion to compel and for sanctions on May 20, 2020. *See* Mot. to Compel and for Sanctions, ECF 106. The Notice of Motion identified the relief sought as follows:

> [A]n order compelling Defendant Bosch Solar Energy Corporation to do the following:
>
> 1. Produce the documents described in Plaintiffs' First Request for Production of Documents and Third Request for Production of Documents (the "Document Requests") in the manner described in the Proposed Order submitted herewith.
>
> 2. Provide amended, responsive responses to Plaintiffs' First Set of Interrogatories and Second Set of Interrogatories in the manner described in the Proposed Order submitted herewith.
>
> 3. Produce solar panels for inspection pursuant to Plaintiffs' Second Request for Production of Documents and to preserve the solar panels until inspection can be accomplished, in the manner described in the Proposed Order submitted herewith.
>
> 4. To not destroy, recycle or otherwise dispose of Bosch solar panels, model number c-SIM 60 NA30119, ("NA30119 panels") that are currently being stored or which may hereafter be de-installed, without a Court order or stipulation of the parties.
>
> 5. To store all NA30119 panels pending inspection.
>
> 6. To return to California for inspection and testing the approximately one hundred NA30119 panels which were previously in California after de-installation but which were removed to Arkansas by Bosch; Plaintiffs request that the Court order Bosch to ship said panels to Arnold Rodio of Evaluation and Remediation Services located at 43141 Business Center Parkway, Suite #202, Lancaster, CA 93535.

*See id.* at 1. Plaintiffs also sought sanctions against Bosch and leave to file a motion for evidentiary preclusion based on spoliation of evidence. *See id.* at 1-2.

After completion of briefing on the motion, Judge Cousins heard oral argument on June 3, 2020. *See* Minute Entry, ECF 114. Judge Cousins observed at the outset that the most urgent issues raised by Plaintiffs' motion appeared to be those relating to inspection and retention of the solar panels. *See* 6/3/20 Hrg. Tr. 4:9-6:12, ECF 117. After hearing from both sides on those issues, Judge Cousins directed the parties to meet and confer on an inspection and retention protocol and he continued the hearing for two weeks. *See id.* 20:15-21:19. Judge Cousins deferred oral argument on the remaining issues raised in Plaintiffs' motion. *See id.* 21:15-17.

Judge Cousins held a further hearing on June 17, 2020. *See* Minute Entry, ECF 121. At that hearing, the parties informed Judge Cousins that they had made significant progress on an

1   inspection and retention protocol. *See* 6/17/20 Hrg. Tr. 3:3-25, ECF 128-1. Judge Cousins
2   suggested continuing the hearing for another week to allow further meet and confer on the
3   protocol. *See id.* 4:12-21. However, when Plaintiffs' counsel requested that oral argument
4   proceed, Judge Cousins agreed to hear argument on the remaining issues raised by Plaintiffs'
5   motion. *See id.* 5:21-6:9. Judge Cousins indicated that he would hear from Plaintiffs' counsel
6   first, and then from Bosch's counsel. *See id.* 6:8-9. Plaintiffs' counsel spoke at length, focusing
7   primarily on the spoliation and sanctions aspects of the motion and touching only briefly on
8   Bosch's document production. *See id.* 6:10-15:17. Bosch's counsel responded, also focusing on
9   spoliation and sanctions. *See id.* 15:22-17:17. Judge Cousins then stated his ruling on the record,
10  denying Plaintiffs' motion to compel and for sanctions with the caveat that the parties should keep
11  working on the inspection and retention protocol. *See id.* 17:18-20:8. Judge Cousins spoke for
12  several minutes, addressing issues relating to the inspection and retention of the solar panels,
13  Plaintiffs' allegations that Bosch had engaged in a bad faith discovery strategy, and Plaintiffs'
14  assertion of spoliation. *See id.*

15  Judge Cousins did not specifically address the portion of Plaintiffs' motion seeking
16  production of documents. *See* 6/17/20 Hrg. Tr. 17:18-20:8, ECF 128-1. After Judge Cousins
17  rendered his ruling, Plaintiffs' counsel sought clarification, asking "What about the documents? I
18  mean, they haven't produced – what about the motion for them to produce the documents?" *Id.*
19  20:14-16. Judge Cousins responded, "I've denied your motion. Thank you. We're in recess." *Id.*
20  20:17-18.

21  Plaintiffs seek relief from four aspects of Judge Cousins' ruling, all related to Bosch's
22  asserted failure to produce documents.

23  **II.   LEGAL STANDARD**

24  A district court may refer nondispositive pretrial matters to a magistrate judge for
25  disposition. *See* 28 U.S.C. § 636(b)(1)(A). "When a pretrial matter not dispositive of a party's
26  claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must
27  promptly conduct the required proceedings and, when appropriate, issue a written order stating the
28  decision." Fed. R. Civ. P. 72(a). "A party may serve and file objections to the order within 14

days after being served with a copy." *Id.* In this district, such an objection must be made as a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge." Civ. L.R. 72-2.

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A)). "[T]he magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential – the district court "may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.

## III. DISCUSSION

Plaintiffs assert that four aspects of Judge Cousins' ruling are contrary to law. First, Plaintiffs argue that the ruling "fails to properly consider or apply the requirements of Rule 34," which "permits requests for production of documents within a responding party's 'possession, custody, or control.'" Mot. for Relief at 3, ECF 128. Second, they contend that the ruling "fails to properly consider or apply the provisions of Rules 26 and 34 in denying Plaintiffs' requests that the Court order Bosch's general objections overruled and the corresponding conditional language withdrawn." *Id.* at 4. Third, Plaintiffs claim that Judge Cousins' ruling "fails to properly consider and apply the requirements of Rules 34 and 26 and the relevant Ninth Circuit test concerning waiver of privilege objections when a timely privilege log is not produced." *Id.* at 5. Fourth, Plaintiffs argue that the ruling "fails to properly consider or apply Rule 37 with respect to Plaintiffs' request for discovery sanctions" based on Bosch's failure to produce documents. *Id.*

"A decision may be contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009). Here, the Court cannot determine whether Judge Cousins failed to apply, or misapplied, the relevant legal standards to the four issues identified above, because Judge Cousins did not articulate his reasons for denying those aspects of Plaintiffs' motion to compel and for sanctions. Absent explanation for Judge Cousins' ruling, it cannot be meaningfully reviewed. Indeed, the Advisory Committee Notes to Federal Rule of Civil

4

Procedure 72(a) state that "[t]he rule calls for a written order of the magistrate's disposition to preserve the record and facilitate review." Fed. R. Civ. P. 72, Advisory Committee Notes (1983), 97 F.R.D. 165, 228. While "[a]n oral order read into the record by the magistrate will satisfy this requirement," *see id.*, some reasoned decision clearly is required. Accordingly, the Court will refer the matter back to Judge Cousins so that he may provide his reasons for denying Plaintiffs' motion to compel production of documents and sanctions relating to the asserted non-production. Plaintiffs thereafter may file a renewed motion for relief from Judge Cousins' ruling, if appropriate.

The Court observes that in opposing Plaintiffs' current motion for relief, Bosch argues that Plaintiffs have failed to show that Judge Cousins' ruling is clearly erroneous. "The clear error standard allows the court to overturn a magistrate's factual determinations only if the court reaches a definite and firm conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) (quotation marks and citation omitted). Bosch's argument is inapposite, because Plaintiffs have not challenged Judge Cousins' ruling as clearly erroneous. Their motion is expressly limited to challenging the ruling as contrary to law.

IV. **ORDER**

(1) Plaintiffs' motion for relief from Judge Cousins' nondispositive pretrial order is GRANTED IN PART, in that the matter is REFERRED back to Judge Cousins so that he may articulate the reasons for his ruling; and

(2) This order terminates ECF 128.

Dated: July 20, 2020

_____
BETH LABSON FREEMAN
United States District Judge