**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STEVE R. ROJAS and ANDREA N. ROJAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOSCH SOLAR ENERGY CORPORATION,<br><br>Defendant. | Case No. 18-cv-05841-BLF<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE ON DISPUTED LANGUAGE FOR SOLAR MODULE PROTOCOL; AND REFERRING MATTER TO JUDGE COUSINS FOR FURTHER PROCEEDINGS**<br><br>[Re: ECF 139] |

Plaintiffs Steve R. Rojas and Andrea N. Rojas have filed a Motion for Relief from Nondispositive Order of Magistrate Judge on Disputed Language for Solar Module Protocol. *See* Motion for Relief, ECF 139. The Court has considered Plaintiffs' motion (ECF 139), Defendant Bosch Solar Energy Corporation's response (ECF 146), and Defendant's additional brief submitted at the Court's request (ECF 148).

For the reasons discussed below, Plaintiffs' motion for relief from Judge Cousins' order is GRANTED IN PART, and the matter is REFERRED to Judge Cousins for further proceedings.

**I.   LEGAL STANDARD**

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A)). "[T]he magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

## III. DISCUSSION

Plaintiffs seek relief from Magistrate Judge Nathanael M. Cousins' order requiring that the parties' Agreement for Inspection and Retention of Solar Modules must designate "photographs or records of testing or inspection" of the Bosch solar panels as "Confidential Information" under the existing protective order in this case. *See* Order on Disputed Language for Solar Module Protocol, ECF 133. Plaintiffs contend that Defendant did not show good cause for the confidentiality requirement as necessary under Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(c)(1). Plaintiffs request that Judge Cousins' order be vacated or that the matter be referred to Judge Cousins for further proceedings.

In its initial response to Plaintiffs' motion, Defendant asserted that Plaintiffs have failed to meet their burden of showing that Judge Cousins' order is clearly erroneous or contrary to law. *See* Def.'s Response, ECF 146. The Court thereafter issued an order stating as follows:

> Judge Cousins' order did not state expressly that Defendant met its burden to show good cause. This Court nonetheless would be satisfied that Judge Cousins' order was not clearly erroneous or contrary to law if it were clear from the record that Defendant made the requisite good cause showing. The Court therefore directs Defendant to file a brief, not to exceed two pages, identifying where in the record it showed good cause for treating photographs or records of testing or inspection of the Bosch solar panels as "Confidential Information" under the protective order.

Order Directing Defendant to File Brief, ECF 147.

In response, Defendant filed a brief asserting that it did not have an opportunity to meet its burden to show good cause, because Judge Cousins vacated the hearing at which Defendant would have made that showing. *See* Def.'s Brief in Response to Court's Order, ECF 148. Defendant requests that the matter be referred to Judge Cousins for a good cause hearing. *See id.*

The Court finds that referral to Judge Cousins for further proceedings is appropriate. Absent explanation for Judge Cousins' ruling, it cannot be meaningfully reviewed. Moreover, given Defendant's contention that it was deprived of an opportunity to meet its burden of showing good cause, further proceedings appear necessary to ensure that the record on the confidentiality issue is fully developed. The Court leaves it to Judge Cousins' discretion whether a hearing is required or whether the parties' positions adequately may be presented through further written briefing.

2

**III.  ORDER**

    (1)    Plaintiffs' Motion for Relief from Nondispositive Order of Magistrate Judge on Disputed Language for Solar Module Protocol is GRANTED IN PART, in that the matter is REFERRED to Judge Cousins for further proceedings; and

    (2)    This order terminates ECF 139.

Dated:  August 20, 2020

_____
BETH LABSON FREEMAN
United States District Judge