UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVE R. ROJAS and ANDREA N. ROJAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOSCH SOLAR ENERGY CORPORATION,<br><br>Defendant. | Case No. 18-cv-05841-BLF<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF 156] |

Plaintiffs Steve R. Rojas and Andrea N. Rojas ("Plaintiffs") have filed a motion for relief from Magistrate Judge Nathanael M. Cousins' Order After Rehearing on Plaintiffs' Motion to Compel Production of Documents by Defendant Bosch and Motion for Sanctions Against Bosch ("Order After Rehearing"). Under this district's Civil Local Rules, the Court may deny a motion for relief from a nondispositive pretrial order of a magistrate judge "by written order at any time, but may not grant it without first giving the opposing party an opportunity to respond." Civ. L.R. 72-2. The Court has determined that no response from Defendant Bosch Solar Energy Corporation ("Bosch") is necessary. The motion is DENIED for the reasons discussed below.

**I.   BACKGROUND**

Plaintiffs bring this putative class action against Defendant Bosch for breach of warranty and related claims arising from Bosch's manufacture of allegedly defective solar panels. On May 14, 2020, the parties filed a Discovery Letter Brief informing Judge Cousins of multiple discovery disputes. *See* Discovery Letter Brief, ECF 98. As relevant here, Plaintiffs asserted that Bosch improperly refused to produce documents in response to Plaintiffs' First and Third Requests for

1  Production of Documents ("Document Requests").  *See id.*  Plaintiffs argued that Bosch raised
2  meritless boilerplate and general objections, and that Bosch should be compelled to produce
3  documents in its possession and in the possession of its affiliated entities.  *See id.*  Bosch asserted
4  that its objections to the Document Requests are well-founded, it ceased doing business years prior
5  to commencement of this action, it has no employees, and it has no control over documents in the
6  possession of its non-party corporate affiliates.  *See id.*

Judge Cousins granted Plaintiffs leave to file a motion to compel and for sanctions.  *See* Clerk's Notice, ECF 99.  Plaintiffs filed that motion on May 21, 2020.  *See* Motion to Compel, ECF 106.  Bosch filed opposition, and Plaintiffs filed a reply.  *See* Opp., ECF 107; Reply, ECF 110.  The bulk of the parties' briefing was directed to discovery disputes other than those outlined above regarding Plaintiffs' Document Requests.  Judge Cousins held two hearings, during which counsel primarily addressed other disputes and touched on the Document Requests only briefly.  *See* 6/3/20 Hrg. Tr., ECF 117; 6/17/20 Hrg. Tr., ECF 125.   At the close of the June 17, 2020 hearing, Judge Cousins denied Plaintiffs' motion to compel production of documents on the record, without providing reasoning for his ruling.  See 6/17/20 Hrg. Tr. 17:18-20:18, ECF 25.

Plaintiffs filed a motion for relief from Judge Cousins' order regarding the Document Requests, asserting that it was contrary to law.  *See* Order, ECF 137.  The Court concluded that it could not determine whether Judge Cousins' ruling was contrary to law because he did not articulate the reasons for the ruling.  *See id.*  The Court granted Plaintiffs' motion for relief in part, and referred the matter to Judge Cousins so that he could articulate the basis for his ruling.  *See id.*  At Judge Cousins' direction, the parties filed a joint update regarding their discovery disputes as well as proposed orders.  *See* Joint Letter, ECF 141; Def.'s Proposed Order, ECF 142; Pls.' Proposed Order, ECF 144.  Judge Cousins held a further hearing on July 29, 2020.  *See* Minute Entry, ECF 145.  On August 28, 2020, Judge Cousins issued the nine-page Order After Rehearing that is the subject of Plaintiffs' present motion.  *See* Order After Rehearing, ECF 154.

## II.  LEGAL STANDARD

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'"  *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th

1  Cir. 1991) (citing Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A)).  "[T]he magistrate's factual
2  determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to
3  determine whether they are contrary to law."  *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348
4  (N.D. Cal. 2010).  This standard is highly deferential – the district court "may not simply
5  substitute its judgment for that of the deciding court."  *Grimes*, 951 F.2d at 241.

### III. DISCUSSION

In his Order After Rehearing, Judge Cousins granted in part and denied in part Plaintiffs' motion to compel production of documents described in their Document Requests.  Judge Cousins determined that with respect to Set One, Requests Nos. 3 and 4 are reasonably particular, relevant, and proportional to the needs of the case and he granted the motion to compel as to those requests. *See* Order After Rehearing at 5, ECF 154.  Plaintiffs agreed to amend Set One, Requests Nos. 21 and 33, and Set Three, Requests Nos 5 and 6.  *Id.* at 4.  Judge Cousins denied the motion to compel as to the remaining requests – Set One, Nos. 1, 2, and 7-25, and Set Three Nos. 1-4 and 7 – on the grounds that they do not satisfy the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34(b)(1)(A) and that Plaintiffs have not satisfied the proportionality requirement of Federal Rule of Civil Procedure 26(b)(1).  *Id.*  Judge Cousins also determined that documents possessed by non-party entities Robert Bosch Tool Corporation ("Bosch Tool") and Bosch Solar Services GmbH ("Bosch GmbH") are not within Bosch's "possession, custody, or control" within the meaning of Rule 34(a)(1)(A), and therefore denied Plaintiffs' motion to compel production of documents held by those entities.  *Id.* at 7.

Plaintiffs challenge both the denial of their motion to compel production as to Set One, Nos. 1, 2, and 7-25, and Set Three Nos. 1-4 and 7, and the denial of their motion to compel production of documents in the possession of non-party entities Bosch Tool and Bosch GmbH.

### A. Denial of Motion to Compel Production as to Certain Document Requests

Plaintiffs argue that Judge Cousins' denial of their motion to compel production of documents responsive to Set One, Nos. 1, 2, and 7-25, and Set Three Nos. 1-4 and 7, is contrary to law, because Judge Cousins effectively applied a *per se* rule that language such as "all documents" and "relating to" cannot satisfy Rule 34(b)(1)(A).  Alternatively, Plaintiffs argue that the denial is

3

clearly erroneous under the applicable legal standards. Both arguments are without merit.

Judge Cousins did not apply a *per se* rule. He determined that in this particular case, in which nearly all of Plaintiffs' document requests are framed in terms of broad language relating to a variety of topics, Plaintiffs have not satisfied Rule 34(b)(1)(A) with respect to the requests identified in the Order After Rehearing. *See* Order After Rehearing at 4, ECF 154. In making that determination, Judge Cousins properly relied on Rule 34 and relevant case law. *See id.* It is clear from the record that Judge Cousins considered each request to determine whether it meets the applicable legal standards. Judge Cousins also correctly determined that in the context of this case and these Document Requests, Plaintiffs have "not shown that the requested documents are proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1)." Order After Rehearing at 4, ECF 154. Plaintiffs do not address Judge Cousins' determination on the issue of proportionality, which constitutes an independent basis for his ruling. *See Pangborn v. Los Angeles Cty. Deputy Sheriffs Lieutenant Baudino*, No. CV 15-6812 AB(JC), 2018 WL 6265055, at *11 (C.D. Cal. Sept. 27, 2018) (denying motion to compel on basis that requested discovery was not proportional to needs of the case under Rule 26(b)(1)).

Plaintiffs' motion for relief from this aspect of Judge Cousins' ruling is DENIED.

**B.     Denial of Motion to Compel as to Documents in Possession of Other Entities**

Plaintiffs assert that Judge Cousins' denial of their motion to compel production of documents in the possession of non-party entities Bosch Tool and Bosch GmbH is contrary to law. This argument is without merit. Judge Cousins correctly identified the relevant legal authorities, including Federal Rule of Civil Procedure 34, *In re Citric Acid Litig.*, 191 F.3d 1090 (9th Cir. 1999), *M. G. v. Bodum USA, Inc.*, No. 19-CV-01069-JCS, 2020 WL 1667410 (N.D. Cal. Apr. 3, 2020), and *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630 (D. Or. 2015). Rule 34 permits a party to serve on any other party a request within the scope of Rule 26(b) for documents that are in the responding party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). In *Citric Acid*, the Ninth Circuit defined "control" as "the legal right to obtain documents upon demand." *Citric Acid*, 191 F.3d at 1107 (construing "possession, custody, or control" provision of Federal Rule of Civil Procedure 45). "The party seeking the documents bears the burden of

4

demonstrating that the responding party exercises such control." *Bodum*, 2020 WL 1667410, at *3 (quotation marks and citation omitted). Applying these standards, Judge Cousins found that Plaintiffs had not established that Defendant Bosch has the legal right to obtain documents from Bosch Tool and Bosch GmbH, and thus had not established that Defendant Bosch has the requisite control over documents in the possession of those non-party entities. *See* Order After Rehearing at 6-7, ECF 154.

Plaintiffs argue that Judge Cousins ignored case law holding that an agency relationship may be sufficient to establish control under Rule 34. Judge Cousins expressly recognized that in *St. Jude*, 305 F.R.D. 630, the district court held that control "may be established by the existence of a principal-agent relationship." *See* Order After Rehearing at 6, ECF 154. However, Judge Cousins found persuasive *Bodum*, a subsequent decision of the Chief Magistrate Judge of this district, declining to read *St. Jude* so broadly as to mean that the requisite control may be established based on the close nature of a corporate relationship even where the defendant does not have a legal right to demand that its affiliate furnish the requested discovery materials. *See Bodum*, 2020 WL 1667410, at *3. Judge Cousins determined that, based on the record before him, Plaintiffs failed to establish the requisite control through agency or otherwise *See* Order After Rehearing at 7, ECF 154. To the extent Plaintiffs ask this Court to set aside that determination as clearly erroneous, the Court declines to do so. After reviewing the record, this Court agrees that Plaintiffs have not established that Bosch Tool and Bosch GmbH are the agents of Bosch, or any other basis for finding that documents held by Bosch Tool and Bosch GmbH are within the control of Bosch.

The Court notes that Plaintiffs focus on a single statement in Judge Cousins' order that "[t]he agency argument advanced by Plaintiffs in this case does not square with the 'legal control' test set forth in *Citric Acid*." Order After Rehearing at 7, ECF 154. Plaintiffs read that statement as a repudiation of the principle that an agency relationship may be sufficient to establish control, and they argue that such a position is contrary to law. The Court does not read Judge Cousins' statement so broadly. In the Court's view, the context of the statement makes clear that Judge Cousins found Plaintiffs' showing on agency to be insufficient to establish that Bosch has a legal

5

right to obtain the requested documents from the non-party entities as required under *Citric Acid*. *See id.*

### C. Further Proceedings

Judge Cousins' denial of Plaintiffs' motion to compel is without prejudice to Plaintiffs' serving amended requests for production that comply with Federal Rules of Civil Procedure 26 and 34. *See* Order After Rehearing at 4. Moreover, Judge Cousins noted that Bosch's counsel has offered to accept document subpoenas directed to Bosch Tool and to facilitate production of responsive documents. *See id.* at 6. The Court strongly urges the parties to conduct the remainder of the discovery necessary in this case in as practical and collaborative a manner as possible. To date, the parties have filed four motions for relief from Judge Cousins' nondispositive rulings. *See* Motions, ECF 79, 28, 139, 156. While the parties certainly have the right to file such motions, litigating them slows the progress of the case and takes up time and resources that more productively may be allocated elsewhere.

## IV. ORDER

(1) Accordingly, Plaintiffs' motion for relief from Judge Cousins' is DENIED; and

(2) This order terminates ECF 156.

Dated: September 18, 2020

_____
BETH LABSON FREEMAN
United States District Judge