# K&L GATES

July 13, 2021

Matthew G. Ball
matthew.ball@klgates.com

T +1 415 249 1014
F +1 415 882 8220

**SENT VIA EMAIL**

Magistrate Judge Nathanael Cousins
US District Court for the Northern District of California
San Jose Courthouse
Courtroom 5, 4th Floor
280 South First Street
San Jose, CA 95113

Re:     *Rojas v. Bosch Solar Energy Corporation -Case No. : 5:18-cv-05841-BLF*

Dear Judge Cousins:

Defendant Bosch Solar Energy Corp. ("Bosch Solar") hereby submits the following letter brief in connection with a discovery dispute between Bosch Solar and third party Sullivan Solar Power of California, Inc. ("Sullivan").  Despite Bosch Solar's request, Sullivan did not contribute to its portion of this joint letter.  However, Bosch Solar has attempted to summarize Sullivan's position below, based on discussions and emails exchanged with Sullivan's legal counsel.

This is a class action alleging that Bosch Solar breached certain warranties in connection with the sale of Model NA30119 solar panels (the '119 Panels) to putative class representative Plaintiffs Steven and Andrea Rojas, as well as a putative class of persons and entities who also purchased Model '119 Panels.  Sullivan is and was an installer of the solar panels, and it was allegedly a Sullivan employee who sold the '119 to the Rojases, and allegedly transmitted the Bosch Solar warranty terms to the Rojases.

Bosch Solar Position

On February 25, 2021, Bosch Solar served Sullivan with a valid deposition subpoena, and related document requests.  At no time has Bosch Solar ever received any written objections to the deposition notice or document requests.  Sullivan's counsel has never taken the position orally or in writing that the subpoena itself was invalid, or that service was ineffective.  Sullivan in fact complied with an earlier document subpoena served by Bosch Solar, albeit not before Bosch

Solar had to threaten to obtain a court order compelling compliance with that subpoena as well. To date, Sullivan has failed and refused to provide a witness for deposition, and has failed and refused to produce documents responsive to Bosch Solar's additional requests.

Bosch Solar currently faces a class certification opposition deadline of August 6.  Bosch Solar needs Sullivan's testimony to complete its opposition.  Bosch Solar requests that this Court issue an order compelling Sullivan to: (1) sit for deposition at a date and time sufficiently in advance of the August 6 deadline to enable Bosch Solar to complete the deposition and obtain the transcript; and (2) make a full and complete document production by 12 p.m. Pacific Time, three days in advance of the deposition date.  Bosch Solar further requests that this Court issue an order to show cause why Sullivan should not be held in contempt, and as a sanction pay to Bosch solar the attorney fees and costs incurred in connection with this letter briefing, and pay to Bosch Solar any and all costs incurred by Bosch Solar to expedite the Sullivan transcript.

At all times, Bosch Solar has been mindful of the burden a deposition subpoena puts on Sullivan as a third-party witness, and has done everything it could to make the process as convenient as possible for the Sullivan witness.  After serving Sullivan with a valid deposition subpoena on February 25, 2021, Bosch Solar had a discussion with Sullivan's counsel, Jeffrey Pollak, about scheduling the deposition at the most convenient time for Sullivan's witness.  Thus began what eventually became a pattern:  counsel for Bosch Solar would email Mr. Pollak to try to schedule the Sullivan deposition at a convenient time, follow up with a voicemail (or vice versa), and eventually receive a written or oral response from Mr. Pollak which promised that compliance was just around the corner, but then never seemed to materialize.  Counsel for Bosch Solar has searched through the relevant email exchanges, and found 18 separate emails that were part of such exchanges between April 2021, and June 2021.  On several occasions, counsel for Sullivan made representations that Sullivan intended to comply with the subpoena.  Bosch Solar reasonably relied on those representations, in part because of Sullivan's earlier compliance with the Bosch Solar document subpoena discussed above.  However, Sullivan has now made its true intentions clear, and Bosch Solar is now out of time.  On Tuesday, July 6, 2021, counsel for Bosch Solar reluctantly left a voicemail for Mr. Pollak with an ultimatum:  Sullivan must provide a date certain for the deposition by the close of business, or Bosch Solar would reluctantly be forced to seek a court order, and all available sanctions.  Bosch Solar heard nothing on July 6, 2021, and heard nothing from Mr. Pollak until Bosch Solar had drafted its portion of this letter and sent it via email to Mr. Pollak on Monday, July 12.

The Sullivan testimony is critical to Bosch Solar's class certification opposition for a variety of reasons.   Sullivan is mentioned more than 50 times in the operative complaint, and Sullivan is at the heart of key class certification issues.  For example, Plaintiffs' warranty claims depend on a series of allegations that a Sullivan employee (now deceased) orally transmitted the terms of the

Bosch Solar warranty that the Rojases now allege are the foundation for the basis of their bargain.  Another key issue relating to the Rojases' warranty claim is whether Bosch breached its warranty to the Rojases by unreasonably delaying the replacement of the Rojases' panels pursuant to an ongoing recall.  The allegations of the complaint, as well as deposition testimony from the Rojases themselves reveal that Bosch Solar had agreed to replace the Rojases' '119 Panels as part of an ongoing recall, but the Rojases ultimately brought this suit against Bosch Solar in part because of what the Rojases consider an unreasonable delay on the part of Bosch Solar to comply with its warranty obligations.  However, the current evidentiary record contains documents suggesting that Sullivan's own actions contributed to the delay that ultimately led to the Rojases bringing this class action lawsuit against Bosch Solar.  Sullivan's testimony thus potentially goes to the question of whether any delay can be attributed to Bosch Solar at all, and certainly goes to whether Sullivan's involvement in the Rojases' individual claim makes the Rojases' experience atypical and uncommon to the experience of the putative class the Rojases seek to represent.

Federal Rule of Civil Procedure 45 governs the service of deposition subpoenas on non-parties.  Pursuant to Fed. R. Civ. P. 45(e), the "court. . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Although subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court. See Fed. R. Civ. P. 45(a), Notes of Advisory Committee on Rules, 1991 Amendment ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions.")

Bosch Solar properly served Sullivan with a deposition subpoena and document requests, and Sullivan has neither objected, nor complied with the subpoena.  Bosch Solar diligently and repeatedly sought to obtain Sullivan's compliance without Court involvement, and with an intent to do everything possible to minimize inconvenience to the Sullivan witness.  Bosch Solar is further incurring costs relating to Sullivan's noncompliance and will continue to incur such costs.

Bosch Solar therefore requests this Court to order Sullivan to comply with the subpoena and document requests as set forth above, and to issue an order to show cause why Bosch Solar should not be awarded as contempt sanctions the fees and costs Bosch Solar has incurred as a result of Sullivan's failure to comply with the subpoena.  These fees and costs consist of fees and costs incurred in drafting this letter brief and presenting it to the Court, and the additional costs

for expediting the Sullivan transcript that Bosch will now be forced to incur to meet its August 6 deadline.[1]

### Bosch Understanding of Sullivan Position[2]

In our last telephone call, Sullivan's counsel instructed me to pick a day and serve a deposition notice.  Sullivan's counsel represented that Sullivan would produce as a PMK whoever was available on that day, and prepare that person accordingly.  After coordination with Plaintiffs' counsel, Bosch Solar today informed Sullivan's counsel via email that the deposition would take place on July 19, at 10 a.m.  A deposition notice was also served via email on Sullivan and Plaintiffs.  In addition, Sullivan communicated the following:

- Sullivan's counsel was out of the office and did not receive the voicemail of July 6 communicating the ultimatum.
- Sullivan's counsel does not practice in federal court, and is not representing Sullivan in the action, but has been merely assisting with coordination of the date of the deposition as a courtesy.
- Sullivan has already produced all documents responsive to the deposition subpoena.
- Regarding the delays in scheduling a deposition date, Sullivan's counsel's understanding is that the PMK for Sullivan Solar Power re: the Rojas matter has been sporadically present at the office/in the County for many months. On the assumption that this would be the person most appropriate to appear, he has been waiting for confirmation of availability.
- Sullivan's counsel's understanding is that the overwhelming majority of individuals who might have had personal knowledge of the Rojas matter are no longer with the company.

In closing, Bosch Solar submits that it is entitled to a Court order and sanctions despite Sullivan's most recent representation that it intends to comply with Bosch Solar's subpoena.  Given Sullivan's history, it is by no means a foregone conclusion that Sullivan will produce a witness on July 19th.  And, regardless of whether it does or not, Bosch Solar still will have incurred the costs of this letter brief, and will incur costs to expedite the transcript.

---

[1] Nothing in this letter brief is intended to waive any rights Bosch Solar may have to seek a modification of the class certification briefing schedule because of Sullivan's noncompliance with Bosch Solar's subpoena.

[2] As based on email exchanges and discussions with Sullivan's counsel.

Respectfully submitted,

Matthew G. Ball