MATTHEW G. BALL (SBN 208881)
matthew.ball@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: +1 415 249 1014
Facsimile: +1 415 882 8220

JOHN W. ROTUNNO (*pro hac vice*)
john.rotunno@klgates.com
JOSEPH C. WYLIE II (*pro hac vice*)
joseph.wylie@klgates.com
NICOLE C. MUELLER (*pro hac vice*)
nicole.mueller@klgates.com
K&L GATES LLP
70 West Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: +1 312 372 1121
Facsimile: +1 312 345 9976

Attorneys for Defendant
BOSCH SOLAR ENERGY
CORPORATION

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE R. ROJAS and ANDREA N. ROJAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BOSCH SOLAR ENERGY CORPORATION; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 5:18-cv-05841-BLF<br><br>**DEFENDANT BOSCH SOLAR ENERGY CORPORATION'S NOTICE OF MOTION AND MOTION TO STRIKE**<br><br>**CLASS ACTION**<br><br>Date:       October 28, 2021<br>Time:      9:00 A.M.<br>Court:     Courtroom 3<br>              280 South 1st Street, 5th Floor<br>              San Jose, California 95113<br><br>**The Hon. Judge Beth Labson Freeman** |

1

## **<u>TABLE OF CONTENTS</u>**

2

I.       INTRODUCTION ..................................................................................................1

3

II.      RELEVANT PROCEDURAL BACKGROUND ...................................................3

4

III.     LEGAL ARGUMENT...........................................................................................6

5

         A.     Plaintiffs' Purported Amended Class Definitions Should Be Stricken .......................6

6
7
                1.     A Putative Class Definition May Not Be Modified Without Amendment
                       of the Operative Pleading.................................................................7

8
9
                2.     Any Exceptions to the General Rule that A Putative Class Definition
10                     May Not Be Modified Without Amendment Have No Application Here
                       .......................................................................................................8

11
12       B.     Plaintiffs Purported Unilateral Expansion of the Class Definition Is Nothing
                More than an Unfounded Motion for Reconsideration, Brought Without Prior
13
                Leave of Court ...........................................................................................11

14
         C.     Amendment of the Pleadings to Expand the Definition of the Putative Class
15              Would, in Any Event, Be Wholly Unwarranted .........................................13

16
IV.      CONCLUSION...................................................................................................16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BOSCH SOLAR ENERGY CORPORATION'S MOTION TO STRIKE

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4
5

*In Re Aluminum Warehousing Antitrust Litig.*,
   No. 13-md-2481 (KBF), 2016 WL 1629350 (S.D.N.Y. Apr. 25, 2016) ...............................10

6
7

*Bristol-Myers Squibb Co. v Superior Ct.*,
   137 S. Ct. 1773 (2017)...................................................................................................15, 16

8

*Carpenter v. PetSmart, Inc.*,
   441 F. Supp. 3d 1028 (S.D. Cal. 2020).....................................................................................15

9
10

*Clay v. Cytosport, Inc.*,
   No. 15-cv-00165-L (DHB), 2016 WL 6082314 (S.D. Cal. Oct. 18, 2016) ............................8

11

*Clemens v. Daimler Chrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) ...............................................................................................15

12
13

*Coleman v. Quaker Oats Co.*,
   232 F.3d 1271 (9th Cir. 2000) ...............................................................................................14

14
15

*Costello v. Chertoff*,
   258 F.R.D. 600 (C.D. Cal. 2009) .............................................................................................7

16
17

*Cutlip v. Deutsche Bank Nat'l Tr. Co. for the Harborview Mortg. Loan Tr. Pass-
   Through Certificates 2007-7*,
   No. 15-cv-01345-BLF, 2015 WL 5964034 (N.D. Cal. Oct. 13, 2015).............................11, 12

18
19

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)................................................................................................................16

20

*Davis v. AT&T Corp.*,
   No. 15cv2342-DMS (DHB), 2017 WL 1155350 (S.D. Cal. Mar. 28, 2017)................9, 10, 13

21
22

*Fareed Sepehry-Fard v. U. S. Bank Nat'l Ass'n*,
   No. 18-cv-03885-BLF, 2018 WL 6025600 (N.D. Cal. Nov. 16, 2018) ................................11

23
24

*Fitness Anywhere LLC v. Woss Enterprs. LLC*,
   No. 14-cv-01725-BLF, 2017 WL 1833471 (N.D. Cal. May 8, 2017)...............................11, 12

25

*Goldstein v. Gen. Motors LLC*,
   445 F. Supp. 3d 1000 (S.D. Cal. 2020)....................................................................................16

26
27

*Grodzitsky v. Am. Honda Motor Co. Inc.*,
   No. 2:12-cv-01142-SVW, 2014 WL 718431 (C.D. Cal. Feb. 19, 2014)..................................7

28

*Johnson v. Harley-Davidson Motor Co. Grp., LLC*,
   285 F.R.D. 573 (E.D. Cal. 2012) ..............................................................................................7

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) .................................................................................14

*Jones v. Metropolitan Life Ins. Co.*,
   No. C-08-03971-JW (DMR), 2010 WL 4055928 (N.D. Cal. Oct. 15, 2010) ..........................7

*Jordan v. Paul Fin., LLC*,
   Case No. C 07-04496 SI, 2009 WL 192888 (N.D. Cal. Jan. 27, 2009) ...................................7

*McCurley v. Royal Seas Cruises, Inc.*,
   331 F.R.D. 142 (S.D. Cal. 2019) ............................................................................8

*Moser v. Benefytt, Inc.*,
   No. 19-56224, 2021 WL 3504041 (9th Cir. Aug. 10, 2021). ...............................................15

*Owino v. CoreCivic, Inc.*,
   No. 17-CV-1112 JLS (NLS), 2020 WL 1550218 (S.D. Cal. Apr. 1, 2020) ........................7, 8

*Patten v. Vertical Fitness Grp., LLC*,
   No. 12cv1614-LAB (MDD), 2013 WL 12069031 (S.D. Cal. Nov. 8, 2013) ......................8, 9

*Peterson v. Alaska Commc'ns Sys. Grp. Inc.*,
   No. 3:12-cv-00090-TMB, 2019 WL 6331355 (D. Alaska Nov. 26, 2019) .........................8, 9

*Ready Transport, Inc. v. AAR Manuf., Inc.*,
   627 F.3d 402 (9th Cir. 2010) ................................................................................7

*Sandoval v. Cnty. of Sonoma*,
   No. 11-cv-05817-TEH, 2015 WL 1926269 (N.D. Cal. Apr. 27, 2015) ...................................8

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   267 F.R.D. 583 (N.D. Cal. 2010) .....................................................................6, 8, 9

**Statutes**

California Consumer Legal Remedies Act ...........................................................................4

California Unfair Competition Law ...................................................................................4

Magnuson-Moss Warranty Act.................................................................................4, 14

**Other Authorities**

Civ. L.R. 7-9 .................................................................................................11

Civ. L.R. 7-9(b) .............................................................................................12

Civ. L.R. 7-9(b)(1) ..........................................................................................12

Civ. L.R. 7-9(b)(2) ..........................................................................................12

DEFENDANT BOSCH SOLAR ENERGY CORPORATION'S MOTION TO STRIKE

Civ. L.R. 7-9(b)(3)................................................................................................13

Fed.R.Civ.P. 15(a)...............................................................................................13

Fed.R.Civ.P. 15(a)(2)...........................................................................................13

Fed.R.Civ.P. 16(b)...............................................................................................13

Fed.R.Civ.P. 16(b)(4)...........................................................................................13

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that on October 28, 2021 at 9:00 A.M., or as soon thereafter as

4

counsel may be heard in Courtroom 3 of the above-captioned Court, located at 280 South 1st Street,

5

5th Floor, San Jose, California 95113, Defendant Bosch Solar Energy Corporation ("Bosch Solar")

6

will, and hereby does, move to strike from Plaintiffs' Notice of Motion and Motion for Class

7

Certification (ECF. No. 165) the modified putative class definitions appearing at pages v and 9-10 of

8

said Plaintiffs' Motion and the accompanying Memorandum of Points and Authorities, together with

9

all related discussion of and argument pertaining to these purportedly expanded putative classes

10

appearing in Plaintiffs' Motion and Memorandum of Points and Authorities.

11

By this motion, Bosch Solar seeks an Order from this Court striking the matter described

12

above.  This motion is based on this Notice of Motion and Motion, the attached Memorandum of

13

Points and Authorities, the Declaration of Nicole C. Mueller in Support of Defendant Bosch Solar

14

Energy Corporation's Motion to Strike, together with the exhibits thereto, the pleadings, Orders of

15

Court, and records on file in this action, such additional arguments as may be presented in any reply

16

and at the hearing on this motion, and such other matters as to which this Court may take judicial

17

notice.

18

**MEMORANDUM OF POINTS AND AUTHORITIES**

19

**I.     INTRODUCTION**

20

Plaintiffs Steve R. Rojas and Andrea N. Rojas ("Plaintiffs") filed this putative class action

21

against Bosch Solar Energy Corporation ("Bosch Solar") nearly three years ago, alleging, *inter alia*,

22

breaches of a written warranty on solar panels installed at their residence under a power purchase

23

agreement with a third party.  In their original Complaint for Damages and Injunction (ECF No. 1)

24

("original Complaint") and First Amended Complaint for Damages and Injunction (ECF No. 32) (the

25

"FAC"), Plaintiffs sought to represent putative nationwide classes of purchasers, final customers, end-

26

users or subsequent owners of Bosch Solar Model C-SiM60NA30119 solar panels (the "119

27

Modules").  (Complaint at ¶ 58; FAC at ¶ 170.)  Bosch Solar filed motions to dismiss both of these

28

pleadings and, upon filing their Second Amended Complaint for Damages and Injunctive Relief (ECF

No. 53) (the "SAC"), Plaintiffs narrowed the putative classes they purport to represent to residents of five states.  (SAC, ¶ 216.)  Following a third motion to dismiss, the Court further narrowed Plaintiffs' putative class claims, dismissing without leave to amend "all claims asserted on behalf of residents of states other than California," in accordance with the majority view in this Circuit that putative class claims arising under the laws of states in which no named plaintiff resides should be dismissed for lack of standing.  Order Granting in Part and Denying in Part Defendant's Motion to Dismiss the Second Amended Complaint, Without Leave to Appeal, dated March 6, 2020 (ECF No. 89) at 7-8 (the "March 6, 2020 Order").

Now, more than a year after the Court's ruling, Plaintiffs seek certification of a completely different putative class, specifically a purported *nationwide* class of "consumers, final customers, end users, subsequent buyers, and subsequent owners" of the panels at issue.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification (ECF No. 165) (the "Motion for Class Certification") at 9 (emphasis supplied).  Plaintiffs' motion thus asks the Court to certify a putative class different from and vastly broader than the one alleged in the SAC.  Plaintiffs also seek, in the alternative, certification of a class consisting of residents of four states in addition to residents of California -- a five state class squarely rejected in this Court's March 6, 2020 Order.  (*Id.* at 9, n.2)

Plaintiffs' Motion for Class Certification is no more than a transparent, maladroit attempt at an impermissible end-run around the Court's March 6, 2020 ruling dismissing all claims purportedly asserted on behalf of residents of states other than California and denying leave to further amend Plaintiffs' claims.  Plaintiffs have not sought leave to file a motion for reconsideration of that Order, nor have they sought leave to amend their complaint, and they would not, in any event, be entitled to such relief under the circumstances of this case.  Plaintiffs should not be allowed to avoid the realities—and limitations—of their case as it stands today by effectively restarting this litigation nearly three years after it was commenced.  The purported class definitions appearing at pages v and 9-10 of Plaintiffs' Motion for Class Certification should be stricken, together with the related discussion of and argument pertaining to these purportedly expanded proposed classes appearing in Plaintiffs' Motion.

## II.   RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed their original Complaint in this action on September 24, 2018, purporting to assert claims for, *inter alia*, breach of warranty[1] on behalf of two putative nationwide subclasses and two California subclasses consisting of persons and entities who "purchased and installed Bosch Solar Panels, including end users on whose property Bosch Solar Panels have been installed" and persons who purchased property "on which Bosch Solar Panels were originally installed." (*See* Complaint at ¶ 58(a)-(d).)  Bosch Solar moved to dismiss the Complaint, arguing, *inter alia*, that Plaintiffs lacked standing to assert claims on behalf of absent putative class members where the claims allegedly arose under, or necessarily implicated, the laws of states in which no named plaintiff resided or suffered an injury.  (*See* Bosch Solar Energy Corporation's Notice of Motion and Motion to Dismiss Plaintiffs' Complaint (ECF No. 21) at 21-22.)  Bosch Solar also sought dismissal of claims purportedly asserted on behalf of putative nationwide subclasses for lack of specific jurisdiction.  (*Id.* at 22-24.)

Rather than briefing Bosch Solar's motion to dismiss the Complaint, Plaintiffs elected to amend their pleading.  Like its predecessor, the FAC sought to certify nationwide and California subclasses, although its definitions of the purported subclasses differed in a number of respects from the definitions appearing in the original Complaint.  (*Compare* Complaint ¶ 58(a)-(d) *with* FAC,

---

[1]   The original Complaint mistakenly attached a warranty issued by a different Bosch entity, located in Germany.  (*See* Complaint, Ex. B.)  Plaintiffs subsequently abandoned any contention that the warranty attached as an exhibit to the original Complaint had any application to the solar panels installed at their residence.  In their FAC, Plaintiffs admitted that they (and the other members of the putative subclasses alleged in that pleading) did not receive the actual Bosch Solar Limited Warranty and averred that the Limited Warranty also had not been given to the company that installed the panels at their residence.  (FAC ¶¶ 138-40.)  By the time they filed their SAC, Plaintiffs claimed that a salesman for the installer (which, according to the FAC, had not been given the Limited Warranty) somehow made oral representations to the Rojases that supposedly "accurate[ly] and precisely mirrored the language" of the Limited Warranty.  (SAC ¶¶ 158-69.)

¶ 170(a)-(d).)[2]  Bosch Solar again moved to dismiss for lack of standing to assert claims on behalf of residents of states other than California and for lack of specific jurisdiction.  (*See* Defendant Bosch Solar Energy Corporation's Notice of Motion and Motion to Dismiss First Amended Complaint (ECF No. 36) at 22.)  In ruling on Bosch Solar's Motion to Dismiss, the Court found it unnecessary to consider these arguments, observing that "the FAC is deficient in numerous other respects."  (Order Granting in Part and Denying in Part Motion to Dismiss First Amended Complaint, with Leave to Amend (ECF No. 49) at 18.)

Plaintiffs filed their SAC on June 19, 2019.  Rather than asserting claims on behalf of a putative nationwide class or subclasses, this time Plaintiffs expressly limited their class claims to putative subclasses of "final customers, end-users or subsequent owners" of the solar panels located in California, Arizona, Hawaii, Missouri, and North Carolina, and sought to assert claims under the common law and statutory laws of those five states.  (SAC at ¶ 216(1)-(4); First Claim for Relief, Third Claim for Relief and Fifth Claim for Relief.)  Plaintiffs also sought to bring claims under the Magnuson-Moss Warranty Act (*id.* at ¶¶ 255-67), and the California Unfair Competition Law (*id.* at ¶¶ 281-302), as well as a claim under the California Consumer Legal Remedies Act, on behalf of a putative class of California "consumer residents...."  (*Id.* at ¶¶ 216(5), 320-337.)  Bosch Solar moved to dismiss once more.  (ECF No. 62).  Following briefing, the Court granted Bosch Solar's motion as to, *inter alia*, all claims asserted under the laws of states in which no named plaintiff resided.

---

[2]      The original Complaint purported to define nationwide and California "Original Purchaser" subclasses, consisting of persons who "purchased and installed" Bosch solar panels, as well as subclasses of subsequent purchasers of property on which Bosch solar panels had been installed. (Complaint, ¶ 58.)  Presumably in belated recognition of the fact that the Rojases (who acquired title to the solar panels installed at their residence only *after* filing suit against Bosch Solar, in connection with the settlement of another lawsuit they had brought) might not qualify as members of either putative class of "purchasers," the FAC redefined "Original Purchaser" to include "final customers," and "subsequent owners" of the solar panels.  (FAC, ¶¶ 147, 170.)

DEFENDANT BOSCH SOLAR ENERGY CORPORATION'S MOTION TO STRIKE

(March 6, 2020 Order at 8) ("the motion to dismiss is GRANTED as to all claims asserted on behalf of residents of states other than California").[3]

Following entry of the Court's March 6, 2020 Order, the parties have engaged in fact discovery for more than a year.  In light of the dismissal of claims purportedly "asserted on behalf of residents of states other than California" (March 6, 2020 Order at 8, 28), neither Bosch Solar nor Robert Bosch Tool Corporation, a separate entity that was subpoenaed by Plaintiffs, was required to produce information or documents relating to the sale of panels to non-California residents.  *See* Bosch Solar Energy Corporation's Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief (ECF No. 96) at 4:10-17; *see also* Declaration of Nicole C. Mueller in Support of Defendant Bosch Solar Energy Corporation's Motion to Strike at ¶¶ 3-4 and Exhibits A and B thereto (objecting to discovery relating to claims made by residents of states other than California).  These entities were required, however, to expend substantial resources searching for, reviewing, and producing communications and documents relating to California residents.

On May 24, 2021, Plaintiffs filed their Motion for Class Certification.  Although Plaintiffs acknowledge that the Court's March 6, 2020 Order "GRANTED WITHOUT LEAVE TO AMEND Bosch's Motion to Dismiss as to all claims asserted on behalf of residents of states other than California," Plaintiffs now claim to have unilaterally "amended their class definition to…[include]...[a]ll persons or entities in the United States who are consumers, final customers, end users, subsequent

---

[3]      At the hearing on Bosch Solar's motion to dismiss, the Court observed that "if you [Plaintiffs' counsel] later have a named plaintiff, a representative from those other states, you can amend," but made clear that the Court would not open the door to a "fishing expedition for you to get clients" by allowing the claims purportedly asserted on behalf of non-California residents to proceed in the absence of named plaintiffs from those states.  (Transcript of Proceedings on November 21, 2019 (ECF No. 75) at 5:5-13.)  Plaintiffs did not, in any event, seek leave to amend their complaint for a third time, nor did they request reconsideration of the Court's Mach 6, 2020 Order limiting the scope of the proposed subclasses.

buyers, and subsequent owners of Bosch solar panels module number NA30119," together with a "California sublclass for unjust enrichment." (Motion for Class Certification at 8-9.)  In a footnote, Plaintiffs also purport to move, "[i]n the alternative" to their putative national class, for "certification of a five-state class consisting of California, Arizona, Hawaii, Missouri, and North Carolina." (*Id.* at 9-10, n.2.)

Plaintiffs' Motion for Class Certification thus purports (without leave of Court to move for reconsideration of the Court's March 6, 2020 Order, much less leave to amend the SAC) to make two fundamental amendments to the definition of the proposed class.  First, and most importantly, it seeks to expand a putative class of California residents to a purported *nationwide* class or, alternatively (and without explanation), a class consisting of residents of four states in addition to California.  Second, while the SAC, as limited by the March 6, 2020 Order, seeks to assert warranty claims on behalf of "final customers, end-users or subsequent owners" of certain Bosch solar panels (SAC at ¶ 216(1)-(4)), the Motion for Class Certification expands this putative class to "consumers, final customers, end users, subsequent buyers, and subsequent owners" of the '119 Modules, without any explanation of how the addition of the terms "consumers" and "subsequent buyers" is intended to alter and expand the putative class.  (Motion for Class Certification at 9.)

## III.   LEGAL ARGUMENT

### A.   Plaintiffs' Purported Amended Class Definitions Should Be Stricken

Remarkably, Plaintiffs make the assertion that their claimed amendments are somehow "[c]onsistent with the Court's previous motion to dismiss order," which (as Plaintiffs concede) squarely *rejected* Plaintiffs' allegations asserting "claims...on behalf of residents of states other than California." (*Id.* at 9-10.)  Plaintiffs further claim entitlement to unilaterally amend the class definition in this case, without leave of Court, "so long as the proposed modifications are minor, require no additional discovery, and cause no prejudice to defendants."  Motion for Class Certification at 9, n.1 (internal quotations omitted) (citing *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 590-91 (N.D. Cal. 2010)).  But even if this statement of the law were correct (and Bosch Solar respectfully submits that it is not the general rule of law), it is ludicrous to suggest that such a test could be met here, where the Motion for Class Certification seeks to expand the putative class *fifty-fold* and to

1    include new, undefined groups of persons.  These proposed modifications fail any test applied by the

2    courts in this Circuit.

3         A District Court possesses the inherent power to "strike material from the docket, including

4    portions of a document, reflecting procedural impropriety or lack of compliance with court rules or

5    orders."  *Jones v. Metropolitan Life Ins. Co.*, No. C-08-03971-JW (DMR), 2010 WL 4055928, at *6

6    (N.D. Cal. Oct. 15, 2010) (collecting authorities); *see also Ready Transport, Inc. v. AAR Manuf., Inc.*,

7    627 F.3d 402, 404 (9th Cir. 2010) (holding that a District Court possessed the inherent power to strike

8    an improperly filed document).  Here, the passages in Plaintiffs' Motion for Class Certification which

9    seek certification of putative classes that are not pleaded in the SAC and that are contrary to this

10   Court's March 6, 2020 Order (as well as the Case Management Order (ECF 52) entered May 30, 2019,

11   discussed *infra* at 14) are both procedurally improper and reflect a "lack of compliance with court

12   rules or orders."  For the reasons set forth below, Bosch Solar respectfully requests that the Court

13   strike Plaintiffs' newly conceived class definitions appearing at pages v and 9-10 of their Motion for

14   Class Certification, together with all related discussion of and argument pertaining to these purportedly

15   expanded putative classes appearing in Plaintiffs' Motion and Memorandum of Points and Authorities.

16        **1.      A Putative Class Definition May Not Be Modified Without Amendment of**

17                  **the Operative Pleading**

18        The Ninth Circuit has not addressed whether, or to what extent, a plaintiff may modify a

19   putative class definition at the certification stage.  *Grodzitsky v. Am. Honda Motor Co. Inc.*,

20   No. 2:12-cv-01142-SVW, 2014 WL 718431, at *4 (C.D. Cal. Feb. 19, 2014).  However, numerous

21   decisions hold that the class definition appearing in the operative complaint is controlling, and that a

22   plaintiff may not seek to certify a different class without amendment of that pleading.  *See, e.g.*,

23   *Costello v. Chertoff*, 258 F.R.D. 600, 604-05 (C.D. Cal. 2009) (stating that "[t]he Court is bound to

24   class definitions provided in the complaint and, absent an amended complaint, will not consider

25   certification beyond it"); *Johnson v. Harley-Davidson Motor Co. Grp., LLC*, 285 F.R.D. 573, 577, n. 2

26   (E.D. Cal. 2012) (court is bound by the class definition provided in the complaint); *Jordan v. Paul*

27   *Fin., LLC*, Case No. C 07-04496 SI, 2009 WL 192888, at *6 (N.D. Cal. Jan. 27, 2009) (plaintiff

28   seeking to modify class definition must seek leave to amend the complaint); *Owino v. CoreCivic, Inc.*,

DEFENDANT BOSCH SOLAR ENERGY CORPORATION'S MOTION TO STRIKE

No. 17-CV-1112 JLS (NLS), 2020 WL 1550218, at *8 (S.D. Cal. Apr. 1, 2020) (denying certification as to classes "which were neither included in nor narrower than the classes alleged" in the complaint); *Clay v. Cytosport, Inc.*, No. 15-cv-00165-L (DHB), 2016 WL 6082314, at *3 (S.D. Cal. Oct. 18, 2016) ("generally, a plaintiff may not expand the class definition without amending the complaint").  Under this standard, Plaintiffs' attempts to expand the definition in any way, absent prior amendment to the operative complaint, must be rejected.

> **2.**     **Any Exceptions to the General Rule that A Putative Class Definition May Not Be Modified Without Amendment Have No Application Here**

Some courts have recognized an exception to the principle requiring prior amendment to the operative pleading and allowed modification of a class definition without amendment where the modification serves only to *narrow* a class definition.  *See McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142, 161 (S.D. Cal. 2019) (citing *Bee, Denning, Inc. v. Capital All. Grp.*, 310 F.R.D. 614, 621 (S.D. Cal. 2015)); *see also Sandoval v. Cnty. of Sonoma*, No. 11-cv-05817-TEH, 2015 WL 1926269, at *2 (N.D. Cal. Apr. 27, 2015) (denying motion for leave to amend complaint as futile and holding that "[w]hile a party moving for class certification cannot *expand* the class definition, the party can *narrow* the definition") (emphasis in original).  Plaintiffs' unilateral attempt to enormously *expand* the scope of the putative class far beyond that defined in the SAC obviously does not come within this limited exception.

In a footnote to their Motion, Plaintiffs point to a few decisions that have allowed plaintiffs to modify a putative class definition at the certification stage where the modifications are "minor, require no additional discovery, and cause no prejudice to defendants."  *See* Motion for Class Certification at 9, n.1 (internal quotations omitted) (citing *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 590-91 (N.D. Cal. 2010); *Patten v. Vertical Fitness Grp., LLC*, No. 12cv1614-LAB (MDD), 2013 WL 12069031, at *3 (S.D. Cal. Nov. 8, 2013); *Peterson v. Alaska Commc'ns Sys. Grp. Inc.*, No. 3:12-cv-00090-TMB, 2019 WL 6331355, at *2 (D. Alaska Nov. 26, 2019).)  Plaintiffs make no attempt to apply this three-pronged standard to the facts of this case—and for good reason—since their claimed modifications do not meet any of these requirements.

DEFENDANT BOSCH SOLAR ENERGY CORPORATION'S MOTION TO STRIKE

*First*, Plaintiffs proposed modifications are not "minor" where they implicate "a completely different class." *Davis v. AT&T Corp.*, No. 15cv2342-DMS (DHB), 2017 WL 1155350, at \*4 (S.D. Cal. Mar. 28, 2017). In *Davis*, the court rejected the plaintiffs' argument that modification of a class definition was minor where the complaint limited the class definition to certain conditions, which were then removed from the amended proposed class definition and replaced with a number of other conditions. *Id.* at \*3. The court concluded that this was not "simply a narrower version of that proposed in the Complaints," but rather an "entirely different class." *Id.* Similarly, in this case, Plaintiffs seek to certify an "entirely different class" by transforming a putative class consisting of California residents to one that is nationwide (or, alternatively, to a class encompassing residents of four states in addition to California) and by including "consumers" and "subsequent buyers" of the '119 Modules in the purported national and alternative classes. These modifications are plainly distinguishable from those in the cases relied upon by Plaintiffs, in which the proposed modifications served to clarify the scope of the class. *See In re TFT-LCD*, 267 F.R.D. at 590-91 (modifying temporal limitation of definition by twenty days to account for two additional class members and to provide clarity as to the persons included in the definition); *Patten*, 2013 WL 12060931, at \*4 (allowing modification where discrepancy in class definition was "sloppy," but resulted in no prejudice to the defendants); *Peterson*, 2019 WL 6331355, at \*4 (granting a *defendant's* motion to amend a class definition where the court found that the proposed modification decreased "the likely difficulties in managing a class action," prevented putative class members from being "continually added to this case," and was "generally agreed to by the Parties") (internal citation and quotations omitted).

*Second*, Plaintiffs' proffered modifications likely would entail substantial additional discovery, further delaying disposition of this case. Following entry of the Court's March 6, 2020 Order, Plaintiffs' claims were limited to California residents. March 6, 2020 Order at 7-8. Consistent with this Court's Order, Bosch Solar limited its production to documents relating to California residents. Plaintiffs did not challenge this limitation. If Plaintiffs were allowed to modify their class definition at this time, Plaintiffs can be expected to seek to reopen—and essentially *re-start*—discovery to seek documents and information relating to the expanded putative class. Under similar circumstances, courts have denied requests to modify a class definition. *See, e.g., Davis*, 2017 WL 1155350, at \*4

DEFENDANT BOSCH SOLAR ENERGY CORPORATION'S MOTION TO STRIKE

1  (court precluded amendment of class definition where it found that "if the Court were to consider

2  Plaintiff's amended class, discovery on the [expanded] class would have to be reopened, which would

3  impose additional costs and expenses on the parties and further delay this case").

4       *Third*, the proposed modifications to the class definition would cause substantial prejudice to

5  Bosch Solar in a myriad of ways.  As noted above, should the class definition be modified, Plaintiffs

6  almost certainly would seek additional discovery, which would "impose additional costs and expenses

7  on the parties and further delay this case."  *Id.* at *4.  Bosch Solar would be required to conduct

8  additional discovery as well (including discovery directed to Plaintiffs' theories regarding the scope

9  of the subgroups of "consumers" and "subsequent buyers" added to their new-found class definitions).

10 *See In Re Aluminum Warehousing Antitrust Litig.*, No. 13-md-2481 (KBF), 2016 WL 1629350, at *6

11 (S.D.N.Y. Apr. 25, 2016) (denying motion for leave to file an amended complaint modifying the class

12 definition where the motion was made "in the midst of class certification briefing" and could

13 necessitate new fact or expert discovery "that defendants could not have anticipated (and had no reason

14 to conduct)" based upon the claims that had survived dismissal.

15      Bosch Solar would be further prejudiced by the *timing* of Plaintiffs' request coming, as it does,

16 more than fourteen months after the entry of the March 6, 2020 Order.  Plaintiffs should not be allowed

17 to unwind nearly three years' worth of litigation by redefining—and enormously expanding—the

18 scope of the putative class Plaintiffs now purport to represent.  As discussed *infra* 13, n. 4, Plaintiffs

19 claim that the Court's March 6, 2020 Order was "based upon an entirely different record," ostensibly

20 because plaintiffs had not "allege[d] a nationwide class" in their SAC (Motion for Class Certification

21 at 10), but this is not nearly the whole story.  Plaintiffs' initial Complaint and FAC *did* seek

22 certification of nationwide classes.  (*See* Compl. ¶ 58(a), (c); FAC ¶ 170(a), (c).)  Bosch Solar was

23 required to file two motions to dismiss before Plaintiffs abandoned their proposed national classes and

24 narrowed their putative class definitions to residents of five states.  Bosch Solar was then required to

25 file and brief a third motion to dismiss, which the Court properly granted as to claims purportedly

26 asserted on behalf of residents of states other than California.  (March 6, 2020 Order at 8, 28.)

27      In sum, Bosch Solar has been developing its defenses, and conducting its own discovery, based

28 on the claims that survived the Court's March 6, 2020 Order, and had no notice that Plaintiffs would

1   claim entitlement to revise the class definition—and substantially expand the claims at issue—until it

2   received Plaintiffs' Motion for Class Certification.  Now, with the filing of their Motion for Class

3   Certification, Plaintiffs have asked the Court to hit the reset button on the entire litigation.  There is

4   no evident reason for Plaintiffs to have delayed in bringing their claimed modifications to the Court's

5   and Bosch Solar's attention -- other than a desire to blindside Bosch Solar during class certification

6   briefing.  Plaintiffs should not be permitted to now seek certification of a purported class enormously

7   exceeding the putative class definition set forth in the SAC, as limited by the Court's March 6, 2020

8   Order.

9       **B.**     **Plaintiffs Purported Unilateral Expansion of the Class Definition Is Nothing More**

10              **than an Unfounded Motion for Reconsideration, Brought Without Prior Leave of**

11              **Court**

12

13          The Court's March 6, 2020 Order rejected Plaintiffs' efforts to assert claims on behalf of

14   putative class members located in states other than California, and denied Plaintiffs leave to amend

15   the SAC.  (March 6, 2020 Order at 28.)  Rather than seeking leave to file a motion for reconsideration

16   of the Court's Order, Plaintiffs have improperly and belatedly sought to employ their Motion for Class

17   Certification as an alternate vehicle by which to seek reversal of that Order.  Plaintiffs cannot meet the

18   threshold requirements for leave to file a motion for reconsideration of the Court's March 6, 2020

19   Order in light of the amount of time that has passed since its entry and the absence of any plausible

20   grounds for vacatur of that Order.

21          Reconsideration is an "'extraordinary remedy, to be used sparingly[.]'"  *Fitness Anywhere LLC*

22   *v. Woss Enterprs. LLC*, No. 14-cv-01725-BLF, 2017 WL 1833471, at *1 (N.D. Cal. May 8, 2017)

23   (quoting *Kona Enterprs. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *see also Fareed*

24   *Sepehry-Fard v. U. S. Bank Nat'l Ass'n*, No. 18-cv-03885-BLF, 2018 WL 6025600, at *2 (N.D. Cal.

25   Nov. 16, 2018) (finding that the plaintiff's arguments "d[id] not amount to 'highly unusual

26   circumstances' that would warrant reconsideration") (quoting *Kona Enterprs., supra,* 229 F.3d at 890).

27   Pursuant to Civil Local Rule 7-9, a party seeking reconsideration of a court order must first request

28   and obtain leave to file a motion for reconsideration.  *See Cutlip v. Deutsche Bank Nat'l Tr. Co. for*

the *Harborview Mortg. Loan Tr. Pass-Through Certificates 2007-7*, No. 15-cv-01345-BLF, 2015 WL 5964034, at *1 (N.D. Cal. Oct. 13, 2015).  To obtain leave to file a motion for reconsideration, "[t]he moving party must specifically show reasonable diligence in bringing the motion" as well as one of the following circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).  Here, none of these requirements are satisfied—which undoubtedly explains why Plaintiffs have failed to request the Court for leave to file a motion for reconsideration of its March 6, 2020 Order.

Plaintiffs unquestionably have failed to exercise "reasonable diligence" in challenging the Court's March 6, 2020 Order by waiting more than fourteen months to do so—and then without offering any plausible reason or justification for their delay.  *See Fitness Anywhere LLC*, 2017 WL 1833471, at *1-2 (expressing "skeptic[ism] that [the moving party] exercised 'reasonable diligence in bringing [its] motion'" because it waited eight and a half months after entry of the order at issue).  But even if Plaintiffs *had* timely sought leave to file a motion for reconsideration of the Court's March 6, 2020 Order dismissing all claims on behalf of residents of states other than California, and denying further leave to amend, none of the other prerequisites to reconsideration are present here.  There are no "material difference[s] in fact or law" from "that which was presented to the Court before entry" of the March 6, 2020 Order, much less differences in fact or law not known to Plaintiffs at the time

that Order was entered.  *See* Civ.L.R. 7-9(b)(1).  No "new material facts" have emerged, nor do Plaintiffs contend that a change in the law has occurred "after the time of such order...."  *See* Civ.L.R. 7-9(b)(2).[4]  And even Plaintiffs do not go so far as to suggest that there was any "manifest failure" by the Court to "consider material facts or dispositive legal arguments which were presented to the Court before" entry of its March 6, 2020 Order.  *See* Civ.L.R. 7-9(b)(3).  The only "failure" relevant here rests entirely with Plaintiffs.  Their disguised and procedurally improper *de facto* request for reconsideration of the Court's Order should be rejected summarily.  *Davis,* 2017 WL1155350, at *4 ("[c]onsideration of…[a revised class definition]…now would render the Court's previous decision a nullity, and would simply provide Plaintiff with an end-run around that decision").

**C.    Amendment of the Pleadings to Expand the Definition of the Putative Class Would, in Any Event, Be Wholly Unwarranted**

In a footnote to their Motion, Plaintiffs magnanimously state that they "stand ready and willing to amend [the SAC] with the Court's leave."  (Motion for Class Certification at 10, n.3, citing Fed.R.Civ.P. 15(a)(2).)  Among other things, Plaintiffs are mistaken in their citation to Rule 15(a)(2).

---

[4]    Plaintiffs argue that the Court's March 6, 2020 Order "was based on an entirely different record" because, at the time that Order was entered, Plaintiffs had not "allege[d] a nationwide class" and had not asserted claims based solely on Michigan warranty law in an attempt to circumvent their lack of standing to assert breach of warranty claims under the laws of other states.  (Motion for Class Certification at 10.)  This is sheer sophistry.  The "record" in this case has not changed, and the failure of Plaintiffs to timely assert claims or advance arguments cannot serve as a justification for reconsideration of the Court's ruling.  Moreover, it is ludicrous to suggest that the Court's March 6, 2020 Order dismissing claims asserted on behalf of residents of four states other than California (*i.e.*, Arizona, Hawaii, Missouri and North Carolina), thereby *narrowing* the putative class to California residents, would have somehow come out differently if Plaintiffs had argued for a much *broader* national class.

**DEFENDANT BOSCH SOLAR ENERGY CORPORATION'S MOTION TO STRIKE**

As the Ninth Circuit has observed, once a scheduling order has been entered in a case and the time established in that scheduling order for the amendment of pleadings has passed, a plaintiff's ability to amend the pleadings is "governed by Rule 16(b), not Rule 15(a)." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992). Rule 16(b)(4) requires a showing of "good cause," a standard which "primarily considers the diligence of the party seeking the amendment." *Id.* at 609. *See also Coleman v. Quaker Oats Co.,* 232 F.3d 1271-1294 (9th Cir. 2000) (good cause required to amend complaint after deadline established in scheduling order had expired). Here, the Case Management Order entered May 30, 2019 (ECF No. 52) established a deadline – long since expired – of "60 Days from Date of this Order" for amendment of the pleadings.

Even if Plaintiffs had properly and timely sought leave to move for reconsideration of the Court's March 6, 2020 Order denying leave to amend the complaint in this action yet again, and had somehow made a demonstration that reconsideration was appropriate, allowing a further amendment of the pleadings to enormously expand the class allegations in this case would be wholly unwarranted. As the Court observed in its March 6, 2020 Order, leave to amend may be denied where "one or more of the following factors is present:  (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment." March 6, 2020 Order at 27-28, citing *Forman v. Davis*, 371 U.S. 178, 182 (1962) and *Eminence Capital, LLC. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Most, if not all, of these factors are present in this case. (Bosch Solar briefly addresses these factors here, to the extent it believes necessary to establish its entitlement to the relief requested in this Motion, but reserves the right to more fully address the impropriety of a further amendment of the pleadings if and when Plaintiffs actually seek leave to do so.)

For the reasons discussed above, there can be no question that Plaintiffs' purported expansion of the putative class comes after undue delay—delay so long, in fact, as to raise a serious question as to dilatory motive (factors 1 and 2). Moreover, Plaintiffs' have had repeated opportunities to amend the pleadings in this action (factor 3) and, as the Court observed in its March 6, 2020 Order, "[g]ranting further opportunity to amend would impose undue prejudice on Bosch, which already has had to bring multiple Rule 12(b)(6) motions (factor 4)." (March 6, 2020 Order at 28.)

Moreover, an amendment of the pleadings to define a putative nationwide breach of warranty (and corresponding Magnuson-Moss) class, or a class consisting of residents of the five states proposed by Plaintiffs, would be futile.  As will be addressed more fully in Bosch's Opposition to Plaintiffs' Motion for Class Certification, such a class could not be certified due to the predominance of individualized questions of reliance and privity arising under state warranty law.  (The same would be true of putative nationwide or multi-state Magnuson-Moss classes, since claims under the Magnuson-Moss Warranty Act "stand or fall with [Plaintiffs']...warranty claims under state law." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022, n.3 (9th Cir. 2008).)

Finally, Bosch Solar respectfully submits that in light of the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court,* 137 S.Ct. 1773 (2017), Bosch Solar is not subject to personal jurisdiction in California with respect to the claims of persons or entities who neither reside in nor purchased or otherwise acquired any interest in solar panels in the State of California.  Thus, the Court could not certify the purported national class—or the alternative class including residents of four states other than California—proposed in Plaintiffs' Motion for Class Certification *even* if those expanded purported classes were properly before the Court.

Although a number of courts have held that *Bristol-Myers Squibb* does not apply to class actions, earlier this month the Ninth Circuit vacated a district court's certification of two national classes, holding that the defendant had not waived its personal jurisdiction objection to class certification under *Bristol-Myers Squibb* by not raising the objection at the pleading stage.  *Moser v. Benefytt, Inc.,* No. 19-56224, 2021 WL 3504041 (9th Cir. Aug. 10, 2021).  The Court remanded the case to the district court for resolution of "the merits of...[the defendant's]…*Bristol-Myers* objection to class certification," *id.* at *6, thus making clear that the Ninth Circuit regards the applicability of *Bristol-Myers Squibb* to class actions an open question in this Circuit.

Bosch Solar submits that the recent decisions holding that *Bristol-Myers Squibb* applies to class, as well as mass, actions are better reasoned than those decisions holding otherwise and more consistent with the Constitutional due process and federalism principles upon which the Supreme Court's decision in *Bristol-Myers Squibb* was founded.  *See, e.g., Carpenter v. PetSmart, Inc.,* 441 F. Supp. 3d 1028, 1035 (S.D. Cal. 2020) ("the rationale for the holding in *Bristol-Myers Squibb*

DEFENDANT BOSCH SOLAR ENERGY CORPORATION'S MOTION TO STRIKE

indicates that if and when the Supreme Court is presented with the question, it will also hold that a state cannot assert specific jurisdiction over a defendant for the claims of unnamed class members that would not be subject to specific personal jurisdiction if asserted as individual claims"); *Goldstein v. Gen. Motors LLC,* 445 F. Supp. 3d 1000, 1012-13 (S.D. Cal. 2020) (granting the defendant's motion to dismiss the claims of non-California named plaintiffs who failed to plead any connection between their claims and the State of California, observing that "the federalism concerns that animated the majority opinion in *Bristol-Myers Squibb* are equally relevant here and necessitate dismissal for lack of subject matter jurisdiction").

Moreover, the SAC is bereft of facts that would support a finding of general jurisdiction over Bosch Solar. It does not allege that California is Bosch Solar's principal place of business or the state of its incorporation, allegations necessary for a finding of general jurisdiction. *Daimler AG v. Bauman,* 571 U.S. 117, 134-35 (2014). Moreover, Plaintiffs' allegation that Bosch has "*a* principal place of business in California" (SAC ¶ 29 (emphasis supplied)) is insufficient to establish that *the* principal place of business of Bosch Solar nationwide is located in California. The Court therefore could not exercise jurisdiction over Bosch Solar with respect to the claims of putative class members who neither live in, nor purchased solar panels in, California.

## IV.    CONCLUSION

For the reasons set forth above, Defendant Bosch Solar Energy Corporation respectfully requests that the Court strike the modified putative class definitions appearing at pages v and 9-10 of Plaintiffs' Motion for Class Certification, together with all related discussion of and argument pertaining to these purportedly expanded putative classes appearing in Plaintiffs' Motion and Memorandum of Points and Authorities.

DATED:  August 19, 2021                              K&L GATES LLP


                                                                By: */s/ Matthew G. Ball*
                                                                      Matthew G. Ball

                                                                Attorneys for Defendant BOSCH SOLAR
                                                                ENERGY CORPORATION

DEFENDANT BOSCH SOLAR ENERGY CORPORATION'S MOTION TO STRIKE