UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVE R. ROJAS and ANDREA N. ROJAS, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BOSCH SOLAR ENERGY CORPORATION,<br><br>　　　　　Defendant. | Case No. 18-cv-05841-BLF<br><br>**ORDER SUSTAINING DEFENDANT'S OBJECTION TO REPLY EVIDENCE; DENYING AS MOOT DEFENDANT'S ALTERNATIVE REQUEST TO FILE SUR-REPLY; AND DENYING PLAINTIFFS' ADMINISTRATIVE MOTION FOR PERMISSION TO FILE RESPONSE TO DEFENDANT'S OBJECTION**<br><br>[Re: ECF 197, 198] |

Defendant has filed an objection to certain evidence filed with Plaintiffs' reply in support of their motion for class certification. *See* Def.'s Obj., ECF 197. In the alternative, Defendant requests leave to file a sur-reply. *See id.* Plaintiffs have filed an administrative motion for leave to file a response to Defendant's objection, which is opposed by Defendant. *See* Pls.' Admin. Mot., ECF 198; Def's Resp., ECF 203.

Plaintiffs' administrative motion for leave to file a response to Defendant's objection is DENIED. This district's Civil Local Rules do not contemplate a response to an objection to reply evidence, *see* Civ. L.R. 7-3(d)(1), and the Court does not find a response to be necessary here.

Defendant objects to three pieces of reply evidence: (1) the affidavit of Plaintiffs' notice expert, Todd B. Hilsee, ECF 196-12; (2) Paragraphs 2-10 and Exhibits A and D to the supplemental declaration of David M. Birka-White, ECF 196-1, 196-2, 196-5; and (3) the declaration of Michael V. Garcia, ECF 196-13. With respect to the first piece of evidence, Mr. Hilsee has not previously been disclosed as an expert in this case. He now offers expert opinion on a key issue, the adequacy of Defendant's recall of the solar modules that are the subject of the

1  class action.  Defendant argues that it would be unfair for the Court to consider Mr. Hilsee's new
2  expert opinion submitted for the first time on reply, as Defendant has not had an opportunity to
3  depose Mr. Hilsee or to obtain a rebuttal expert.  With respect to the other two pieces of evidence,
4  the identified portions of the supplemental declaration of David M. Birka-White, and the
5  declaration of Michael V. Garcia, Defendant argues that the evidence contains new factual matter
6  on damages and therefore should not be considered on reply.  Moreover, Defendant points out that
7  the identified portions of the supplemental declaration of David M. Birka-White, and the
8  declaration of Michael V. Garcia, are not even mentioned in Plaintiffs' reply brief.  The Court
9  notes that Plaintiffs filed a "Corrected Reply" after Defendant filed its objection, adding references
10 to the supplemental declaration of David M. Birka-White, and the declaration of Michael V.
11 Garcia.

12 　　　　As the Ninth Circuit noted in *Dutta* v. *State Farm*, this district's "practice rules recognize
13 the potential inequities that might flow from the injection of new matter at the last round of
14 briefing."  *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171-72 (9th Cir. 2018).  The
15 district court has discretion to sustain the disadvantaged party's objection to new reply evidence
16 or, in the alternative, to permit the disadvantaged party to file a sur-reply.  *See id*. at 1172.

17 　　　　The Court finds that the consideration of Plaintiffs' reply evidence would be unfair and
18 prejudicial to Defendant and therefore SUSTAINS Defendant's objection in its entirety.  The
19 Court has considered whether it might be more appropriate to accept the reply evidence and allow
20 Defendant to file a sur-reply.  However, to give Defendant a fair opportunity to respond to Mr.
21 Hilsee's expert opinion, the Court would have to continue the hearing on Plaintiffs' motion for
22 class certification for a sufficient length of time that Defendant could depose Mr. Hilsee and
23 obtain a rebuttal expert.  The Court declines to disrupt the case schedule in this manner,
24 particularly since the Court previously granted multiple prior requests by the parties to extend the
25 deadlines for briefing and hearing Plaintiffs' motion for class certification, before finally denying
26 the most recent request for continuance in an order issued October 14, 2021.  *See* Order, ECF 193.
27 Of additional concern is the likelihood that continuance of the class certification hearing would
28 require continuance of the last date for hearing summary judgment motions and continuance of the

United States District Court
Northern District of California

1  trial date.  The Court currently is setting trials in 2024.  Given the age of this case, the Court does
2  not find potential significant delays in the case schedule to be reasonable.  Thus, granting
3  Defendant leave to file a sur-reply is not a feasible option.

**ORDER**

(1) Defendant's objection to Plaintiffs' reply evidence is SUSTAINED in its entirety.
(2) Defendant's alternative request for leave to file a sur-reply is DENIED AS MOOT.
(3) Plaintiffs' administrative motion for leave to file a response to Defendant's objection is DENIED.

Dated:  November 23, 2021

_____
BETH LABSON FREEMAN
United States District Judge