David M. Birka-White (State Bar # 85721)
dbw@birka-white.com
Laura A. Carrier (State Bar # 220154)
lcarrier@birka-white.com
BIRKA-WHITE LAW OFFICES
178 E. Prospect Avenue
Danville, CA 94526
Telephone: (925) 362-9999

Charles E. Schaffer (State Bar # PA76259)
cschaffer@lfsblaw.com
David C. Magagna, Jr. (State Bar # PA322436)
dmagagna@lfsblaw.com
LEVIN SEDRAN & BERMAN, LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

John D. Green (State Bar # 121498)
jgreen@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Individual and Representative
Plaintiffs STEVE R. ROJAS and ANDREA N.
ROJAS, on behalf of themselves and all others
similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## (SAN JOSE DIVISION)

| | |
|---|---|
| STEVE R. ROJAS and ANDREA N. ROJAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BOSCH SOLAR ENERGY CORPORATION; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.  5:18-cv-5841BLF<br><br>**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>DATE:  April 6, 2023<br>TIME:  9:00 a.m.<br>LOCATION: Courtroom 3, 5th Floor<br>            280 S. First Street<br>            San Jose, CA  95113<br><br>The Honorable Judge Beth Labson Freeman<br><br>Action Filed:  September 24, 2018 |

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF CONTENTS

**PAGE**

NOTICE OF MOTION AND MOTION .................................................................................... 1

STATEMENT OF RELIEF SOUGHT .................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ....................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 2

I.    INTRODUCTION ..................................................................................................... 2

II.   FACTUAL AND PROCEDURAL BACKGROUND .............................................. 3

    A.   Factual Overview. ......................................................................................... 3

    B.   Procedural History. ....................................................................................... 4

III.  SUMMARY OF THE SETTLEMENT TERMS ...................................................... 6

    A.   The Settlement Class. .................................................................................... 6

    B.   Claim Period. ................................................................................................ 6

    C.   Substantive Relief. ........................................................................................ 6

    D.   Notice Provider and Claims Administrator. .................................................. 6

    E.   Service Awards. ............................................................................................ 7

    F.   Attorneys' Fees and Costs. ........................................................................... 7

IV.   THE NOTICE PROGRAM ...................................................................................... 7

    A.   Design and Content of the Notice Program. ................................................. 7

    B.   Successful Implementation of the Notice Program. ...................................... 8

    C.   CAFA Notice. ............................................................................................. 10

V.    ARGUMENT .......................................................................................................... 11

    A.   Legal Standard for Final Approval. ............................................................ 11

    B.   Notice to the Settlement Class Was Adequate and Successfully Implemented..... 11

    C.   The Settlement Class Meets the Requirements for Certification for Purposes of Entering Judgment on the Settlement. ....................................................... 14

    D.   The Settlement is Fundamentally Fair, Reasonable, and Adequate and Merits Final Approval. ................................................................................ 15

        1.   The *Churchill* Factors Weigh in Favor of Granting Final Approval of the Settlement. ....................................................................... 16

        2.   The Rule 23(e) Factors Weigh in Favor of Final Approval of the Settlement. ................................................................................................ 19

VI.   CONCLUSION ....................................................................................................... 22

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*AdTrader, Inc. v. Google LLC*,
Case No. 17-cv-07082-BLF, 2022 WL 16579324 at *2 (Nov. 1, 2022)……………..…….11

*Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2016) ............................................................. 15

*Amchem*, 521 U.S. 591, 617 (1997) ........................................................................................... 11

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 257 (N.D. Cal. 2015)........................... 18

*Bluetooth*, 654 F.3d at 947 ...................................................................................................... 20

*Briseño*, 998 F.3d at 1026 ....................................................................................................... 19

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) ....................... 17, 18, 22

*Free Range Content, Inc. v. Google, LLC*, No. 14-CV-02329-BLF, 2019 WL
1299504, at *3 (N.D. Cal. Mar. 21, 2019) ........................................................... 14, 15

*Garner v. State Farm Mut. Auto. Ins. Co.*, No. 08-cv-1365-CW, 2010 WL
1687832, at *9 (N.D. Cal. Apr. 22, 2010).......................................................... 16, 20

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998)) ................................. 11, 15, 16

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)....................... 20

*In re Nat'l Collegiate Athletic Ass'n*, No. 4:14-md-2541-CW, 2017 WL 6040065,
at *11 & n.69 (N.D. Cal. Dec. 6, 2017) ......................................................................... 22

*In re Omnivision*, 559 F. Supp. 2d 1036 1043 (N.D. Cal. 2007) .............................................. 18

*In re Online DVD Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015)..................... 14, 22

*In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995) ........................................ 18, 19

*Izor v. Abacus Data Sys., Inc.*, No. 19-cv-01057-HSG, 2020 WL 12597674, at *5
(N.D. Cal. Dec. 21, 2020) .................................................................................. 17, 19

*Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-cv-00964-GPC, 2014 WL
3519064, at *5 (S.D. Cal. July 14, 2014)...................................................................... 13

*Kumar v. Salov N. Am. Corp.*, 2017 WL 2902898, at *4 (N.D. Cal. July 7, 2017)................... 15

*Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) ................................................ 11, 15

*Larson v. Harman-Mgmt. Corp.*, No. 1:16-cv-00219-DAD-SKO, 2020 WL
3402406, at *5 (E.D. Cal. June 19, 2020)............................................................. 17, 19

*Mendoza v. Hyundai Motor Co., Ltd.*, No. 15-cv-01685-BLF, 2017 WL 342059, at
*7 (N.D. Cal. Jan. 23, 2017) ....................................................................................... 18

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ............................. 11, 21

*Nat'l Rural Telecomms. Coop. v. DIRECTTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal.
2004) .................................................................................................................... 17, 18

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688
F.2d 615, 625 (9th Cir. 1982)..................................................................... 12, 16, 17

*Perks v. Activehours, Inc.*, No. 5:19-CV-05543-BLF, 2021 WL 1146038, at *2
(N.D. Cal. Mar. 25, 2021) ........................................................................................ 11, 15

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No. 5:18-cv-5841BLF

**PLAINTIFFS' NOTICE OF UNOPPOSED MOTION AND MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985)........................................................14

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009)....................................17, 20

*Schofield v. Delta Air Lines, Inc.*, No. 18-cv-00382-EMC, 2019 WL 955288, at *6
  (N.D. Cal. Feb. 27, 2019)..........................................................................................................20

*Schuchardt v. L. Off. of Rory W. Clark*, 314 F.R.D. 673, 685 (N.D. Cal. 2016) .......................18

*Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) .................................................................11

*Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).............................................................22

*Tadepalli v. Uber Techs., Inc.*, No. 15-cv-04348-MEJ, 2016 WL 1622881, at *5
  (N.D. Cal. Apr. 25, 2016)...........................................................................................................21

*Taylor v. Shutterfly, Inc.*, No. 5:18-CV-00266-BLF, 2021 WL 5810294, at *4
  (N.D. Cal. Dec. 7, 2021) ............................................................................................................14

*Wong v. Arlo Techs., Inc.*, No. 5:19-cv-00372-BLF, 2021 WL 1531171, at *9
  (N.D. Cal. Apr. 19, 2021)...........................................................................................................19

**RULES**

Fed. R. Civ. P. 23 ...........................................................................................................................11
Fed. R. Civ. P. 23(a).................................................................................................................14, 15
Fed. R. Civ. P. 23(b) ...............................................................................................................11, 14
Fed. R. Civ. P. 23(b)(1).................................................................................................................11
Fed. R. Civ. P. 23(b)(2).................................................................................................................11
Fed. R. Civ. P. 23(b)(3) .....................................................................................................11, 14, 15
Fed. R. Civ. P. 23(c)(2)(B)............................................................................................................12
Fed. R. Civ. P. 23(c)(2)(C)............................................................................................................21
Fed. R. Civ. P. 23(c)(3).................................................................................................................21
Fed. R. Civ. P. 23(e).........................................................................................................11, 14, 15, 19
Fed. R. Civ. P. 23(e)(2)............................................................................................................15, 16
Fed. R. Civ. P. 23(e)(2)(C)(ii).......................................................................................................21
Fed. R. Civ. P. 23(e)(1)(B)............................................................................................................11
Fed. R. Civ. P. 23(e)(3).................................................................................................................15

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No. 5:18-cv-5841BLF

**PLAINTIFFS' NOTICE OF UNOPPOSED MOTION AND MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 6, 2023, at 9:00 a.m., before the Honorable Beth Labson Freeman, at the above-entitled Court of the United States District Court for the Northern District of California, Courtroom 3, 280 S. 1st St., San Jose, CA 95113, Plaintiffs Steve R. Rojas and Andrea N. Rojas will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 23(e), the Civil Local Rules of the United States District Court for the Northern District of California, and this District's Procedural Guidance for Class Action Settlements, for an order granting final approval to the Class Action Settlement Agreement ("the Settlement Agreement" or "Settlement")[1] Plaintiffs have reached with Defendant Bosch Solar Energy Corporation ("Bosch Solar"), on the grounds that the Settlement is fair, reasonable, and adequate; that the Settlement Class satisfied the requirements of Fed. R. Civ. P. 23; and that the Notice provided to the Class was adequate and comports with the requirements of due process.

This motion is based on the attached supporting memorandum; the Declarations of David M. Birka-White ("DBW Decl."), Richard W. Simmons ("Simmons Decl."),  and Joseph Wylie ("Wylie Decl."); the pleadings and papers on file in this action, including (but not limited to) those submitted by the Parties in support of Plaintiffs' motion for preliminary approval (ECF 236), and those submitted by Plaintiffs in support of Plaintiffs' motion for service award, attorney's fees, and costs and expenses; and the oral argument of counsel to be presented at the scheduled hearing.

## STATEMENT OF RELIEF SOUGHT

By this unopposed motion, Plaintiffs move the Court for an Order (1) granting final approval of the Settlement reached on behalf of the Class; (2) approving the Class Notice and finally certifying the Settlement Class specified in the Settlement Agreement for settlement purposes; (3)

---

[1] Unless otherwise indicated, all capitalized terms in this motion refer to capitalized terms in the Settlement Agreement, an executed copy of which is attached as Exhibit B to the Declaration of David M. Birka-White in Support of Preliminary Approval.

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT

directing Bosch Tool to implement the Settlement protocols; (4) reserving and continuing jurisdiction over the Settlement and any disputes regarding it; and (5) directing that a final judgment of dismissal be entered.

## STATEMENT OF ISSUES TO BE DECIDED

1.     Whether the Settlement is fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2);

2.     Whether the Notice provided to the Settlement Class comports with due process and was directed in an adequate manner to all Settlement Class members who would be bound by the Settlement pursuant to Federal Rule of Civil Procedure 23(e)(1);

3.     Whether the Settlement Administrator should be directed to implement the Claims Protocols; and

4.     Whether to grant final approval of the Settlement and enter a judgment of dismissal.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

By this unopposed motion, Plaintiffs respectfully move the Court for final approval of the parties' Settlement Agreement on behalf of a nationwide settlement class of all persons or entities in the United States who are the current owners of Bosch Solar c-SI M 60 NA 30119 solar modules ("NA30119 modules") or the current owners of premises on which Bosch Solar NA30119 solar modules are installed. The Settlement was reached following four years of hard-fought litigation, including three motions to dismiss, a protracted and disputatious discovery process, investigations of roof- and ground-mounted modules installed in four states, and extensive root cause analyses of the NA30119 panels by Plaintiffs' nationally recognized solar and fire experts, who opined that there were multiple defects triggering fire safety risks, defects requiring removal and replacement of the panels. The parties ultimately agreed that all NA30119 modules were manufactured to the same specifications and should be replaced. After an initially unsuccessful mediation in March 2022, certification by the Court of a California class, and three months of post-mediation negotiations, the Parties finally reached a settlement of the claims of a nationwide class, which the

2                                     Case No. 5:18-cv-5841BLF

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1  Court preliminarily approved on September 21, 2022, extending certification for settlement

2  purposes (ECF 241).

3      The parties then undertook a direct notice program carefully designed with the assistance

4  of nationally recognized notice expert Todd Hilsee, in order to achieve the best and most productive

5  notice possible under the circumstances, in accordance with the Court's Preliminary Approval

6  Order. *See* Declaration of Notice Expert Todd B. Hilsee in Support of Preliminary Approval

7  ("Hilsee Decl."). Class Members merely had to complete a simple claim form and had the option

8  to submit that form online, via postal mail, or by fax. (DBW Decl., ¶¶ 29, 39) The Notice Program

9  has been successful.

10     If approved, the Settlement will result in every identifiable holder of NA30119 panels

11 receiving direct notice of the Settlement and replacement panels, including all labor costs and a full

12 25-year warranty.  (DBW Decl., ¶ 30) Approximately 400 Class Members have been notified to

13 date, and given full opportunity to take advantage of the Settlement. There has not been a single

14 objection to the Settlement, nor a single request for exclusion or opt-out. (Simmons Decl., ¶¶ 10,

15 20) As explained below, the Settlement is fair, reasonable, and adequate to all concerned and

16 therefore merits the Court's final approval.

17 **II.    FACTUAL AND PROCEDURAL BACKGROUND**

18      **A.    Factual Overview.**[2]

19     From October 2012 through 2013, Defendant Bosch Solar sold approximately 41,400

20 NA30119 solar modules in the United States.  *See* Declaration of Oliver Steinig, at ¶ 3 ("Steinig

21 Decl.").  All of the NA30119 modules were uniformly designed and manufactured.  *See* Second

22 Amended Complaint ("SAC") (ECF 53), ¶ 3.  Bosch Solar extended identical 25-year warranties

23 on all NA30119 modules, promising that the panels were "free from defects in material and

24 workmanship for a period of 10 years." (SAC, ¶ 47) On April 3, 2017, Bosch Solar recalled

25

26

27 _____

[2] A more detailed recitation of facts and procedural background is contained in Plaintiffs' Motion

28 for Preliminary Approval (ECF 236).

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

approximately 28,000 roof-mounted NA30119 modules "due to a fire hazard." (SAC, ¶ 50) Approximately 15,000 ground-mounted modules were excluded from the recall.

Plaintiffs allege that the Bosch NA30119 modules suffer from two defects. The first is a soldering defect that causes overheating and power loss and is a fire hazard. The second defect relates to the backsheet, which cracks and allows water penetration, which in turn leads to overheating, and is a fire hazard. (SAC, ¶¶ 10, 19-20) 16. From the outset of the case, Plaintiffs therefore challenged the scope of the Bosch recall, which excluded ground-mounted panels. Plaintiffs further challenged the adequacy of the Bosch recall notice program. (DBW Decl., ¶ __) Bosch Solar ultimately agreed with Plaintiffs that all modules should be replaced, and began that process during the pendency of the case, including negotiating settlement agreements with the owners of commercial ground-mounted NA30119 modules.

**B.   Procedural History.**

On September 24, 2018, Plaintiffs Steve R. Rojas and Andrea N. Rojas filed a class action complaint on behalf of all purchasers of Bosch NA30119 modules, asserting that the panels suffered from a manufacturing defect that caused serious safety risk, including the risk of fire. (ECF 1 at ¶ 1) Following three motions to dismiss and numerous discovery disputes requiring Court involvement, Plaintiffs moved for class certification on May 24, 2021, filing a detailed memorandum of points and authorities accompanied by numerous declarations, including four expert declarations and extensive exhibits. (ECF 165) On March 9, 2022, the Court issued its Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification certifying a California class. (ECF 213) On June 2, 2022, the Court issued an Order Terminating All Motions and Vacating All Dates and Setting a Hearing Date for Motion for Preliminary Approval of Class Action Settlement (ECF 231), which was subsequently reset September 21, 2022 (ECF 233).

On March 22, 2022, the parties conducted a one-day mediation with retired Superior Court Judge Bonnie Sabraw. (DBW Decl., ¶ 17) The Parties did not reach a settlement at the mediation, but continued arm's-length negotiations with Judge Sabraw's assistance over the next three months, negotiating the specifics of the settlement, establishing a mutually agreeable claims process and protocol, selecting a notice provider, selecting a claims administrator, and working with the notice

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

provider to develop a notice plan. (DBW Decl., ¶ 18) The attorneys' fees were negotiated only after all material provisions of the proposed settlement were agreed on, and were ultimately resolved pursuant to a mediator's proposed compromise. (DBW Decl., ¶ 19) The Settlement Agreement reached by the parties proposed the following nationwide class for settlement purposes:

> All persons or entities in the United States who are the current owners
> of Bosch c-Si M 60 NA30119 solar modules or the current owners
> of premises on which Bosch c-Si M 60 NA30119 solar modules are
> installed. (DBW Decl., ¶ 28)

On September 21, 2022, the Court certified the proposed Settlement Class, granted preliminary approval to the Settlement, directed notice of the Settlement be distributed to the Settlement Class, and scheduled a hearing on final approval (ECF 241) (the "Preliminary Approval Order"). In the Preliminary Approval Order, the Court conditionally certified the proposed nationwide Settlement Class for settlement purposes, and appointed Plaintiffs Steve and Andrea Rojas as Class Representatives for the nationwide Class. (ECF 241, ¶¶ 9-10) The Court also found that the Notice Program and the methods for giving notice to the Settlement Class proposed in the Settlement Agreement constituted the best notice practicable under the circumstances and satisfied the requirements of Rule 23 and due process, and thus approved the proposed content and dissemination of the Notice Program. (ECF 241, ¶ 13) The Preliminary Approval Order also scheduled a Fairness Hearing to consider final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e)(2), to be held on April 6, 2023. (ECF 241, ¶ 15)

Having carried out the Notice Program in accordance with the provisions of the Preliminary Approval Order (ECF 241, ¶¶ 14-15, 20-21; see also Simmons Decl.), Plaintiffs now move the Court to grant final approval to the Settlement, to certify the Settlement Class for purposes of entering judgment on the Settlement, to approve payment of attorneys' fees and expenses to Settlement Class Counsel, and to approve payment of a service award to the Settlement Class Representatives.

/ / /

/ / /

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

III.   **SUMMARY OF THE SETTLEMENT TERMS**

A.   **The Settlement Class.**

The settlement class consists of: All persons or entities in the United States who are the current owners of Bosch c-Si M 60 NA30119 solar modules or the current owners of premises on which Bosch c-Si M 60 NA30119 solar modules are installed." (DBW Decl., ¶ 28; *see also* Settlement Agreement ¶ 3.1)

B.   **Claim Period.**

To receive a settlement remedy, a settlement class member must submit a claim form to the notice provider before January 1, 2025, or to the claims administrator within the earlier of: (i) twenty-five (25) years of the original purchase date of the settlement panels that are the subject of the claim; or (ii) December 31, 2038 (the "Claim Period"). (DBW Decl., ¶ 29)

C.   **Substantive Relief.**

Settlement class members who own NA30119 modules are eligible for full replacement of all their settlement panels. The new panels will have a 25-year warranty. Under the settlement, Bosch will pay the cost of removal and disposal of the settlement panels, and the cost of purchase and installation of replacement panels. This includes ancillary costs that could potentially be required depending on each class member's specific circumstances, such as building permits and panel racking. There is no cap on either the per panel cost of replacement or the total cost necessary to replace all solar arrays owned by settlement class members. (DBW Decl., ¶ 30)

D.   **Notice Provider and Claims Administrator.**

The Court appointed Richard Simmons of Analytics LLC as the third-party Notice Provider to administer the Notice Program. (ECF 241, ¶ 14) The Claims Administrator, who manages the removal and replacement of the NA30119 panels, is Robert Bosch Tool Corporation ("Bosch Tool"), selected because it had been performing an analogous task as part of the Bosch Recall since 2017. (DBW Decl., ¶ 31) Bosch Tool will provide quarterly reports to Plaintiffs' Counsel of all progress removing the remaining class panels.  In addition, Bosch Tool will appoint a liaison to Settlement Class Counsel to provide updates and respond to inquiries from Settlement Class Counsel and Class Members.  (DBW Decl., ¶ 31)

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

6

Case No. 5:18-cv-5841BLF
**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

### E.      Service Awards.

The parties agreed that, subject to the Court's approval, Plaintiffs Steve R. Rojas and Andrea N. Rojas will each receive a $5,000.00 service award (for a total of $10,000.00) for their active participation in the litigation, including responding to multiple sets of requests for document production; responding to numerous interrogatories; sitting for depositions; opening their home to a site inspection by Plaintiffs' expert Bill Brooks; developing familiarity with the relevant solar technology; extensively communicating with Settlement Class Counsel David Birka-White over a period of four years; and reviewing the proposed settlement terms. (DBW Decl., ¶¶ 72-74)

### F.      Attorneys' Fees and Costs.

Subject to the Court's approval, Bosch Solar agrees to pay Settlement Class Counsel $1,400,000.00 in attorneys' fees and costs. The requested award is substantially below the actual lodestar of Plaintiffs' counsel, which is approximately $4,488,145.25.  Plaintiffs' counsel have incurred cost to date in the approximate sum of $387,530.13. The attorney fee portion of the $1,400,000, after deducting costs, is $1,012,469.87. The requested award will be approximately .23 of Settlement Class Counsel's Lodestar and approximately seven to 14% of the reasonable range of value of the Settlement, significantly below the accepted range of the awards in similar class actions. (DBW Decl., ¶¶ 50-51) The requested award will be significantly below the accepted range of awards in similar class actions because over the more than four-year pendency of this case, the recall has either replaced or identified a substantial amount of the remaining class panels. Settlement Class Counsel submit their motion for an award of attorneys' fees and costs in a separate motion contemporaneously herewith, including a summary of all hours and costs to support that request.

## IV.      THE NOTICE PROGRAM

### A.      Design and Content of the Notice Program.

The notice plan preliminarily approved by the Court was designed in consultation with widely recognized class action notice expert Todd Hilsee—who has been relied on by the Federal Judicial Center and over 240 courts in designing and implementing model notice plans—and involved direct notice to every class member that can be identified. (Hilsee Decl., ¶ 2) With the

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

assistance of Mr. Hilsee, the parties drafted three notice documents to communicate the requisite information to class members, including a detailed notice described by Mr. Hilsee as "a clear, concise, easily-understood detailed notice conforming to FJC and NDCA standards and guidelines . . . together with a very simple claim form." (Hilsee Decl., ¶ 26; see also id. at ¶¶ 29-34 & Exhs. 2-5 thereto). The claim form was designed for the ease of class members and requests only an installation location and a photograph, and will also be accompanied by a stamped return envelope. (Hilsee Decl., ¶ 35 & Exh. 5 thereto) The notice makes clear that Settlement Class members have 60 days to opt out or object according to instructions provided therein. (Hilsee Decl., ¶ 27)

The notice plan also required the notice provider to send notice of the Settlement and a settlement claim form to each identified Settlement Class member by first class mail in a stamped, personalized envelope, and to attempt to remail any notices returned by the Postal Service to better addresses. The notice provider was also required to establish a toll-free phone number with live operators to field calls from Settlement Class members. (Hilsee Decl., ¶ 36)

An additional summary notice clearly informing class members of all their rights and options, and providing instructions and deadlines for acting on those rights, was to be published both on an informational website about the Settlement to be established by the notice provider, and on various solar industry websites. (Hilsee Decl., ¶ 36) The parties determined that direct notice to class members should be augmented with this targeted publication notice because, as Mr. Hilsee explained, the extensive and comprehensive direct notice effort that the parties designed "renders other means of ancillary notice unnecessary and even wasteful," when class members "can be identified and reached directly and individually through reasonable effort." (Hilsee Decl., ¶ 62)

**B.    Successful Implementation of the Notice Program.**

With Mr. Hilsee's guidance, the parties designed and implemented a multi-faceted plan for identifying all Settlement Class members. Bosch initially made informal requests seeking customer installation location and other contact information from 37 distributor and installers known to have sold NA30119 panels, and received responses providing information for over 300 customers possessing NA30119 panels. (Hilsee Decl., ¶¶ 12-14) This process left a total of 7,111 NA30119 modules, representing approximately 284 residential installations, to be identified and located

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1  nationwide. (Hilsee Decl., ¶¶ 15-16) Bosch then issued subpoenas to distributors and installers, in

2  an effort to obtain the remaining installation locations and customer contact information to be used

3  for settlement notification. (Hilsee Decl., ¶¶ 16-17) In addition, Bosch Tool undertook extensive

4  tracking and tracing efforts in order to follow leads from information provided by distributors and

5  installers, by working with the contacts it is able to make in association with an installation location.

6  (Hilsee Decl., ¶ 19; Wylie Decl.)

7      Settlement Class Counsel retained Analytics Consulting LLC ("Analytics"), one of the

8  leading providers of class and collective action notice and claims management programs in the

9  country, to implement the Notice Plan, including the mailing of the Class Notice to all known Class

10  Members and the establishment of a toll-free hotline and dedicated email address to assist Class

11  Members with questions regarding the Settlement. (Simmons Decl., ¶¶ 2-3, 6-12) Analytics sent

12  direct notices to Class Members, supplemented by published notice, under the supervision of

13  Analytics President, Richard Simmons. (Simmons Decl., ¶¶ 4, 6)

14      Analytics received identifying information for Class Members from Bosch Solar, updated

15  and verified the addresses, and sent notices to both Class Members and the installation locations.

16  (Simmons Decl., ¶¶ 6-10) Beginning in December 2022, Analytics sent personalized Class Notices

17  and Claim Forms to a total of 415 Class Members by First-Class Mail, using personalized envelopes

18  designed to capture the attention of recipients by conforming to FJC and NDCA standards.

19  (Simmons Decl., ¶¶ 6-9) Of the 415 notices mailed, only nineteen were returned undeliverable, and

20  Analytics was able to locate updated addresses for and remail notices to six of those. (Simmons

21  Decl., ¶ 10)

22      This direct notice was supplemented by two forms of targeted published notice. A short-

23  form notice was distributed by email to approximately 10,000 solar installers in the Unites States

24  by Solar Builder Magazine, providing a toll-free number and website address for the Settlement,

25  where Class Members could easily obtain further information. (Simmons Decl., ¶¶ 11-17) In

26  addition, digital advertisements were run on Solar Builder Magazine's website

27  (www.solarbuildermag.com), linking directly to the Settlement website. (Simmons Decl., ¶ 11)

28

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Beginning on December 29, 2022, Analytics established—and continues to maintain—both a website and a toll-free telephone number dedicated to this Action for the assistance of Class Members, both of which are identified in the Notice. (Simmons Decl., ¶¶ 11-12, 15) The Website (www.rojassolarsettlement.com) allows Class Members to read and download key information about the litigation, including important dates and deadlines, answers to frequently asked questions, and case documents, including the Class Notice and the Settlement Agreement. (Simmons Decl., ¶ 14) The toll-free telephone number (1-877-441-2792) is available 24 hours a day, 7 days a week, permitting callers to listen to pre-recorded answers to Frequently Asked Questions, to request to have a Notice mailed to them, and to request a call-back on the next business day. (Simmons Decl., ¶¶ 15-17) Callers to the toll-free telephone line are able to speak to a live operator during business hours on Monday through Friday. (Simmons Decl., ¶ 16) Finally, Class Members may also send questions regarding the Settlement by email to info@RojasSolarSettlement.com. (Simmons Decl., ¶ 18) To date, Analytics has answered all questions posed by Class Members about the Settlement. (Simmons Decl., ¶ 19) Following the dissemination of notice by Analytics, Bosch Tool performed multiple "reach-outs" to Settlement Class members to encourage and ensure that a replacement was initiated and completed. (Wylie Decl.)

The deadline for Class Members to opt out of the Settlement, by mailing a written statement requesting exclusion from the Settlement Class to Analytics, was February 3, 2023. (Simmons Decl., ¶ 20) To date, Analytics has not received a single request for exclusion from the Settlement Class. *Id.* Nor has a single objection been raised to the Settlement.

**C.     CAFA Notice.**

On December 7, 2022, Analytics served the appropriate notices on the United States Attorney General and the Attorneys General of each of the 50 states and the District of Columbia, in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). (Simmons Decl., ¶ 5)

/ / /

/ / /

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

10                                                    Case No. 5:18-cv-5841BLF
**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1    **V.**     **ARGUMENT**

2          **A.**    **Legal Standard for Final Approval.**

3          Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a

4    certified class . . . may be settled, voluntarily dismissed, or compromised only with the court's

5    approval." Fed. R. Civ. P. 23(e). "In order to grant final approval of [a] class action settlement, the

6    Court must determine that (a) the class meets the requirements for certification under Federal Rule

7    of Civil Procedure 23, and (b) the settlement reached on behalf of the class is fair, reasonable, and

8    adequate." *AdTrader, Inc. v. Google LLC*, Case No. 17-cv-07082-BLF, 2022 WL 16579324 at \*2

9    (Nov. 1, 2022). "The Court must also find as a threshold matter that adequate notice of the proposed

10   settlement has been given to the class." *Perks v. Activehours, Inc.*, No. 5:19-CV-05543-BLF, 2021

11   WL 1146038, at \*2 (N.D. Cal. Mar. 25, 2021); see also *Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

12   1025 (9th Cir. 1998)) ("Adequate notice is critical to court approval of a class settlement under

13   Rule 23(e).").

14         **B.**    **Notice to the Settlement Class Was Adequate and Successfully Implemented.**

15        "Rule 23(e)(1)(B) requires the court to direct notice in a reasonable manner to all class

16   members who would be bound by a proposed settlement, voluntary dismissal, or compromise

17   regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." MANUAL

18   FOR COMPLEX LITIGATION § 21.312 (internal quotations omitted). Although Rule 23 requires

19   that reasonable efforts be made to reach all class members, it does not require that each individual

20   actually receive notice. *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). Substantively, notice

21   is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those

22   with adverse viewpoints to investigate and to come forward and be heard." *Lane v. Facebook, Inc.*,

23   696 F.3d 811, 826 (9th Cir. 2012) (quotation omitted). To comply with the constitutional

24   requirement of due process, notice must be "the best notice practicable under the circumstances,

25   including individual notice to all members who can be identified through reasonable effort."

26   *Amchem*, 521 U.S. 591, 617 (1997); *see also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S.

27   306, 314 (1950) (the best practicable notice is "reasonably calculated, under all the circumstances,

28   to apprise interested parties of the pendency of the action and afford them an opportunity to present

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

11                 Case No. 5:18-cv-5841BLF
**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1  their objections"). Finally, for the Court to approve a settlement, "[t]he class must be notified of a

2  proposed settlement in a manner that does not systematically leave any group without notice."

3  *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 624

4  (9th Cir. 1982) (citation omitted).

5      In this case, the notice plan ordered by the Court in the Preliminary Approval Order was

6  designed in consultation with widely recognized class action notice expert Todd Hilsee, who has

7  been relied on by the Federal Judicial Center and over 240 courts in designing and implementing

8  model notice plans. (Hilsee Decl., ¶ 2) With Mr. Hilsee's assistance, the parties designed and

9  implemented a direct notice program, in order to achieve the best and most productive notice

10  possible under the circumstances, as provided by Fed. R. Civ. P. 23(c)(2)(B).

11      In order to maximize the effectiveness of the direct notice campaign, the parties made

12  considerable efforts to disseminate direct notice to as many Settlement Class members as possible.

13  In addition to making informal requests seeking customer installation location and other contact

14  information from 37 distributor and installers known to have sold NA30119 panels, Bosch Solar

15  issued subpoenas to all entities comprising original purchasers of NA30119 Modules who had not

16  previously provided information identifying the location of installed NA30119 Module

17  installations. Bosch Tool, the Claims Administrator, used the information gained through these

18  subpoenas to (a) contact NA30119 Module owners and owners of premises on which such modules

19  are installed, and (b) make inquiries of and/or subpoena any additional persons or entities who were

20  identified as potentially having information to identify NA30119 Module owners and owners of

21  premises on which such modules are installed. Analytics also cross-checked and verified contact

22  information and addresses on multiple occasions.

23      At the time the Preliminary Approval Motion was filed, there were approximately 7,111

24  NA30119 modules remaining to be identified and replaced nationwide, constituting approximately

25  18% of the total number of NA30119 modules sold in the United States. (Steinig Decl., ¶ 13)

26  Analytics successfully provided direct notice to approximately 400 Settlement Class members,

27  which represents a considerable percentage of the Settlement Class members. (Simmons Decl., ¶

28  10) For instance, assuming an average of 25 modules per installation, successful notice could have

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

covered up to 10,000 modules, which can be extrapolated to notice reaching a very high percentage of remaining module holders.

In addition to providing direct notice to every Settlement Class member that could be identified, Analytics also disseminated published notice targeting any potential Settlement Class members who had not been directly identified, both by distributing a short-form notice by email to approximately 10,000 solar installers, and through digital advertisements on Solar Builder Magazine's website, linking to the Settlement website. (Simmons Decl., ¶ 11) Since December 29, 2022, Analytics has also maintained a website, a toll-free telephone number, and an email account dedicated to this Action for the assistance of Settlement Class Members. (Simmons Decl., ¶¶ 12-18)

Substantively, the content of the Notice also satisfies both Rule 23 and due process requirements. Both the long-form and short-form Notices are written in simple, straightforward language that can be readily understood by settlement class members, and are materially consistent with the Federal Judicial Center's class action notices to which Mr. Hilsee himself contributed. The Notice includes all critical information required to apprise Settlement Class Members of their rights under the Settlement, including detailed information on the case and the Settlement Class; instructions on how to make a Claim and how to opt out of or object to the Settlement; and where to look for further information, including the Toll-Free Settlement Hotline, and a link to the Settlement Website. (Simmons Decl., ¶¶ 6-15) The Notice provided therefore meets the Ninth Circuit standard that notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *see also Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-cv-00964-GPC, 2014 WL 3519064, at *5 (S.D. Cal. July 14, 2014) (approving mailed that would include the settlement website with full settlement details and the claim administrator's toll free number).

Furthermore, Mr. Hilsee concluded that the parties' notice plan "reflects the 'best practicable' and is Rule 23-complaint, conforming to all of its requirements and safeguards," and opined that, after execution, the notice plan "will satisfy Rule 23 and *Due Process*." (Hilsee Decl.,

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

¶¶ 4, 60, 64; see also *Taylor v. Shutterfly, Inc*., No. 5:18-CV-00266-BLF, 2021 WL 5810294, at *4 (N.D. Cal. Dec. 7, 2021) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("fully descriptive notice . . . sent first-class mail to each class member, with an explanation of the right to 'opt out,' satisfies due process")).

The Notice Program was conducted in full compliance with the terms of the Settlement, the Court's Preliminary Approval Order, and the requirements of Rule 23(e) and due process. *See* Simmons Decl., ¶¶ 6-18; Wylie Decl.; *see also In re Online DVD Rental Antitrust Litig*., 779 F.3d 934, 946 (9th Cir. 2015) (finding notice satisfied due process and Rule 23(e) where an initial email notice was supplemented by a postcard notice to those whose emails bounced back).

Finally, under CAFA, a defendant participating in a proposed class action settlement is required to serve upon the appropriate state official of each State in which a class member resides and the appropriate federal official a notice of the proposed settlement. 28 U.S.C. § 1715(b). Analytics provided notice of the Settlement to the United States' Attorney General and the Attorneys General of all 50 states and the District of Columbia, and no governmental participant has objected. (Simmons Decl., ¶ 5)

Accordingly, notice was highly effective in this case and adequately apprised Settlement Class Members of their rights under Rule 23(e). *See*, *e.g.*, *Free Range Content, Inc. v. Google, LLC*, No. 14-CV-02329-BLF, 2019 WL 1299504, at *3 (N.D. Cal. Mar. 21, 2019) (notice adequate where 80% of class received direct notice, a settlement website was established, and a press release issued).

**C.**   **The Settlement Class Meets the Requirements for Certification for Purposes of Entering Judgment on the Settlement**.

In the Preliminary Approval Order, the Court conditionally certified the Settlement Class for settlement purposes only, finding that the Settlement Class satisfied all requirements of Fed. R. Civ. P. 23(a) and at least one of the subsections of Rule 23(b). (Preliminary Approval Order ¶ 4) For the same reasons set forth in Plaintiffs' Preliminary Approval Motion, incorporated herein by reference, and in the Preliminary Approval Order, the Court should finally certify the Settlement Class, as it continues to meet the requirements of Rule 23(a) and (b)(3).

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

At the preliminary approval phase, the Court "undertook a thorough analysis of the evidence and claims in the context of the class certification motion," which should aid its current deliberations because nothing has changed about the Settlement Class. *Kumar v. Salov N. Am. Corp.*, 2017 WL 2902898, at *4 (N.D. Cal. July 7, 2017) (citing *Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2016)). The same facts that supported the Court's previous certification of the Settlement Class also support class certification for final settlement approval. The Settlement Class therefore satisfies the requirements of Rules 23(a) and 23(b)(3) for purposes of entering final judgment on the Settlement, and the Court should thus reaffirm certification of the Settlement Class for entry of judgment on the Settlement. *See Perks*, 2021 WL 1146038 at *3 (certifying class for final approval where no new facts arose that would alter preliminary certification); *Free Range*, 2019 WL 1299504 at *5 (same).

## D. The Settlement is Fundamentally Fair, Reasonable, and Adequate and Merits Final Approval.

To grant final approval of a proposed class action settlement, Federal Rule of Civil Procedure 23(e) requires the Court to determine whether the settlement is "fundamentally fair, adequate, and reasonable." *Hanlon*, 150 F.3d at 1026. "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Id.* "The district court's only role in reviewing the substance of that settlement is to ensure that it is fair, adequate, and free from collusion." *Lane v. Facebook, Inc*., 696 F.3d 811, 819 (9th Cir. 2012) (internal quotation marks and citation omitted).

Rule 23(e)(2) requires that, in making this determination, the Court consider the following factors: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2); see also *Perks*, 2021 WL 1146038 at *4.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The Ninth Circuit has also articulated its own list of eight factors to be considered when approving a class action settlement, which largely overlap with the Rule 23(e)(2) factors, and include: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Churchill Vill., L.L.C. v. General Electric*, 361 F.3d 566, 575 (2004); *see also Hanlon*, 150 F.3d at 1026.

As discussed below, the Settlement is procedurally and substantively fair, reasonable, and adequate, satisfying both the *Churchill* factors and the requirements of Rule 23(e)(2), and thus merits final approval. The Settlement provides significant and substantial relief.  Settlement Class members with NA30119 modules, whether roof- or ground-mounted, have been provided with the opportunity to have their solar arrays replaced at Bosch Solar's expense.  There is no cap on the cost of replacing the panels, no matter where they are located in the United States. The Settlement is well within the range of reasonableness, given the consideration offered to Settlement Class members and the risk of ongoing litigation.  Accordingly, as discussed in detail below, the Settlement meets the criteria for final approval.

        1.    **The *Churchill* Factors Weigh in Favor of Granting Final Approval of the Settlement.**

        a.    **Strength of Plaintiffs' Case and Risks of Litigation and Amount Offered in Settlement.**

The first four *Churchill* factors all weigh in favor of final approval of the Settlement.  The first three factors concern a plaintiff's "likelihood of success on the merits and the range of possible recovery" as compared to the risks of continued litigation and maintaining the status as a class action throughout trial.  *Garner v. State Farm Mut. Auto. Ins. Co.*, No. 08-cv-1365-CW, 2010 WL 1687832, at *9 (N.D. Cal. Apr. 22, 2010).  In addressing these factors, however, the Court need not "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Officers for Justice v. Civil Serv. Comm'n*

Case No. 5:18-cv-5841BLF
**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1   *of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). "Generally, unless the

2   settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive

3   litigation with uncertain results." *Izor v. Abacus Data Sys., Inc.*, No. 19-cv-01057-HSG, 2020 WL

4   12597674, at *5 (N.D. Cal. Dec. 21, 2020). The fourth factor examines the amount of recovery

5   offered in settlement.  Courts must determine whether the amount offered is fair and adequate and,

6   in doing so, examine "the complete package taken as a whole, rather than the individual component

7   parts." *Officers for Justice*, 688 F.2d at 628.

8        Pursuant to the Settlement Agreement, Bosch Solar will provide and install replacement

9   panels to all Settlement Class members who submit approved claims. (DBW Decl. ¶ 30) Because

10  this outcome is at least as favorable as a full recovery after trial, the Settlement Agreement is a fair

11  resolution of Plaintiffs' claims.   Moreover, it avoids the risk of trial and the likely appeals that

12  would ensue if Plaintiffs prevailed.  *See Nat'l Rural Telecomms. Coop. v. DIRECTTV, Inc.*, 221

13  F.R.D. 523, 526 (C.D. Cal. 2004). Furthermore, the Settlement Agreement eliminates the risk of

14  both delayed payment and losses in the course of litigation—and the possibility of no payment or

15  replacement/refund at all. This is particularly salient given the fact that this case has been litigated

16  for over four years, and that "that timeline would be extended even further by litigating this case to

17  a final resolution through a jury trial." *Larson v. Harman-Mgmt. Corp.*, No. 1:16-cv-00219-DAD-

18  SKO, 2020 WL 3402406, at *5 (E.D. Cal. June 19, 2020). Thus, the Settlement Class is receiving

19  meaningful relief.

20                    **b.      <u>Stage of Proceedings</u>.**

21        Class settlements are assumed to be fair when they are attained after lengthy discovery or

22  investigation and arms-lengths negotiations.  *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948,

23  967 (9th Cir. 2009).  In this case, the parties vigorously litigated for four years, and engaged in

24  extensive research, investigation, discovery, expert work, and motion practice, including three

25  motions to dismiss, numerous discovery motions, and Plaintiffs' motion for class certification

26  (supported by close to 100 exhibits). (DBW Decl. ¶¶ 21-25) This *Churchill* factor therefore weighs

27  heavily in favor of final approval.

28  / / /

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1    **c.**     **Experience and Views of Counsel.**

2        The experience and views of counsel in this case also weigh in favor of granting final

3    approval of the Settlement.  As this Court has recognized, "'[t]he recommendations of plaintiffs'

4    counsel should be given a presumption of reasonableness.'"  *Mendoza v. Hyundai Motor Co., Ltd.*,

5    No. 15-cv-01685-BLF, 2017 WL 342059, at *7 (N.D. Cal. Jan. 23, 2017) (quoting *In re*

6    *Omnivision*, 559 F. Supp. 2d 1036 1043 (N.D. Cal. 2007) (citation omitted) and *citing In re Pac.*

7    *Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)).  Counsel are intimately familiar with the case

8    after almost four years of motion practice, including class certification.  The Court's rulings on

9    these motions have provided the parties and their counsel with additional insight into the strengths

10   and weaknesses of their respective positions. Additionally, as discussed more fully above, Plaintiffs

11   have engaged in substantial discovery.  Settlement Class Counsel, having the benefit of this

12   foundation and with decades of experience in litigating these types of class action cases, endorse

13   the Settlement.  *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 257 (N.D. Cal. 2015)

14   ("The trial court is entitled to, and should, rely upon the judgment of experienced counsel for the

15   parties") (citation omitted); *Nat'l Rural Telcomms.*, 221 F.R.D. at 528 ("'Great weight' is accorded

16   to the recommendation of counsel, who are most closely acquainted with the facts of the underlying

17   litigation . . . because [p]arties represented by competent counsel are better positioned than courts

18   to produce a settlement that fairly reflects each party's expected outcome in the litigation."

19   (citations omitted)).

20   **d.**     **Governmental Participation and Class Member Reactions.**

21       The final two *Churchill* factors also weigh in favor of final approval of the Settlement.

22   Although the governmental participant factor is largely inapplicable because there is no direct

23   governmental participant in this case (*see Mendoza*, 2017 WL 342059, at *7), the fact that none of

24   the state and federal officials notified of the proposed settlement under CAFA has objected to the

25   Settlement provides further support for final approval. *See Schuchardt v. L. Off. of Rory W. Clark*,

26   314 F.R.D. 673, 685 (N.D. Cal. 2016) (where no government official lodged any objection after

27   receiving notice of proposed class action settlement, "this factor favors the Settlement

28   Agreement").

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The universal support of the Settlement Class members for the Settlement also provides significant support for the conclusion that the Settlement is fair, reasonable, and adequate. *See Wong v. Arlo Techs., Inc.*, No. 5:19-cv-00372-BLF, 2021 WL 1531171, at *9 (N.D. Cal. Apr. 19, 2021) ("[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."). The opt out and objection deadline was February 3, 2023, and there have been no opt outs and no objections. (Simmons Decl., ¶ 20) This universally positive Class member response to the Settlement weighs heavily in support of final approval. *See Izor*, 2020 WL 12597674, at *8 ("The Court finds that the lack of opt-outs and the absence of any well-founded objections indicates overwhelming support among the Class Members and weighs in favor of approval."); *Larson*, 2020 WL 3402406, at *7 ("The absence of objections to a proposed class action settlement in this case strongly supports the conclusion that the settlement is fair, reasonable, and adequate.").

### 2. The Rule 23(e) Factors Weigh in Favor of Final Approval of the Settlement.

#### a. Adequacy of Representation.

As discussed above, Settlement Class Counsel's experience favors final approval. The Class Representatives have also adequately represented the class. They have fulfilled all necessary tasks in the case to pursue the action, including providing information, documentation, opinions, and required decisions, and Settlement Class Counsel are unaware of any conflict with absent Class Members. (DBW Decl., ¶¶ 72-74) Moreover, Settlement Class Counsel are experienced and competent, which is an indicator that Plaintiffs have adequately represented the class. *See In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995) ("Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each parties' expected outcome in litigation.").

#### b. Non-Collusive, Arm's Length Negotiations.

In evaluating whether the Settlement is a product of an arms-length, non-collusive, negotiated agreement, courts "scrutinize agreements for 'subtle signs that class counsel have allowed pursuit of their own self-interests . . . to infect negotiations.'" *Briseño v. Henderson*, 998

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1    F.3d 1014, 1023 (9th Cir. 2021) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935,

2    947 (9th Cir. 2011).  Here, the Parties engaged in arms-length negotiations through mediation and

3    before a neutral third party—Retired Judge of the California Superior Court Bonnie Sabraw.  (DBW

4    Decl., ¶¶ 18-19; *see also* Settlement Agreement at 2.) With Judge Sabraw's assistance, the Parties

5    reached a fair, reasonable, and adequate settlement. (DBW Decl., ¶¶ 18-19) The use of a mediator

6    experienced in settlement negotiations indicates that the settlement process was non-collusive and

7    favors approval of the settlement.  *See, e.g.*, *Rodriguez*, 563 F.3d at 965 ("We put a good deal of

8    stock in the product of an arms-length, non-collusive, negotiated resolution"); *Schofield v. Delta*

9    *Air Lines, Inc.*, No. 18-cv-00382-EMC, 2019 WL 955288, at *6 (N.D. Cal. Feb. 27, 2019) ("The

10   assistance of an experienced mediator in the settlement process confirms that the settlement is non-

11   collusive.") (citation omitted).  Courts "may presume that through negotiation, the Parties, counsel,

12   and mediator arrived at a reasonable range of settlement by considering Plaintiff's likelihood of

13   recovery." *Garner*, 2010 WL 1687832, at *9.

14        The Ninth Circuit has identified three "*Bluetooth* factors" that the Court "must apply . . . to

15   scrutinize fee arrangements—even in post-class certification settlements—to determine if collusion

16   may have led to class members being shortchanged." *Briseño*, 998 F.3d at 1026; *see also Bluetooth*,

17   654 F.3d at 947 (identifying relevant factors as (1) "when counsel receive a disproportionate

18   distribution of the settlement or when the class receives no monetary distribution but class counsel

19   are amply rewarded"; (2) when the payment of attorneys' fees is "separate and apart from class

20   funds"; and (3) "when the parties arrange for fees not awarded to revert to defendants rather than

21   be added to the class fund") (citation omitted). In this case, where Settlement Class Counsel's

22   lodestar is at least $4 million and the agreed upon attorneys' fees and costs are $1.4 million, the

23   *Bluetooth* factors indicate no potential collusion or unfairness to the Settlement Class.

24                          c.    **Adequate Relief.**

25        In determining whether class relief is adequate, courts consider (i) the costs, risks, and delay

26   of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class,

27   including the method of processing class-member claims; (iii) the terms of any proposed award of

28   attorney's fees, including timing of payment; and (iv) any agreement required to be identified

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

under Rule 23(c)(3). *See* Rule 23(c)(2)(C). Each of these considerations is addressed in turn.

### i.     Costs, Risks, and Delay of Trial and Appeal.

This factor—the cost and risk of continued litigation—is addressed in Section V.D.1.a above.

### ii.     Relief Distribution.

Pursuant to Rule 23, courts consider "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C)(ii). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Tadepalli v. Uber Techs., Inc.*, No. 15-cv-04348-MEJ, 2016 WL 1622881, at *5 (N.D. Cal. Apr. 25, 2016) (citation omitted). As discussed at length in Section V.B above, the notice provided to the Settlement Class in this case was adequate and "reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at *6 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

### iii.     Attorneys' Fees.

Settlement Class Counsel are to receive $1.4 million in fees, costs and expenses, approximately $1 million of which is attorneys' fees and $385,000.00 of which is costs. The agreed upon fee award is only a fraction of Settlement Class Counsel's lodestar of nearly $4.5 million. (DBW Decl., ¶¶ 50-51) The requested fee award is thus less than 25% of the lodestar, in a case in which Settlement Class Counsel certified a class, engaged in significant motion practice, and were prepared to take the case to trial, circumstances which would commonly justify a multiplier.

The fees requested are well below the range ordinarily approved in comparable class actions. Plaintiffs' attorney fee of $1,012,469.87 is roughly 14% of the $7,000,000 settlement value. Further, if one adds the panels yet to be replaced, which had been identified by the recall prior to the implementation of the class action notice, all of whom are class members, the value of the case is close to $15,000,000. (DBW Decl., ¶¶ 42-64)

### d.     Equitable Treatment of Class Members.

The Settlement Agreement provides equal access to the settlement remedies for every

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No. 5:18-cv-5841BLF

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1  Settlement Class member who submits an approved claim.  The Settlement Agreement also
2  provides for a service or incentive award not to exceed $10,000 for Plaintiffs Steve and Andrea
3  Rojas.  Service awards are "intended to compensate class representatives for work undertaken on
4  behalf of a class."  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015)
5  (citation omitted).  Relevant factors include the class representative's actions to protect the interests
6  of the class, the degree to which the class has benefited from those actions, the time and effort the
7  class representative expended in pursing the litigation, and any risk the class representative
8  assumed.  *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).  As discussed above, Plaintiffs
9  dedicated significant time providing information and assistance to Settlement Class Counsel over
10 the past four years.  (DBW Decl., ¶¶ 72-74) A service award of $10,000 is therefore appropriate
11 and in line with other awards approved by federal courts in California and beyond.  *See, e.g.*, *In re*
12 *Nat'l Collegiate Athletic Ass'n*, No. 4:14-md-2541-CW, 2017 WL 6040065, at *11 & n.69 (N.D.
13 Cal. Dec. 6, 2017) (approving a $20,000 incentive award to each of the four class representatives
14 and collecting cases awarding similar figures).

15      Accordingly, as demonstrated above, the Settlement is fair, reasonable, and adequate, and
16 satisfies the standards of both *Churchill* and Rule 23(e).

17 **VI.    CONCLUSION**

18      For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) grant final
19 approval to the Settlement; (2) finally certify the Settlement Class for purposes of entering
20 judgment on the Settlement; (3) affirm the appointment of Plaintiffs Steve R. Rojas and Andrea N.
21 Rojas as the Class Representatives; (4) affirm the appointment of the Birka-White Law Offices,
22 Farella Braun + Martel LLP, and Levin Sedran & Berman, LLP, as Settlement Class Counsel; and
23 (5) enter the Final Approval Order.

24

25 DATED:  March 23, 2023                    BIRKA-WHITE LAW OFFICES

26
                                           By:*/s/ David M. Birka-White*
27                                             DAVID M. BIRKA-WHITE

28                                         David M. Birka-White (State Bar No. 85721)

**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

dbw@birka-white.com
Laura A. Carrier (State Bar # 220154)
lcarrier@birka-white.com
BIRKA-WHITE LAW OFFICES
178 E. Prospect Avenue
Danville, CA 94526
Telephone: (925) 362-9999

John D. Green (State Bar No. 121498)
jgreen@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, Suite 1700
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile:  (415) 954-4480

Charles E. Schaffer (State Bar No. PA76259)
cschaffer@lfsblaw.com
David C. Magagna, Jr. (State Bar No. PA 322463)
dmagagna@lfsblaw.com
LEVIN SEDRAN & BERMAN, LLP
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Telephone: (215) 592 1500
Facsimile: (215) 592-4662

Attorneys for Individual and Representative Plaintiffs
STEVE R. ROJAS and ANDREA N. ROJAS, on behalf
of themselves and all others similarly situated

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

23                                Case No. 5:18-cv-5841BLF
PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT