1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**NORTHERN DISTRICT OF CALIFORNIA**

6

**SAN JOSE DIVISION**

7

8
9
STEVE R. ROJAS and ANDREA N. ROJAS, on behalf of themselves and all others similarly situated,

10
Plaintiffs,

11
vs.

12
13
BOSCH SOLAR ENERGY CORPORATION,

14
Defendant.

15
16
17

Case No.  18-cv-05841-BLF

**ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS**

[Re:  ECF 250]

18
19
            Plaintiffs' Motion for Award of Attorneys' Fees and Costs and Service Awards ("Fee

20
Motion") came before the Court for hearing on April 6, 2023. The Court has read and considered

21
the Fee Motion, all supporting declarations and all related materials. Adequate notice of the

22
Settlement and the Fee Motion having been given to the Settlement Class in accordance with the

23
Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval

24
Order") (ECF 241), the Court hereby finds and concludes as follows:

25
            1.      This Court has jurisdiction over the subject matter and parties to this action,

26
including members of the Settlement Class, pursuant to 28 U.S.C. § 1332(d)(2) and 28 U.S.C. §

27
1453.

28

2.     Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, unless otherwise defined herein.

3.     Notice of the Fee Motion was provided to putative Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the FED. R. CIV. P. and the requirements of due process.

4.     Settlement Class Members were timely and properly given the opportunity to object to the Fee Motion in compliance with Rule 23(h)(2) of the FED. R. CIV. P.

5.     No Settlement Class Member objected to the settlement or Fee Motion.

**A.     The Requested Fee Is Reasonable Under the Lodestar Method.**

6.     "'While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount.'" *Jordan v. Paul Fin., LLC*, No. C 07-04496 SI, 2013 WL 6086037, at *2 (N.D. Cal. Nov. 19, 2013) (quoting *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011)).

7.     "For claims-made settlements," as here, "the lodestar method is appropriate." *Norton v. LVNV Funding, LLC*, No. 18-cv-05051-DMR, 2021 WL 3129568, at *11 (N.D. Cal. July 23, 2021).  Under the lodestar method, attorneys' fees are "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Bluetooth*, 654 F.3d at 941.

8.     Because this is a claims made settlement, the Court has conducted a lodestar analysis to ensure the reasonableness of the requested fee agreed upon by the parties.  Under the lodestar method, the multiplier is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer. Settlement Class Counsel have incurred a total lodestar of $4,488,145.25 reflecting 5,458.75 hours of work on this matter. Both

the hourly rates and the numbers of hours expended on this complex, hard-fought case establish that this total lodestar amount is reasonable.

9.      The requested $1,012,499.87 in attorneys' fee constitutes a multiplier of .23, which is well below the limits established by precedent. Further, the current .23 multiplier will inevitably decrease over time given the additional work Settlement Class Counsel will expend in monitoring and helping to implement the Settlement terms.

10.      Under a lodestar analysis, the requested fees and reimbursement of costs are warranted here for all the reasons described in the supporting declarations: the quality of the result, and the sustained effort by Settlement Class Counsel in achieving that result in the face of significant risks and difficulties, including the real risk of nonpayment in this contingency matter and the quality of the settlement. Because the request for attorneys' fees is well within the appropriate range in this Circuit, the lodestar analysis verifies the reasonableness of the requested fee award.

11.      The requested attorneys' fees are also reasonable under a percentage cross-check against the "constructive fund" of relief made available to the Settlement Class. *See Broomfield v. Craft Brew All., Inc*., No. 17-cv-01027-BLF, 2020 WL 1972505, at *16 (N.D. Cal. Feb. 5, 2020). In this case, the "constructive fund" ranges in value between $7,000,000 and $15,000,000. Thus, the requested $1,012,499.87 for attorneys' fees accounts for only between 7% and 14% of the total constructive value of the Settlement, which is under the 25% benchmark and well within the range of reasonableness. *See Broomfield*, 2020 WL 1972505, at *16.

12.      The Court also accepts Settlement Class Counsel's representation that the parties did not discuss payment of attorney's fees until they agreed on all essential settlement terms.

**B.      The Requested Costs and Expenses Reimbursement Is Reasonable.**

13.      Settlement Class Counsel are entitled to recover the out-of-pocket costs reasonably incurred in investigating, prosecuting, and settling this action. During the course of their representation, Settlement Class Counsel have incurred reasonable costs and expenses of approximately $387,530.13 in connection with investigating claims, retention of experts, performing extensive legal research, electronic discovery, filing fees, and other costs.  Based on a

review of Class Counsel's summary expense reports, the attorney declarations, and the Court's familiarity with the extent of litigation in this matter, the Court is satisfied that the requested costs and expenses reimbursement of $387,530.13 is fair and reasonable in the circumstances of this case.

14.    The Court finds further that:

a.    The notice provided to Settlement Class Members stated that Plaintiff's Counsel would seek total attorneys' fees and litigation costs of $1,400,000.00, and further directed Settlement Class Members to a website on which the Fee Motion and other information concerning the Settlement was accessible shortly after being filed with the Court, and no objections from any member of the Settlement Class has been received to the Settlement or the Fee Motion;

b.    This case has been prosecuted with skill, perseverance, and diligence as reflected by the Settlement achieved and the positive reception of the Settlement by the Settlement Class;

c.    This case involved complex factual and legal issues that were skillfully researched and developed by Settlement Class Counsel, and vigorously disputed by defendant Bosch Solar Energy Corporation ("Bosch Solar");

d.    Had the Settlement not been achieved, a significant risk existed that Settlement Class Members might have recovered significantly less than the Settlement reached or nothing from defendant Bosch Solar;

e.    Public policy considerations also support the requested fee in that Settlement Class Counsel undertook this litigation on a completely contingent basis, dedicating significant resources to successfully prosecuting this action on behalf of the Settlement Class; and

f.    The amount of attorneys' fees awarded and expenses reimbursed is reasonable and appropriate to the specific circumstances of this action.

**C.    The Requested Class Representative Service Awards Are Reasonable and Appropriate.**

15.    Class Representatives Steve Rojas and Andrea Rojas are eligible for reasonable

1    service awards to compensate them for work done on behalf of the Settlement Class and to make

2    up for financial or reputational risk undertaken in bringing this action.

3         16.    Both Mr. and Mrs. Rojas devoted substantial time and effort in bringing this case to

4    a resolution. The Rojases have conscientiously participated throughout the case, in order to

5    understand the complexities of the case and the benefits offered by the Settlement. Their efforts in

6    bringing and diligently prosecuting this lawsuit have conferred a substantial benefit to the other

7    Settlement Class Members.

8         17.    Class Representatives Steve Rojas and Andrea Rojas are entitled to service awards

9    in view of their participation and contributions to this litigation and representation of and service

10   to the Settlement Class.  Accordingly, the requested service award of $5,000.00 each for Steve

11   Rojas and Andrea Rojas is reasonable and well in line with precedent.

12        **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

13        1.    The Court hereby finds and concludes that due and adequate notice was directed to

14   Settlement Class Members, advising them of Settlement Class Counsel's intent to seek attorneys'

15   fees and expenses, the proposed Class Representatives' service awards, and of their right to object

16   thereto.

17        2.    A full and fair opportunity was accorded to all such persons and entities to be heard

18   with respect to the Fee Motion.

19        3.    The Court finds that Settlement Class Counsel's request for attorneys' fees in the

20   amount of $1,012,499.87 is reasonable, as is their request for reimbursement of out-of-pocket costs

21   in the amount of $387,530.13.   However, although Settlement Class Counsel's motion and

22   proposed order state that the sum of these figures is $1,400,000.00, in fact the sum of the requested

23   attorneys' fees and out-of-pocket costs is $1,400,030.00.  The settlement and the class notice

24   provide for recovery of attorneys' fees and costs in the total amount of $1,400,000.00.  Consistent

25   with the settlement agreement and to correct an arithmetical error in the motion and proposed order,

26   the Court reduces the requested attorneys' fees award by $30.00 to $1,012,469.87, for an award of

27   attorneys' fees and out-of-pocket costs in the total amount of $1,400,000.00 ($1,012,469.87 in

28   attorneys' fees plus $387,530.13 in out-of-pocket costs).

1      4.      In addition to any relief they may receive under the Settlement Agreement, the Court

2   approves payment of a $5,000.00 service award to each of Plaintiffs Steve Rojas and Andrea Rojas.

3      5.      Without affecting the finality of this Order, the Court reserves continuing and

4   exclusive jurisdiction over parties to the Settlement Agreement to settle any disputes related to the

5   allocation of the costs and fees awarded by this Order.

6      6.      There is no just reason for delay in the entry of this Order, and immediate entry of

7   this Order by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules

8   of Civil Procedure.

9           IT IS SO ORDERED.

10

11   DATED:  April 6, 2023

12                                                        _____
                                                          HON. BETH LABSON FREEMAN
13                                                        UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28