# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STEVE R. ROJAS and ANDREA N. ROJAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BOSCH SOLAR ENERGY CORPORATION,<br><br>Defendant. | Case No. 18-cv-05841-BLF<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**<br><br>[Re: ECF 249] |

Plaintiffs' Motion for Final Approval of Class Action Settlement was heard on April 6, 2023. Upon review and consideration of the Motion, the Class Action Settlement Agreement, and all declarations and exhibits submitted therewith, which have been filed with the Court, it is hereby ORDERED and ADJUDGED as follows:

1. The parties have agreed to settle this action set forth in the proposed nationwide class action settlement agreement (the "Settlement Agreement" or "Settlement").

2. This Court has jurisdiction over the subject matter and parties to this action pursuant to 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453.

3. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, unless otherwise defined herein.

4. The Court preliminarily approved the Settlement Agreement and entered the Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") on September 21, 2022 (ECF 241).

5. The Court held a hearing on April 6, 2023, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement.

6. Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

7. The Court has determined that Notice given to the Settlement Class, in accordance with the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

8. The Court finds that notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, was timely and properly served on December 7, 2022, and that ninety (90) days have passed without comment or objection from any governmental entity.

9. The Court has specifically considered the factors relevant to class settlement approval. *See, e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004).

10. The Court specifically finds that the following factors support the Court's determination that the Settlement is fair, reasonable, and adequate:

   a. The strengths and weaknesses of Plaintiff's case on the merits;
   b. The anticipated expense, complexity, and duration of litigation, including the difficulties of proof and strong defenses Plaintiff would encounter if the case had gone to trial;
   c. The risk of maintaining class action status throughout trial;
   d. The significant relief provided for the Settlement Class pursuant to the Settlement;
   e. The informal discovery that has already occurred in this case;
   f. The experience and views of Class Counsel; and

1         g. The positive reaction of the Settlement Class.

2    11. The Court has also scrutinized the Settlement Agreement and negotiation history for any signs of potential collusion. *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011).

   12. The Court specifically finds that the following factors support the Court's determination that the Settlement is not the product of collusion:

        a. The Settlement Agreement was negotiated by experienced, well-qualified counsel and with the active involvement and assistance of neutral, well-qualified mediators, including Bonnie Sabraw, Judge, Alameda County Superior Court (Ret.);

        b. The Settlement provides substantial benefits to Settlement Class Members, and such benefits are not disproportionate to the attorneys' fees, costs, and expenses awarded to Class Counsel;

        c. The benefits provided to Settlement Class Members are appropriate under the circumstances of this Action;

        d. The attorneys' fees, costs, and expenses for which Class Counsel could apply are to be paid separately and apart from class benefits; and

        e. The Parties addressed the subject of attorneys' fees, costs, and expenses only after reaching an agreement in principle as to the substantive elements of the Settlement.

   13. The Court finds, for settlement purposes only, that the Settlement Class meets all applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3) and affirms certification of a Settlement Class comprised of the following:

> All persons or entities in the United States who are the current owners of Bosch c-Si M 60 NA30119 solar modules or the current owners of premises on which Bosch c-Si M 60 NA30119 solar modules are installed.

Excluded from the Settlement Class are:

        a. all persons and entities who timely exercise their rights under Fed. R. Civ. P. 23 to opt out of the Settlement;

      b.   Defendants, any entity in which any Defendant has a controlling interest, and Defendants' legal representatives, heirs and successors;

      c.   Settlement Class Counsel and any member of Settlement Class Counsel's immediate family; and

      d.   any judge, including federal District and Magistrate Judges, to whom any aspect of this case is or has been assigned, and any member of such a judge's immediate family.

14. The record shows that no Settlement Class Member requested exclusion from the Settlement Class or filed any objection to the Settlement Agreement.

15. The Court approves the Settlement as set forth in the Settlement Agreement as being fair, reasonable, and adequate.

16. The Court finds, based upon the Court's familiarity with the claims and the Parties, that Plaintiffs Steve R. Rojas and Andrea N. Rojas adequately represent the interests of the Settlement Class, and hereby appoints them as Class Representative for the Settlement Class.

17. The Court finds that the Birka-White Law Offices, Farella Braun + Martel LLP, and Levin Sedran & Berman, LLP, fairly and adequately represent the interests of the Settlement Class, and hereby appoints them as Settlement Class Counsel, pursuant to Fed. R. Civ. P. 23.

18. The Court appoints Richard Simmins of Analytics LLC as third-party Notice Provider, and Bosch Tool Corporation as third-party Claims Administrator, to administer the Claims Protocol set forth in the Settlement Agreement.

19. The Settlement Agreement provides for attorneys' fees and reimbursement of their expenses in the amount of $1,400,000, and a Class Representative incentive award not to exceed $10,000, to be paid by Bosch Solar. The Court will issue a separate order addressing these fees and stipend requests.

20. Upon the Court's entry of this Final Order and Judgment, the Parties are ordered to implement the obligations set forth in the Settlement Agreement. The Settlement Agreement, including the releases therein, shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court. Upon the Effective Date of the Settlement Agreement,

all Released Claims of the Releasing Named Plaintiffs and Releasing Class Members will be and are hereby released as against the Releasees, as defined in the Settlement Agreement.

21. This Final Order and Judgment as provided under the Settlement shall be entered. Such order and judgment shall be fully binding with respect to all Settlement Class Members and shall have *res judicata*, collateral estoppel, and all other preclusive effect for all of the Released Claims.

22. Plaintiffs' operative complaint in this Action and any and all related actions or lawsuits pending in this Court are hereby dismissed with prejudice, and the Released Claims are hereby released by the Releasing Parties as against the Released Parties.

23. Neither the Releases set forth in the Settlement Agreement nor this Final Order and Judgment release claims (i) for personal injury and/or property damage related to fires; (ii) claims against persons or entities other than the Released Parties; or (iii) claims for breach of the Settlement Agreement or violation of this Final Order and Judgment.

24. Irrespective of whether a Settlement Class Member submits a claim for a settlement remedy within the applicable claims period, all Settlement Class Members shall be subject to and bound by the Settlement and this Final Order and Judgment, including all Releases set forth therein.

25. Without affecting the finality of this Final Order and Judgment, the Court shall retain exclusive and continuing jurisdiction over this Action, the Parties and the Settlement Class, and the administration, interpretation, and enforcement of the terms, conditions, and obligations of the Settlement Agreement and this Final Order and Judgment. The Court may exercise all equitable powers over the Parties and the Settlement Class to enforce the Settlement Agreement and this Final Order and Judgment.

26. For the foregoing reasons, the Final Approval Motion is hereby GRANTED. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment should be entered as to the entirety of this Action, and further finds that there is no just reason for delay in the entry of Final Judgment. Accordingly, the Clerk's entry of this Order shall constitute Final Judgment and dismissal of the Action.

27. This Action is hereby dismissed in its entirety on the merits and with prejudice against Plaintiffs and all other Class Members, without fees or costs to any party except as otherwise provided in this Final Order and Judgment and the Court's separate order regarding attorneys' fees and costs and Class Representative incentive awards.

IT IS SO ORDERED.

DATED: April 6, 2023

_____
HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE